**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 8** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO**
**(A) MAINTAIN EXISTING INSURANCE POLICIES AND PAY**
**ALL INSURANCE OBLIGATIONS ARISING THEREUNDER AND**
**(B) RENEW, REVISE, EXTEND, SUPPLEMENT, CHANGE, AND ENTER INTO**
**NEW INSURANCE POLICIES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an interim order (this "**Interim Order**") and a final order (a) authorizing, but not directing, the Debtors to (i) maintain existing insurance policies and pay all insurance obligations arising thereunder; (ii) renew, revise, extend, supplement, change, and enter into new insurance policies and/or premium financing agreements as needed in their business judgment; (b) authorizing, but not directing, the Debtors to modify the automatic stay under section 362 of the Bankruptcy Code with respect to claims under workers' compensation policies to allow claims under the such policies to proceed under the applicable policies; and (c) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)–(b)(1) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Mineral Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion's request for the relief granted herein having been given under the circumstances, and it appearing that no other or further notice is necessary for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, including after taking into account the Bankruptcy Code's priority scheme, including after taking into account the Bankruptcy Code's priority scheme; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to maintain the Insurance Policies, the Surety Bonds, and Surety Standby Letter of Credit and to pay the Insurance Obligations, the Surety Bonds, and Premium Financing Obligations as they become due, including any amounts owed to the Insurance Broker, in an aggregate amount not to exceed $166,250 on an interim basis, absent further order of the Court.

3.      Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, change, or enter into new insurance coverage and/or premium finance agreements in the ordinary course of business as needed in their business judgment.

4.      The Debtors are authorized, but not directed, to make payments in cash, through Zurich, on account of any postpetition audits related to the Surety Bonds in the ordinary course of business.

5.      The Debtors, through Zurich, are authorized, but not directed, to: (a) maintain, continue, renew, amend, supplement, extend, and/or cancel the existing the Surety Standby Letter of Credit in the ordinary course of business; (b) pay any prepetition or postpetition obligations related to the Surety Standby Letter of Credit and any related expenses in cash, including, but not limited to, any amounts owed to the fronting banks under the Surety Standby Letter of Credit, and other related parties as such amounts come due in the ordinary course of business; and (d) replace the Surety Standby Letter of Credit as necessary, if the Debtors determine, in their business judgment, that doing so is in the best interest of their estates.

6.      The Debtors are authorized, but not directed, to fund the Premium Financing Obligations, make all payments under the PFA, and continue to grant IPFS security interests in the Insurance Policies and their proceeds as security for the Debtors' performance of their obligations under the PFA.

7.      Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified solely to the extent necessary to allow select employees, as determined by the Debtors, to proceed with their workers' compensation claims in the appropriate judicial or administrative forum, and the Debtors are authorized to continue the Workers' Compensation Program and pay any amounts relating thereto in the ordinary course of business.  The limited modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this

paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

8.      Notwithstanding anything to the contrary herein, any payment to be made or authorization contained hereunder shall be subject to the requirements imposed on the Debtors pursuant to any order of the Court authorizing the Debtors to obtain postpetition financing or use cash collateral.

9.      All Banks are (a) authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks, drafts, electronic transfers, and other forms of payment used by the Debtors to satisfy their Insurance Obligations, Surety Bonds, and Premium Financing Obligations, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments, and (b) prohibited from placing any holds on, or attempting to reverse, any transfers on account of Insurance Obligations, Surety Bonds, and Premium Financing Obligations.  The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Interim Order, and no such Bank shall have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Interim Order.

10.     To the extent the Debtors have not yet sought to remit payment on account of the Insurance Obligations, the Surety Bonds, and Premium Financing Obligations, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Insurance Obligations, the Surety Bonds, and Premium Financing Obligations.

11.     Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

12.     Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

13.     The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

14.     Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

15.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

16.     All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.     The Debtors are authorized to take all actions necessary to implement the relief granted in this Interim Order.

18.     The final hearing on the Motion shall be held on July 7, 2026 at 10:00 a.m., prevailing Eastern Time.  Any objections or responses to the entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on June 30, 2026, and shall be served on: (a) Searles Valley Minerals Inc., 9401 Indian Creek Parkway, Suite 1000, Overland Park,

Kansas 66210 (Attn: Dennis Cruise, President (cruise@svminerals.com)); (b) proposed co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com), Jennifer Madden, Esq. (jennifer.madden@skadden.com), and Mike Jones, Esq. (mike.jones@skadden.com)) and 2000 Avenue of the Stars, Suite 200N, Los Angeles, California 90067 (Attn: Destiny N. Almogue, Esq. (destiny.almogue@skadden.com)); (c) proposed co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (d) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov) and Joseph J. McMahon, Jr., Esq. (joseph.mcmahon@usdoj.gov)); (e) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (f) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); and (g) counsel to any statutory committee appointed in the Chapter 11 Cases.  If no objections or responses are filed and served, this Court may enter a final order without further notice or hearing.

19.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: June 16th, 2026
Wilmington, Delaware