**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 9** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN
PREPETITION TAXES AND ASSESSMENTS;
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an interim order (this "**Interim Order**") and a final order authorizing, but not directing, Debtors to remit and pay certain taxes and other related obligations (collectively, the "**Taxes and Assessments**") as the Debtors, in their discretion, deem necessary to various federal, state, county, city, and foreign taxing, licensing, and regulatory authorities (collectively, the "**Applicable Authorities**") and granting related relief;  and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b)(1) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), that this Court may decided by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A).  The location of Searles Valley Mineral Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion's request for the relief granted herein having been given under the circumstances; and it appearing that no other or further notice is necessary for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, including after taking into account the Bankruptcy Code's priority scheme; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are hereby authorized, but not directed, in their sole discretion, to remit or pay (or use tax credits to offset or otherwise satisfy) all prepetition Taxes and Assessments that become due and payable to the Applicable Authorities and to pay any postpetition Taxes and Assessments in the ordinary course of business; *provided* that payments for prepetition Taxes and Assessments shall not exceed $237,000, on an interim basis, absent further order of this Court.

3.      All Banks are (a) authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks, drafts, electronic transfers, and other forms of payment used by the Debtors to satisfy their Taxes and Assessments, whether presented before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments, and (b) prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of Taxes and Assessments.  The Banks shall rely on the directions and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Interim Order, and no such Bank shall have any liability to any party for relying on such directions and representations.

4. The Debtors are authorized, but not directed, to issue postpetition checks or to effect postpetition transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

5. To the extent that the Debtors have overpaid any Taxes and Assessments, the Debtors are authorized to seek a refund or credit.

6. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

7. Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) create any rights in favor of, or enhance the status of any claim held by any of the Applicable Authorities; (e) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (f) being otherwise enforceable by any third party.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

10.     All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

12.     The final hearing on the Motion shall be held on July 7, 2026 at 10:00 a.m., prevailing Eastern Time.  Any objections or responses to the entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on June 30, 2026, and shall be served on: (a) Searles Valley Minerals Inc., 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210 (Attn: Dennis Cruise, President (cruise@svminerals.com)); (b) proposed co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com), Jennifer Madden, Esq. (jennifer.madden@skadden.com), and Mike Jones, Esq. (mike.jones@skadden.com)) and 2000 Avenue of the Stars, Suite 200N, Los Angeles, California 90067 (Attn: Destiny N. Almogue, Esq. (destiny.almogue@skadden.com)); (c) proposed co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (d) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov) and Joseph J. McMahon, Jr., Esq. (joseph.mcmahon@usdoj.gov)); (e) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (f) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); and (g) counsel to any statutory committee appointed in the

4

Chapter 11 Cases.  If no objections or responses are filed and served, this Court may enter a final order without further notice or hearing.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: June 16th, 2026**
**Wilmington, Delaware**

5