**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Related Docket No. 6** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) PAY CERTAIN PREPETITION EMPLOYEE OBLIGATIONS AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an interim order (this "**Interim Order**") and a Final Order under Bankruptcy Code sections 105(a), 363(b), 507(a), 1107(a), and 1108 and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors, *inter alia*, to pay prepetition wages, salaries, employee benefits, and amounts to or on account of independent contractors or temporary employees; (ii) authorizing, but not directing, the Debtors to continue the maintenance of all employee benefit programs in the ordinary course; (iii) authorizing, but not directing, the Debtors to honor employee expense obligations; (iv) authorizing the Debtors to pay over to appropriate parties prepetition withholdings; (v) authorizing financial institutions to receive, process, honor and pay all checks, drafts and other forms of payment, including fund transfers, used by the Debtors relating to the foregoing; and (vi) granting related relief on an interim basis as further described herein; and upon consideration

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263) and Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A).  The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)–(b)(1) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, including after taking into account the Bankruptcy Code's priority scheme; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay and/or honor, in their sole discretion, the Prepetition Employee Obligations as and when such obligations are due in an aggregate amount not to exceed $1,900,000 between the Petition Date and the date of entry of a final order on the Motion; *provided, however*, that prior to the entry of the Final Order, except as otherwise set forth herein, no Employee may receive payment on account of the Prepetition Employee Obligations in an amount in excess of the limits provided for by Bankruptcy Code sections 507(a)(4) or 507(a)(5) pursuant to this Order.

3. The Debtors are authorized, but not directed, in their sole discretion, to honor the Employee Benefit Obligations and Employee Expense Obligations that were in effect as of the

Petition Date, and to continue the Employee Compensation and Benefits programs in the ordinary course; *provided, however*, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Compensation and Benefits programs, including, policies, plans, programs, practices, and procedures, under Bankruptcy Code section 365(a).

4.      The Debtors are authorized, but not directed, in their sole discretion, to pay all Withholding Obligations as and when such obligations are due.  The Debtors may remit any and all amounts withheld from Employees, including social security, FICA, federal and state income taxes, garnishments, health care payments, other insurance premiums, retirement fund withholding, the Union Deductions, and other types of withholding, whether these amounts relate to the period prior to the date of the Debtors' chapter 11 filings or subsequent thereto.

5.      Nothing in this Interim Order is authorizing or approving any payment subject to Section 503(c) of the Bankruptcy Code.

6.      In accordance with this Interim Order and any other order of the Court, all Banks are (a) authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks, drafts, electronic transfers, and other forms of payment used by the Debtors to satisfy their Prepetition Employee Obligations, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments, and (b) prohibited from placing any holds on, or attempting to reverse, any transfers on account of the Prepetition Employee Obligations.  The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Interim Order, and no such Bank shall have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Interim Order.

7.     To the extent the Debtors have not yet sought to remit payment on account of the Prepetition Employee Obligations, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment of the Prepetition Employee Obligations.

8.     Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

9.     Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

10.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

11.    Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

12.    All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13.    The Debtors are authorized to take all actions necessary to implement the relief granted in this Interim Order.

14.     The final hearing on the Motion shall be held on July 7, 2026 at 10:00 a.m., prevailing Eastern Time.  Any objections or responses to the entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on June 30, 2026, and shall be served on: (a) Searles Valley Minerals Inc., 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210 (Attn: Dennis Cruise, President (cruise@svminerals.com)); (b) proposed co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com) and Mike Jones (mike.jones@skadden.com)) and 525 University Avenue, Palo Alto, California 94301 (Attn: Jennifer Madden, Esq. (jennifer.madden@skadden.com)) and 2000 Avenue of the Stars, Suite 200N, Los Angeles, California 90067 (Attn: Destiny N. Almogue, Esq. (destiny.almogue@skadden.com)); (c) proposed co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (d) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov) and Joseph J. McMahon, Jr., Esq. (joseph.mcmahon@usdoj.gov)); (e) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (f) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); and (g) counsel to any statutory committee appointed in the Chapter 11 Cases.  If no objections or responses are filed and served, this Court may enter a final order without further notice or hearing.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: June 16th, 2026**
**Wilmington, Delaware**