**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Related Docket No. 7** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE OPERATING THEIR CASH MANAGEMENT SYSTEM, (B) HONOR PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an interim order (this "**Interim Order**") and a final order under sections 105(a), 345(b), 363, 364(a), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, continued use of the Debtors' existing Cash Management System, Bank Accounts, Corporate Card Program, Virtual Card Program, Business Forms, and Intercompany Transactions and payment of related prepetition obligations; (ii) granting administrative expense status to the Intercompany Transactions; (iii) waiving certain requirements under section 345 of the Bankruptcy Code and U.S. Trustee Guidelines; and (iv) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b)(1) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A).  The location of Searles Valley Mineral Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Chapter 11 Cases and related proceedings in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances, and it appearing that no other or further notice is necessary; and upon consideration of the First Day Declaration; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, including after taking into account the Bankruptcy Code's priority scheme; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED that:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, on an interim basis, subject to any modifications set forth herein, to: (a) continue operating the Cash Management System; (b) honor their prepetition obligations related thereto; (c) use, in their present form, all correspondence and Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; (d) designate, maintain, and continue to use any and all of their Bank Accounts in existence as of the Petition Date, with the same account numbers, including the accounts identified in **Exhibit D** to the Motion without the need to comply with certain guidelines set forth in the U.S. Trustee Guidelines (to the extent applicable); (e) close existing accounts, including, without limitation, any inactive accounts; (f) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession; (g) continue to perform and record

Intercompany Transactions in the ordinary course of business, and treat postpetition Intercompany Claims in a manner consistent with this Court's grant of administrative expense status thereto; *provided* that once the Debtors' preprinted Business Forms have been exhausted, the Debtors shall, when reordering their Business Forms, add the designation "Debtor in Possession" and corresponding bankruptcy case number thereon; *provided, further*, that within ten business days of the entry of this Interim Order, the Debtors will update any electronically produced checks to reflect their status as debtors in possession.

3.      The U.S. Trustee Guidelines are hereby modified such that the Debtors are not required to (a) close all existing Bank Accounts and open new debtor-in-possession accounts or (b) establish specific accounts for tax payments.

4.      The Debtors are authorized, but not directed, to maintain and use the Bank Accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date, including, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts; (b) to pay postpetition ordinary course Bank Fees and service fees in connection with the Bank Accounts; (c) to perform their obligations under the documents and agreements governing the Bank Accounts; and (d) to treat the Bank Accounts for all purposes as accounts of the Debtors in their capacities as debtors in possession. Any postpetition fees, costs, charges, and expenses, including Bank Fees, or charge-backs payable to the Cash Management Banks that are not so paid shall be entitled to priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code.

5.     The Debtors are authorized, but not directed, in the ordinary course of business and consistent with historical practices, to open any new bank account or close any existing Bank Account and enter into any ancillary agreements related to the foregoing as they may deem necessary and appropriate; *provided* that the Debtors shall give notice within 15 days to the U.S. Trustee, the DIP Lender, and any statutory committee appointed in the Chapter 11 Cases of the opening of any new bank account or closing any existing Bank Account; *provided*, *further*, that the Debtors shall open any such new bank accounts at a bank which is a party to a Uniform Depository Agreement with the U.S. Trustee for the District of Delaware.  The relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank.

6.     Those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.  Either the Debtors or the Cash Management Banks may, without further order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

7.     The Cash Management Banks are authorized without the need for further order of this Court to, in the ordinary course of business, (a) continue to administer, service, and maintain, the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (b) receive, process, honor, and pay

4

any and all checks, drafts, wires, ACH transfers, electronic fund transfers, payment orders, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "**Disbursements**") on account of a claim; and (c) debit the Bank Accounts for: (i) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System; (ii) all checks drawn on the Debtors' Bank Accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; and (iii) all checks or other items deposited in one of the Debtors' Bank Accounts with such Cash Management Bank prior to the Petition Date which have not been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the applicable Debtor was responsible for such items prior to the Petition Date; *provided, however*, that no checks, drafts, wires, or electronic fund transfers (excluding any electronic fund transfers that the Cash Management Banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored, unless (x) not otherwise prohibited by a "stop payment" request received by the Cash Management Banks from the Debtors and (y) supported by sufficient funds in the Bank Account in question.  For the avoidance of doubt, no prepetition check, drafts, wires, ACH, electronic fund transfer, payment order, or other items presented, issued, or drawn on the Bank Accounts shall be honored absent an order of this Court permitting such prepetition claim to be paid.

8.      The Banks may rely on the representations of the Debtors with respect to whether any check or other payment order dated, drawn or issued by the Debtors prior to, on or subsequent to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as

provided for herein.  The Banks shall not be deemed in violation of this Interim Order and shall have no liability for relying on such representations by the Debtors or honoring any Disbursement that is subject to this Interim Order either (a) at the direction of the Debtors to honor such prepetition Disbursement, (b) in the good faith belief that this Court has authorized such prepetition Disbursement to be honored, or (c) as a result of an innocent mistake.  To the extent that the Debtors direct that any Disbursement be dishonored or the Banks inadvertently dishonor any Disbursements, the Debtors may issue replacement Disbursements consistent with the orders of this Court.

