**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Related Docket No. 4** |

**ORDER APPOINTING STRETTO, INC. AS CLAIMS AND NOTICING AGENT *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**")[2] of the Debtors for entry of an order, pursuant to 28 U.S.C. §156(c), section 105(a) of the Bankruptcy Code, Local Bankruptcy Rule 2002-1(f), and the Claims Agent Protocol, authorizing the Debtors to retain and appoint Stretto, Inc. ("**Stretto**") as their claims and noticing agent ("**Claims and Noticing Agent**") to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' Chapter 11 Cases, and (c) provide such other administrative services, as required by the Debtors and approved by the Court, that would fall within the purview of services to be provided by the Clerk's Office, all as more fully set forth in the Application; and upon consideration of the First Day Declaration and the Betance Declaration, which is attached to the Application as **Exhibit B**; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)–(b)(1) and 1334(b) and the *Amended Standing Order of*

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

2 Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the circumstances, and it appearing that no other or further notice is necessary for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to employ and retain Stretto as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date in accordance with the terms of the Agreement.

3. Stretto is authorized to perform the Claims and Noticing Services described in the Application.

4. Stretto shall serve as the custodian of the Court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases. In addition, Stretto is authorized and directed to (a) maintain an official Claims Register for each of the Debtors,

(b) provide public access to every proof of claim unless otherwise ordered by this Court, and (c) provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6. Stretto is authorized to take such other action that is necessary or appropriate to comply with all duties set forth in the Agreement.

7. The Debtors are authorized to (a) compensate Stretto in accordance with the Agreement upon the receipt of reasonably detailed invoices setting forth the services that Stretto provided in its capacity as the Claims and Noticing Agent and at the rates charged for each, and (b) reimburse Stretto for all reasonable and necessary expenses that it incurs as the Claims and Noticing Agent upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. Stretto is directed to keep and maintain records of all services that it provides as the Claims and Noticing Agent showing dates, categories of services, fees charged, and expenses incurred. Stretto also is directed to serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, and counsel for any official committee appointed in the Chapter 11 Cases and any party-in-interest who specifically requests service of the monthly invoices.

9. In the event a dispute arises relating to the Agreement or the Claims and Noticing Agent's monthly invoices, the parties to such dispute shall meet and confer in an attempt to resolve such; *provided* that the parties may seek adjudication of the matter by this Court if they cannot resolve such dispute consensually.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of the Claims and Noticing Agent incurred pursuant to the Agreement shall be administrative expenses of the Debtors' estates.

11. Stretto may apply the Retainer to all prepetition invoices, which shall be replenished to the original Retainer amount, and thereafter, Stretto may hold its Retainer under the Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Agreement.

12. The Debtors shall indemnify Stretto under the terms of the Agreement, as modified pursuant to this Order.

13. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Agreement for services other than the services provided under the Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

14. Notwithstanding anything to the contrary in the Agreement, the Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Agreement as modified by this Order.

15. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application therefor in this Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Stretto. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

16. Notwithstanding any terms in the Agreement to the contrary, including paragraph 10 (which shall be deemed to be of no force or effect with respect to the services to be provided pursuant to this Order), (a) Stretto's liability shall not be limited during the Chapter 11 Cases to the amount billed to or paid by the Debtors, and (b) the Debtors shall not be subject to late charges during the Chapter 11 Cases.

17. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

18. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Stretto but is not specifically authorized by this Order.

19. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application

20. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. Stretto shall not cease providing claims processing services during the Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

23. In the event of any inconsistency between the Agreement, the Application and the Order, the Order shall govern.

24. Notwithstanding any term in the Agreement to the contrary (including with regard to paragraph 15 of the Agreement), this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: June 17th, 2026**
**Wilmington, Delaware**