## EXHIBIT A

**Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) Related |
|  | ) |  |
|  | ) | Docket No. |

**ORDER (I) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF LAZARD
FRÈRES & CO. LLC AND LAZARD & CO., LIMITED AS INVESTMENT BANKER TO
THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE
PETITION DATE, (II) APPROVING THE TERMS OF THE ENGAGEMENT LETTER,
(III) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-2(H), AND (IV) GRANTING RELATED RELIEF**

Upon the Application[2] for an Order authorizing, but not directing, the Debtors to:

(a) employ and retain Lazard as their investment banker effective as of the Petition Date; (b)

waiving certain time-keeping requirements pursuant to rule 2016-2(h) of the Local Bankruptcy

Rules; and (c) granting related relief all as more fully set forth in the Application; and upon

consideration of the Tempke Declaration; and the Court having jurisdiction to consider the

Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of

28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

the United States Constitution; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied with the representations made in the Application and the Tempke Declaration that Lazard represents no interest adverse to the estates, that it is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and that its employment is necessary; and upon consideration of the First Day Declaration; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, to employ and retain Lazard as their investment banker in accordance with the terms and conditions set forth in the Engagement Letter and the Indemnification Letter, as modified by this Order, effective as of the Petition Date, and to pay fees and reimburse expenses to Lazard on the terms and at the times specified in the Engagement Letter and the Indemnification Letter, except as modified by this Order.

2.      The terms of the Engagement Letter and the Indemnification Letter, annexed to the Application as **<u>Exhibit C</u>**, are approved in all respects, except as modified by this Order.

3.      All of Lazard's compensation as set forth in the Engagement Letter (as modified by this Order)—including, without limitation, the Monthly Fee, Restructuring Fee, Sale Transaction Fee, Other Sale Transaction Fee, and Financing Fees—and the expense-reimbursement,

indemnification, and related obligations in the Engagement Letter and Indemnification Letter, as modified by this Order, are approved pursuant to section 328(a) of the Bankruptcy Code, and Lazard shall be compensated, reimbursed, and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Letter, as modified by this Order.

4.      Lazard shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable orders of this Court; provided that Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code, and Lazard's fees and expenses shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code. Notwithstanding the foregoing, the Debtors are authorized to pay the Monthly Fee to Lazard each month when required under the Engagement Letter without a prior fee application; provided that, for the avoidance of doubt, Monthly Fees shall be subject to review and approval in any quarterly interim and final fee applications.

5.      Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Lazard's request(s) for interim and final compensation based on the standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Lazard's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's fees.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any order of this Court, or any guidelines established by the U.S. Trustee regarding submission and approval of fee applications, Lazard and its professionals shall be excused from: (a) the requirement to maintain or provide detailed time records for services rendered postpetition in one-tenth-hour (0.10) increments and (b) providing or conforming to any schedule of hourly rates. Instead, notwithstanding that Lazard does not charge for its services on an hourly basis, Lazard will be entitled to maintain time records of its services rendered for the Debtors in half-hour (0.50) increments, setting forth, in summary format, a description of the services rendered and the professionals rendering such services, and will present such records together with its fee applications filed with this Court.

7. None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

8. In the event that, during the pendency of these Chapter 11 Cases, Lazard seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Letter or the Indemnification Letter, the invoices and supporting time records from such attorneys (which may be redacted to preserve privilege) shall be included in Lazard's own interim and final fee applications, and such invoices and time records shall be subject to (a) the guidelines promulgated by the U.S. Trustee for compensation and reimbursement of expenses and (b) approval by the Court under sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Lazard shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

9.      The indemnification and other provisions set forth in the Indemnification Letter are approved, subject during the pendency of these Chapter 11 Cases to the following:

a)      subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

b)      notwithstanding subparagraph (a) above or any provision of the Engagement Letter or Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify an Indemnified Person or provide contribution or reimbursement to an Indemnified Person (i) for any claim or expense to the extent that it is judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter and Indemnification Letter, as modified by this Order; and

c)      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Debtors' Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Letter, as modified by this Order, including, without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request by any Indemnified Person for indemnification, contribution, or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify.

10.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, to the extent that Lazard uses the services of independent contractors, subcontractors or employees of affiliates or subsidiaries (collectively, the "**Contractors**") in these Chapter 11 Cases and Lazard seeks to pass through, and requests to be reimbursed for, the fees and/or costs of the Contractors to the Debtors, Lazard shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Lazard pays the Contractors, (b) seek reimbursement for actual costs of the Contractors only, and (c) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014.

11.     To the extent the Debtors wish to expand the scope of Lazard's services or seek additional fees beyond those set forth in the Engagement Letter, Indemnification Letter, or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file a separate application seeking approval of any proposed additional services or fees and any underlying engagement agreement with the Court and serve such application on the U.S. Trustee, any official committee, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within fourteen (14) days of the Debtors filing such application, the additional services or fees and any underlying engagement agreement, as applicable, may be approved by the Court by further order without further notice or hearing.

12.     The Debtors will coordinate with Lazard and the Debtors' other professionals to minimize unnecessary duplication of efforts among the Debtors' professionals.

13.     To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Indemnification Letter, the Tempke Declaration, and this Order, the terms of this Order shall govern.

14. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

15. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.