**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**APPLICATION OF DEBTORS FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO,
INC. AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

Searles Valley Minerals Inc. ("**SVM**") and certain of its subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**"), hereby apply (this "**Application**") to the United States Bankruptcy Court for the District of Delaware (this "**Court**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below.  In support of this Application, the Debtors refer to the contemporaneously filed *Declaration of Sheryl Betance in Support of Application of Debtors for Entry of an Order Authorizing the Employment and Retention of Stretto, Inc. as Administrative Advisor Nunc Pro Tunc to the Petition Date For the Debtors* (the "**Betance Declaration**"), attached hereto as **Exhibit B**, and further represent as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A).  The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

4913-1437-2790.4 78006.00001

**RELIEF REQUESTED**

1.      The Debtors respectfully request entry of the Proposed Order authorizing them to employ and retain Stretto, Inc. ("**Stretto**") as their administrative advisor (the "**Administrative Advisor**") in these Chapter 11 Cases (as defined below), *nunc pro tunc* to the Petition Date (as defined below), pursuant to the terms and conditions of the Services Agreement (the "**Agreement**"), dated as of May 28, 2026, by and between the Debtors and Stretto, a copy of which is attached hereto as **Exhibit C**.

2.      On June 15, 2026 (the "**Petition Date**"), the Debtors filed an application under 28 U.S.C. § 156(c) for authorization to retain Stretto to serve as the claims and noticing agent in these Chapter 11 Cases [Docket No. 4] (the "**Section 156(c) Application**").  The Court approved the Section 156(c) Application following the Debtors' first-day hearing on June 16, 2026 [Docket No. 60].  The Debtors believe that the administration of these Chapter 11 Cases will require Stretto to perform duties outside the scope of 28 U.S.C. § 156(c).  Consequently, the Debtors seek to supplement the Section 156(c) Application with this Application.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157(a)–(b)(1) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief requested herein are section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1(a) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

5.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final order with respect to this Application if it is determined that this Court would lack Article III jurisdiction to enter such final order absent the consent of the parties.

## BACKGROUND

### I.      The Chapter 11 Cases

6.      On the Petition Date, each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  On June 16, 2026, the Court entered an order approving the joint administration of these Chapter 11 Cases [Docket No. 44].

7.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      SVM (together with its Debtor and non-Debtor subsidiaries, the "**Company**") operates a vertically integrated mining and processing complex at Searles Lake in Trona, California, where it produces critical industrial minerals, including borates, sodium sulfate, and salt, sourced from one of the largest known deposits of water-soluble borates in North America. The Company is among the largest and lowest cost producers of borates, serving a diversified global customer base across industrial, agricultural, and specialty chemical end markets.  The Company historically mined and processed Sodium Carbonate (soda ash) until February 2026, and continues to source and supply soda ash to its customers in North America.  In addition, the Debtors source and provide potable water for approximately 760 residential and commercial customers in certain areas on the west shoreline of Searles Lake, California, including the town of Trona, California.  The Company's business operations, corporate and capital structures, and

restructuring efforts are described in greater detail in the *Declaration of Adrian Frankum in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 17] (the "**First Day Declaration**").

**STRETTO'S QUALIFICATIONS**

9.       Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in noticing, claims administration, solicitation, balloting, and facilitation of other administrative aspects of chapter 11 cases.  Stretto's professionals have substantial experience and have provided administrative services substantially similar to those it seeks to provide pursuant to the Application to other chapter 11 debtors in this District: *In re Archblock LLC*, Case No. 26-10152 (CTG) (Bankr. D. Del. Mar. 13, 2026); *In re Grand Slam Track*, Case No. 25-12188 (KBO) (Bankr. D. Del. Mar. 6, 2026); *In re FLOAT Alaska LLC*, Case No. 26-10075 (CTG) (Bankr. D. Del. Mar. 3, 2026); *In re iRobot Corp.*, Case No. 25-12197 (BLS) (Bankr. D. Del. Jan. 8, 2026); *In re US Magnesium LLC*, Case No. 25-11696 (BLS) (Bankr. D. Del. Dec. 15, 2023); *In re Norcold LLC*, Case No. 25-11933 (TMH) (Bankr. D. Del. Dec. 9, 2025); *In re My Job Matcher, Inc.*, Case No. 25-11280 (KBO) (Bankr. D. Del. Sept. 5, 2025); *In re Am.'s Gardening Res., Inc.*, Case No. 25-11180 (BLS) (Bankr. D. Del. Aug. 26, 2025); *In re CHG US Holdings LLC*, Case No. 25-10851 (MFW) (Bankr. D. Del. June 5, 2025); and *In re Accelerate Diagnostics, Inc.*, Case No. 25-10837 (KBO) (Bankr. D. Del. June 4, 2025).

