## EXHIBIT A

**Proposed Order**

4913-1437-2790.4 78006.00001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Related Docket No(s). |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for entry of an order, pursuant to 28 U.S.C. §327(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1(a), authorizing the Debtors to employ and retain Stretto, Inc. ("**Stretto**") as their Administrative Advisor (the "**Administrative Advisor**") in the Debtors' Chapter 11 Cases pursuant to the terms and conditions set forth in the Agreement and as described more fully in the Application; and upon consideration of the Betance Declaration, which is attached to the Application as **Exhibit B**; and the Debtors having demonstrated that these cases warrant the retention of an administrative advisor to assist with certain administrative duties; and the Court being satisfied that Stretto has the capability and experience to provide such services; and the Court being satisfied, based upon the representations made in the Application and in the Betance Declaration, that Stretto does not hold or represent an interest adverse to the Debtors or the estates, and that Stretto is a disinterested

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A).  The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

4913-1437-2790.4 78006.00001                                    1

person; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is APPROVED as set forth herein.

2. The Debtors are authorized under Bankruptcy Code section 327(a) to employ and retain Stretto as Administrative Advisor effective *nunc pro tunc* to the Petition Date.

3. The terms of the Agreement, including, without limitation, the fee provisions, are reasonable terms and conditions of employment and are approved.

4. This Order shall not apply to any services Stretto was authorized to render pursuant to the order approving the Section 156(c) Application.

5. Stretto may apply the Retainer to all prepetition invoices, and thereafter, have the Retainer replenished to the original Retainer amount, and thereafter, hold its Retainer under the Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Agreement.

6. With respect to services to be provided as Administrative Advisor for the Debtors, Stretto shall apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred in these Chapter 11 Cases after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Fee Guidelines, and any orders entered in the Chapter 11 Cases

governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

7.      The Debtors shall indemnify Stretto under the terms of the Agreement, as modified pursuant to this Order.

8.      Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Agreement for services other than the services provided under the Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

9.      Notwithstanding anything to the contrary in the Agreement, the Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Agreement as modified by this Order.

10.     If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Agreement (as modified by this Order), including the

advancement of defense costs, Stretto must file an application therefor in this Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Stretto.  All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

11.     Notwithstanding any terms in the Agreement to the contrary, including paragraph 10 (which shall be deemed to be of no force or effect with respect to the services to be provided pursuant to this Order), (a) Stretto's liability shall not be limited during the Chapter 11 Cases to the amount billed to or paid by the Debtors, and (b) the Debtors shall not be subject to late charges during the Chapter 11 Cases.

12.     Paragraph 6 of the Agreement regarding bank accounts is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

13.     The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     In the event of any inconsistency between the Agreement, the Application and the Order, the Order shall govern.

17.     Notwithstanding any term in the Agreement to the contrary (including with regard to paragraph 15 of the Agreement), this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.