## EXHIBIT B

### Betance Declaration

4913-1437-2790.4 78006.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF SHERYL BETANCE IN SUPPORT OF
APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF STRETTO, INC. AS ADMINISTRATIVE
ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE FOR THE DEBTORS**

I, Sheryl Betance, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director of Corporate Restructuring at Stretto, Inc. ("**Stretto**"), a chapter 11 administrative services firm with offices at 410 Exchange, Ste. 100, Irvine, California 92602. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am authorized to submit this declaration (this "**Declaration**") in support of the *Application of Debtors for Entry of an Order Authorizing the Employment and Retention of Stretto, Inc. as Administrative Advisor Nunc Pro Tunc to the Petition Date* (the "**Application**"),[2] which was filed contemporaneously herewith.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

4913-1437-2790.4 78006.00001                                   2

**STRETTO'S QUALIFICATIONS**

3.    Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in noticing, claims administration, solicitation, balloting, and facilitation of other administrative aspects of chapter 11 cases.  Stretto's professionals have substantial experience and have provided administrative services substantially similar to those it seeks to provide pursuant to the Application to other chapter 11 debtors in this District.  *See, e.g.*, *In re Archblock LLC*, Case No. 26-10152 (CTG) (Bankr. D. Del. Mar. 13, 2026); *In re Grand Slam Track*, Case No. 25-12188 (KBO) (Bankr. D. Del. Mar. 6, 2026); *In re FLOAT Alaska LLC*, Case No. 26-10075 (CTG) (Bankr. D. Del. Mar. 3, 2026); *In re iRobot Corp.*, Case No. 25-12197 (BLS) (Bankr. D. Del. Jan. 8, 2026); *In re US Magnesium LLC*, Case No. 25-11696 (BLS) (Bankr. D. Del. Dec. 15, 2023); *In re Norcold LLC*, Case No. 25-11933 (TMH) (Bankr. D. Del. Dec. 9, 2025); *In re My Job Matcher, Inc.*, Case No. 25-11280 (KBO) (Bankr. D. Del. Sept. 5, 2025); *In re Am.'s Gardening Res., Inc.*, Case No. 25-11180 (BLS) (Bankr. D. Del. Aug. 26, 2025); *In re CHG US Holdings LLC*, Case No. 25-10851 (MFW) (Bankr. D. Del. June 5, 2025); and *In re Accelerate Diagnostics, Inc.*, Case No. 25-10837 (KBO) (Bankr. D. Del. June 4, 2025).

**SERVICES TO BE RENDERED**

4.    As Administrative Advisor Stretto will perform the Administrative Services specified in paragraph 11 the Application.  In performing such services, Stretto will charge the Debtors the rates set forth in the Agreement.

5.    Stretto represents, among other things, the following:

(a)    Stretto is not a creditor of the Debtors;

(b)    Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Administrative Advisor in these Chapter 11 Cases;

(c)     by accepting employment in these Chapter 11 Cases, Stretto waives any rights to receive compensation from the United States government in connection its capacity as the Administrative Advisor;

(d)     in its capacity as the Administrative Advisor in the Chapter 11 Cases, Stretto will not be an agent of the United States and will not act on behalf of the United States;

(e)     Stretto will not employ any past or present employees of the Debtors in connection with its work as the Administrative Advisor in these Chapter 11 Cases; and

(f)     Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged.

6.      I caused to be submitted for review by our conflicts system the names of potential parties in interest (the "**Potential Parties in Interest**") in these Chapter 11 Cases.  A list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' largest unsecured creditors on a consolidated basis, the United States Trustee and persons employed in the office of the United States Trustee, and other parties.  The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries.  Stretto's internal database also includes Stone Point Capital LLC ("**Stone Point**"), its funds, and each such fund's respective portfolio companies as set forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "**Stone Point Searched Parties**").  The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision.  At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest.  Should Stretto discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Stretto will use reasonable efforts to promptly file a supplemental declaration.

7.      To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Stretto, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties.  Stretto has and will continue to represent clients in matters unrelated to these Chapter 11 Cases.  In addition, in matters unrelated to these Chapter 11 Cases, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in these Chapter 11 Cases.  Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.  Based upon a review of the Potential Parties in Interest:

(a)     Ankura Consulting Group, LLC has been identified as a Potential Party in Interest.  Steve Moore, a Senior Managing Director with Ankura Consulting Group, LLC, is a board member of the ultimate parent entity of Stretto, Inc., but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

(b)     The list of Potential Parties in Interest identifies Customers Bank, one of Stretto's bank vendors, as having a banking relationship with the Debtors.  However, to the best of my knowledge, such relationship is materially unrelated to these Chapter 11 Cases.

(c)     Getzler Henrich & Associates LLC has been identified as a Potential Party-in-Interest.  Mark Podgainy, a Managing Director with Getzler Henrich & Associates LLC, is a current client of Stretto's depository services business in his individual capacity, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

(d)     The list of Potential Parties in Interest identifies KPMG and Skadden, Arps, Slate, Meagher & Flom LLP, which are clients of Stretto's Chapter 11 Dockets business – a subscription service that provides clients with access to databases of public bankruptcy case docket information acquired through PACER.  To the best of my knowledge, such relationships are materially unrelated to these Chapter 11 Cases.

