# EXHIBIT A

## Proposed Order

4904-1362-1688.1 78006.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket No(s). |

**ORDER (I) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF
THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon the application (the "**Application**")[2] of the Debtors for an order (this "**Order**") (i) authorizing, but not directing, the Debtors to employ and retain Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**" or the "**Firm**"), effective as of the Petition Date, as the Debtors' counsel to perform the legal services that will be necessary during the Chapter 11 Cases and (b) granting related relief, all as more fully set forth in the Application and in accordance with the terms and conditions set forth in the Engagement Agreement; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and that this Court may enter an Order consistent with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A).  The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Application; and this Court having held a hearing to consider the relief requested in the Application (the "**Hearing**"); and upon the First Day Declaration, Mazza Declaration, and Cruise Declaration and the record of the Hearing; and all objections to the relief requested in the Application, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(a) and 329 of the Bankruptcy Code, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Skadden as counsel for the Debtors effective as of the Petition Date, in accordance with the Application and this Order, to perform the services described in the Application and Engagement Agreement attached to the Mazza Declaration as **Exhibit 1**.

3.      In connection with the Chapter 11 Cases, Skadden shall be compensated for professional services rendered, and reimbursed for expenses incurred, in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  Skadden

also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Skadden in these Chapter 11 Cases.

4.      Skadden is authorized to apply any funds presently held as a retainer (the "**Retainer**") to pay any fees, charges, and disbursements relating to services rendered to the Debtors prior to the Petition Date that remain unpaid as of such date (the "**Final Prepetition Billed Amount**").  Any Retainer remaining after such payment of the Final Prepetition Billed Amount shall be held by Skadden as a retainer that may be applied against any amounts approved by the Court in connection with Skadden's fee applications in these Chapter 11 Cases. In the event that the remaining Retainer exceeds the unpaid portion of Skadden's Court-approved postpetition fees and expenses at the end of these Chapter 11 Cases, Skadden shall remit such excess to the Debtors or their successors.

5.      Prior to applying any increases in its hourly rates beyond the rates set forth in the Application (other than increases for class year and promotions to counsel or partner within the current rate ranges set forth in the Application), Skadden shall provide ten (10) days' notice of any such increases to the Debtors, the U.S. Trustee, and any official committee appointed in these Chapter 11 Cases.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Skadden shall use reasonable efforts to coordinate with the Debtors' other professionals to avoid unnecessary duplication of services.

7. Notwithstanding anything contained in the Engagement Agreement to the contrary, the Engagement Agreement does not supersede the requirements of section 327(a) of the Bankruptcy Code for the retention of counsel for the Debtors under such section.  Skadden shall make all required disclosures and, in the event a material conflict arises, take all required action to address and resolve such conflict.

8. Notice of the Application satisfies the requirements set forth in Bankruptcy Rule 6004(a).

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

11. Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules, this Order shall be immediately effective and enforceable immediately upon its entry.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.