9.      Subject to the provisions of this Interim Order, the Cash Management Banks are further authorized to (a) honor the Debtors' directions with respect to the opening or closing of any Bank Account and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, and the Banks shall have no liability to any party for relying on such representations or instructions.

10.     The Debtors are authorized, but not directed, to continue and maintain each of the Corporate Card Program and the Virtual Card Program in the ordinary course of business and consistent with prepetition practices, including by paying to HSBC prepetition obligations up to an aggregate amount of $250,000 on an interim basis and by paying postpetition credit card obligations outstanding with respect thereto, subject to the limitations of this Interim Order and any other applicable interim and/or final orders of this Court.

11.     To the extent any other order is entered by this Court authorizing the Banks to honor checks, drafts, automated clearing house transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Interim Order.

12. The Debtors shall serve a copy of this Interim Order on each of the Cash Management Banks within two business days of the entry of this Interim Order, and upon any Bank at which the Debtors open a new bank account, immediately upon the opening of such new account.

13. The Debtors are authorized, but not directed, to enter into, engage in, and satisfy any payments in connection with the Intercompany Transactions, including Intercompany Transactions with non-Debtor affiliates, and to take any actions related thereto, in each case on the same terms as, and materially consistent with, the Debtors' prepetition operation of the businesses in the ordinary course. In connection therewith, the Debtors shall maintain records with respect to all Intercompany Transactions, so that such Intercompany Transactions may be readily ascertained, traced, and recorded properly on applicable intercompany accounts; *provided, however*, that such records shall be made available upon request by the U.S. Trustee, the DIP Lender, and any official statutory committee. To the extent that the Intercompany Transactions are disbursements, they will be noted and reflected on the monthly operating reports.

14. The Debtors are authorized, but not directed, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System in the ordinary course of business. The Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts. For the avoidance of doubt, nothing herein shall authorize the Debtors to set off any post-petition obligations against amounts owing to the DIP Lender under the DIP Loan Documents (each as defined in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing; (B) Continue to Access Financing Under Its Receivables*

*Facility; and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Lender; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing and (V) Granting Related Relief* [Docket No. 15]) or against amounts owing to Nirma under the Reimbursement Agreement (as defined in the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Assume Soda Ash Supply and Liquidity Agreement and Obtain Financing Thereunder*).

15.     Pursuant to section 503(b)(1) of the Bankruptcy Code, all Intercompany Claims arising from any postpetition Intercompany Transaction, including any interest and fees related thereto, made by (a) a Debtor to another Debtor or (b) a non-Debtor affiliate to a Debtor, shall in each case be accorded administrative expense status under Bankruptcy Code section 503(b).

16.     To the extent the Bank Accounts existing as of the Petition Date are not in compliance with Bankruptcy Code section 345(b) or any of the U.S. Trustee Guidelines, the Debtors shall have 30 days from the date of this Interim Order to come in compliance therewith, without prejudice to seeking a waiver in a final order or additional extensions; *provided* that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from this Court to the extent that an agreement cannot be reached within that time period (or such other period as agreed to by the Debtors and the U.S. Trustee).

17.     For the banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, as soon as practicable after entry of this Interim Order, the Debtors shall (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' chapter 11 cases. For banks that are not party to a Uniform Depository Agreement with the Office of the

United States Trustee for the District of Delaware, the Debtors shall use their good faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of entry of this Order.

18.    The Debtors are authorized to continue to use their existing Cash Management System.  The Debtors may transfer funds into, out of, and through the Cash Management System using ordinary transfer methods in accordance with the Debtors' prepetition practice.  In connection with the ongoing use of their Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.  The Debtors and the Cash Management Banks may agree, without further order of this Court, to implement any changes to the Cash Management System and procedures in the ordinary course of business that they deem appropriate in their sole discretion, including, without limitation, closing any of the Bank Accounts or opening new bank accounts as set forth herein.

19.    Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365. Except with respect to the Intercompany Transactions, nothing herein nor any actions taken hereunder shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

20.    Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor regardless of which entity pays those disbursements.

21.    This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

22.     Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

23.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

24.     All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

26.     The final hearing on the Motion shall be held on July 7, 2026 at 10:00 a.m., prevailing Eastern Time.  Any objections or responses to the entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on June 30, 2026, and shall be served on: (a) Searles Valley Minerals Inc., 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210 (Attn: Dennis Cruise, President (cruise@svminerals.com)); (b) proposed co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com) and Mike Jones (mike.jones@skadden.com)) and 525 University Avenue, Palo Alto, California 94301 (Attn: Jennifer Madden, Esq. (jennifer.madden@skadden.com)) and 2000 Avenue of the Stars, Suite 200N, Los Angeles, California 90067 (Attn: Destiny N. Almogue, Esq. (destiny.almogue@skadden.com)); (c) proposed co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (d) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M.

10

Leamy, Esq. (jane.m.leamy@usdoj.gov) and Joseph J. McMahon, Jr., Esq. (joseph.mcmahon@usdoj.gov)); (e) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (f) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); and (g) counsel to any statutory committee appointed in the Chapter 11 Cases. If no objections or responses are filed and served, this Court may enter a final order without further notice or hearing.

27. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: June 16th, 2026**
**Wilmington, Delaware**