10.       The Debtors chose Stretto to perform the Administrative Services (as defined below) because of Stretto's experience, reputation, and familiarity with the Chapter 11 cases as well as the competitiveness of its fees.  The Debtors submit that using Stretto to perform the Administrative Services has provided, and will continue to provide, cost-effective and efficient administration of the Chapter 11 Cases.  Further, retaining Stretto to perform the Administrative Services has allowed, and will continue to allow, the Debtors and their other professionals to focus

on key aspects of Debtors' restructuring efforts.  Accordingly, the Debtors believe that Stretto is qualified to provide the Administrative Services and that Stretto's retention in such capacity is in the best interest of the Debtors' estates and creditors.

## SCOPE OF SERVICES

11.     The Debtors seek to retain Stretto to provide the following bankruptcy administrative services, if and to the extent requested:

(a)     Assist with, among other things, solicitation, balloting, and tabulation of votes; prepare any related reports, as required in support of confirmation of a chapter 11 plan;

(b)     Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)     Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)     Assist with the preparation of the Debtors' monthly operating reports and gather data in conjunction therewith;

(e)     Manage and coordinate any distributions pursuant to a chapter 11 plan if designated as distribution agent under such plan; and

(f)     Provide claims analysis and reconciliation.

## PROFESSIONAL COMPENSATION

12.     The Debtors propose to compensate Stretto pursuant to the Agreement.  The Agreement sets forth the proposed hourly consulting fee rates, which are subject to adjustment based on Stretto's ordinary billing practices.  The Debtors respectfully submit that Stretto's rates are competitive and comparable to the rates Stretto's competitors charge for similar services, and are reasonable considering the quality of Stretto's services and Stretto's bankruptcy expertise.

Further, Stretto will seek reimbursement from the Debtors for reasonable and documented expenses in accordance with the terms of the Agreement.

13.     Prior to the Petition Date, the Debtors provided Stretto a retainer in the amount of $15,000 (the "**Retainer**").  Stretto seeks to first apply the Retainer to all prepetition invoices, and thereafter, to have the Retainer replenished to the original advance amount, and thereafter, to hold the Retainer under the Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Agreement.

14.     Stretto will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with the services it provides as the Administrative Advisor in the Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Fee Guidelines, and any orders entered in the Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

**STRETTO'S DISINTERESTEDNESS**

15.     As discussed in the Betance Declaration, Stretto reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors in connection with the Section 156(c) Application and Stretto's retention as Administrative Advisor.  To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed and Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

16.     Stretto will continue to supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## INDEMNIFICATION

17.     Under the terms of the Agreement and as part of Stretto's overall compensation, the Debtors have agreed to certain indemnification and contribution obligations as set forth in the Agreement, to the extent permitted by applicable law, and as modified in the Proposed Order.

18.     The terms of the Agreement, including the indemnification provisions, were negotiated at arm's-length between the Debtors and Stretto, and the Debtors respectfully submit that these provisions of the Agreement are reasonable and in the best interests of the Debtors, their estates, and their creditors.  Moreover, consistent with the practice in this jurisdiction, the Debtors request, and Stretto has agreed, that the Court approve the indemnification provisions reflected in the Agreement subject to the modifications set forth in the Proposed Order.  The Debtors believe that the proposed modifications to the indemnification provisions of the Agreement are appropriate under the circumstances, and are consistent with recent orders entered in this jurisdiction.

19.     For the foregoing reasons, the Debtors believe that the retention of Stretto is in the best interests of their estates, their creditors, and other parties in interest, and therefore, the Debtors desire to retain and to employ Stretto as their Administrative Advisor upon the terms set forth herein and in the Agreement.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

### I.     Retention of the Administrative Advisor Satisfies the Applicable Legal Standards

20.     Bankruptcy Code section 327(a) permits a debtor, with the Court's approval, to:

> employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out [its] duties under [the Bankruptcy Code].