(e) Pachulski Stang Ziehl & Jones LLP has been identified as a Potential Party in Interest. Michael D. Warner, a Partner with Pachulski Stang Ziehl & Jones LLP, is a current client of Stretto's chapter 7 software business in his individual capacity, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

(f) Additionally, the list of Potential Parties in Interest includes entities, as set forth on **Exhibit 1** attached hereto, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services. However, to the best of my knowledge, such relationships are materially unrelated to these Chapter 11 Cases.

8. To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the District of Delaware, the United States Trustee for Region 3, or any attorney known by Stretto to be employed in the Office of the United States Trustee serving the District of Delaware. The list of Potential Parties in Interest identifies the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware. Denise Kaloudis, a Managing Director at Stretto, formerly worked as a law clerk to the Honorable Mary F. Walrath. I have been advised that Denise Kaloudis did not work on matters involving the Debtors while employed as a law clerk to the Honorable Mary F. Walrath.

9. Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these Chapter 11 Cases. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these Chapter 11 Cases were filed. To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in these Chapter 11 Cases.

4913-1437-2790.4 78006.00001                    6

10.    Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest.  To the best of my knowledge, Stretto does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in these Chapter 11 Cases.

11.    At the request of the Debtors and as provided in the Agreement, Stretto or its affiliate may provide services other than the services described in the Application to the Debtors that they may require in the ordinary course of business, including establishing one or more accounts with financial institutions in the name of and as agent for the Debtors to facilitate depository management and other treasury services, for which Stretto or its affiliate may be compensated by the applicable financial institution.

12.    In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point.  Stone Point is a financial services-focused private equity firm based in Greenwich, Connecticut.  The firm has raised and managed ten private equity funds – the Trident Funds – with aggregate committed capital of approximately $65 billion.  Stone Point targets investments in the global financial services industry and related sectors.

13.    The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.  Stretto has searched the names of the Debtors and the names of the Potential Parties in Interest against the Stone Point Searched Parties.

14.    Based solely upon the foregoing search, Stretto has determined that Alliant Insurance Services, owned by Trident Fund VII, has been identified as an insurance broker and

vendor of the Debtors.  However, to the best of Stretto's knowledge, Stretto's relationship to this entity does not create any adverse interest against the Debtors' estates that would present a disqualifying conflict of interest, and there are no other connections that require disclosure.  To the extent Stretto learns of any material connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtors, Stretto will promptly file a supplemental disclosure.  Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtors with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

15.     From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "**Investment Funds**"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, often without Stretto's or its personnel's knowledge.  Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security.  Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the particular Investment Fund, he, she or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

16.     From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtors or their affiliates.  Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work.  In this regard, subject to the foregoing, all Stretto

partners and employees are barred from trading in securities with respect to matters in which Stretto is retained.  Subject to the foregoing, upon information and belief, and upon reasonable inquiry through email survey of Stretto's employees, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

17.      To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtors' estates; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason; and (c) has disclosed all of Stretto's connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.


*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: June 24, 2026

By:    /s/ Sheryl Betance
Name: Sheryl Betance
Title:  Senior Managing Director
        Stretto, Inc.
        410 Exchange, Ste. 100
        Irvine, California 92602

## SCHEDULE 1

**Potential Parties in Interest**

Alabama Department of Revenue
Arizona Department of Revenue
AT&T
Blue Shield CA
California Department of Tax
California Department of Tax and Fee
Administration
Caremark, LLC
Constellation New Energy-Gas Division
Illinois, LLC
Delta Dental
Florida Department of Revenue
Georgia Department of Revenue
Fabrica De Jabon La Corona
Google LLC
Guardian Services Industries Inc.
Illinois Department of Revenue
Indiana Department of Revenue
Infinity Transportation III LLC
Intralinks, Inc.
Iowa Department of Revenue
J.P. Morgan Chase & Co.
Kansas Department of Revenue
Kentucky Department of Revenue
Missouri Department of Revenue
Morris, Nichols, Arsht & Tunnell LLP
Nalco Chemical Co.
New Mexico Taxation and Revenue
Department
New York State Department of Taxation and
Finance
NJ Division Of Taxation
Pacific Gas & Electric Company
Pennsylvania Department of Revenue
Rio Tinto Alcan
Republic Services Inc. / BFI Waste Services
Inc.
Securitas Security Services Inc.
Southern California Edison
State of California, Dept. of General
Services
State of Michigan
State of Texas
Texas Comptroller of Public Accounts
Time Warner Cable
Valley Pacific Petroleum Services, Inc.

Verizon Wireless
Walters Wholesale Electric Company
Washington State Department of Revenue
Wells Fargo
Zoom Video Communications Inc.

4913-1437-2790.4 78006.00001