11 U.S.C. § 327(a).

21.     Bankruptcy Rule 2014(a) requires that an application for retention include:

specific facts showing the need for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, and any person employed in the United States trustee's office.

Fed. R. Bankr. P. 2014(a).

14.     Additionally, Local Bankruptcy Rule 2014-1(a) requires a debtor or other entity seeking to retain a professional under Bankruptcy Code section 327 to file:

a verified statement of the professional person under Fed. R. Bankr. P. 2014 and a proposed order.  A professional employed or to be employed must promptly file and serve a supplemental verified statement disclosing any additional material information it learns relating to its employment, including any additional connections to parties in interest.

Del. Bankr. L.R. 2014-1(a).

15.     The Debtors respectfully submit that Stretto and the Application meet the requirements of Bankruptcy Code section 327(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1(a).  The Debtors also believe that the terms and conditions of the engagement are reasonable in light of the anticipated volume of creditors and other parties in interest in these Chapter 11 Cases and necessary to help manage administrative tasks.  For the above reasons, the Debtors, in the exercise of their business judgment, have concluded that the retention of Stretto as their Administrative Advisor is in the best interests of the Debtors, their estates, and their creditors.

**II.     *Nunc Pro Tunc* Relief is Appropriate**

22.     At the Debtors' request, Stretto has served in the capacity of Administrative Advisor since the Petition Date with assurances from the Debtors that the Debtors would seek

approval of Stretto's employment and retention, effective *nunc pro tunc* to the Petition Date, so that Stretto may be compensated for its pre-Application services.  The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided herein, because Stretto has provided and continues to provide valuable services to the Debtors' estates in the interim period.  Local Bankruptcy Rule 2014-1(b) empowers courts in this district to approve *nunc pro tunc* employment, and the Debtors submit that such approval is justified here.

23.     Moreover, courts in this jurisdiction routinely approve *nunc pro tunc* employment similar to that requested herein. *See, e.g., In re Finch Therapeutics Grp., Inc.*, No. 26-10409 (LSS) (Bankr. D. Del. Apr. 20, 2026); *In re Lugano Diamonds & Jewelry Inc.*, No. 25-12055 (BLS) (Bankr. D. Del. Dec. 15, 2025); *In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. Sept. 18, 2025); *In re Zen JV, LLC*, No. 25-11195 (JKS) (Bankr. D. Del. Aug. 1, 2025); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 24, 2025); *In re Boundless Broadband, LLC*, No. 25-10948 (BLS) (Bankr. D. Del. June 24, 2025); *In re Brightmark Plastics Renewal LLC*, No. 25-10472 (LSS) (Bankr. D. Del. Apr. 10, 2025); *In re Wynne Transp. Holdings, LLC*, No. 25-10027 (KBO) (Bankr. D. Del. Feb. 26, 2025); *In re Ligado Networks LLC*, No. 25-10006 (TMH) (Bankr. D. Del. Feb. 20, 2025); *In re First Mode Holdings, Inc.*, No. 24-12794 (KBO) (Bankr. D. Del. Feb. 3, 2025).[2]

## NOTICE

24.     Notice of this Application will be given to: (a) the U.S. Trustee, (b) counsel to the Prepetition Secured Lender, (c) counsel to the DIP Lender, (d) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors, (e) the office of the attorney general for

---

[2]     Because of the voluminous nature of the orders cited herein, they are not attached to this Application, but are available upon request.

each of the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service, (h) the United States Securities and Exchange Commission, (i) the United States Department of Justice; (j) the California Public Utilities Commission; (k) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (l) all parties entitled to notice pursuant to Local Bankruptcy Rules 2002-1(b) and 9013-1(m). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made to this Court or any other court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## CONCLUSION

The Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Overland Park, Kansas
          June 24, 2026

**SEARLES VALLEY MINERALS INC.**
on behalf of itself and each of its affiliated
Debtors and Debtors in Possession


By:      */s/ Dennis Cruise*
Name: Dennis Cruise
Title:   President
          Searles Valley Minerals Inc.