**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) Case No. 26-10966 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Related Docket No(s). 18 |

**ORDER (A) APPROVING BIDDING PROCEDURES**
**FOR THE SALE OF CERTAIN OR ALL OF THE DEBTORS' ASSETS;**
**(B) AUTHORIZING THE DEBTORS TO DESIGNATE ONE OR MORE STALKING**
**HORSE BIDDERS AND TO PROVIDE BID PROTECTIONS;**
**(C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES;**
**(D) SCHEDULING A HEARING TO CONSIDER ANY PROPOSED SALE; AND**
**(E) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an order (this "**Order**")

(a) authorizing and approving the bidding procedures attached hereto as **Exhibit 1** (the

"**Bidding Procedures**") in connection with the sale of certain or all of the assets of the Debtors

(the "**Assets**"); (b) establishing procedures for the Debtors to enter into a stalking horse

agreement (a "**Stalking Horse Agreement**") containing certain bid protections with respect to

any stalking horse bidder (a "**Stalking Horse Bidder**") to the extent set forth in the Bidding

Procedures; (c) approving procedures for the assumption and assignment of certain contracts and

unexpired leases and noticing of related Cure Payments; (d) approving the form and manner of

notice of the Auction and the Sale Hearing, (e) scheduling the Sale Hearing and setting other

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A).  The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable.

4916-8969-6955.1 78006.00001

related dates and deadlines; and (f) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

### FOUND, CONCLUDED, AND DETERMINED THAT:

A.      *Bidding Procedures*.  The Debtors have articulated good and sufficient reasons for authorizing and approving the Bidding Procedures attached hereto as **Exhibit 1**, which are fair, reasonable, and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Assets.

B.      *Stalking Horse Bidder Procedures.*  The Debtors have articulated good and sufficient business reasons for the Court to approve the procedures for designating any Stalking Horse Bidder, including the Break-Up Fee and Expense Reimbursement Amount (together, the "**Bid Protections**").

C.    *Bid Protections.*   The Bid Protections, to the extent approved by this Court pursuant to a Bid Protections Order and to the extent applicable and payable, (i) shall be deemed an actual and necessary cost of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) are of substantial benefit to the Debtors' estates (iii) are reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that would be expended by any Stalking Horse Bidder and (iv) enable the Debtors to promote the Sale with the greatest benefit to the estate.

D.    *Sale Notice*.   The notice, substantially in the form attached hereto as **Exhibit 2**, provided by the Debtors regarding the Sale of the Assets by Auction and Sale Hearing (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures and certain dates and deadlines related thereto; (iii) the objection deadline for the Motion and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the assets for sale; (v) instructions for promptly obtaining a copy of the Purchase Agreement; (vi) representations describing the Sale Transactions as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching with the same validity and priority to the Sale proceeds; and (viii) notice of the proposed assumption and assignment of the Assigned Contracts to any Successful Bidder and the right, procedures, and deadlines for objecting thereto, and no other or further notice of the Sale shall be required.

E.    *Assumption and Assignment Procedures*.    The Motion and the Contract Assumption Notice (as defined herein) are reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contracts and unexpired leases to any Successful Bidder, any Cure Payments (as defined herein), and the Assumption Procedures (as defined herein), and are appropriate.

F.    *Other Findings*.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED to the extent set forth herein.

**I.    Important Dates and Deadlines**

2.    **Sale Hearing**.   The Sale Hearing will commence on **August 26, 2026 at 1:30 p.m., prevailing Eastern Time**, before the Honorable Brendan L. Shannon of the United States Bankruptcy Court for the District of Delaware, 824 Market St. N., 6th Floor, Courtroom #1, Wilmington, Delaware 19801. The Sale Hearing may be adjourned by the Debtors, in consultation with the Consultation Parties, without further notice other than by announcement in open Court or on the docket.

3.    **Sale Objection Deadline**.   Objections, if any, to the Sale of the Assets to a Successful Bidder or Successful Bidders must be made by **August 18, 2026, at 4:00 p.m.**, prevailing Eastern Time (the "**Sale Objection Deadline**").   All objections must: (a) be in

4916-8969-6955.1 78006.00001                        4

writing; (b) conform to the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court no later than the Sale Objection Deadline, and be served on (i) proposed counsel to the Debtors, (ii) counsel to the Successful Bidder or Successful Bidders, (iii) counsel to the DIP Lender, (iv) counsel to the Prepetition Secured Lender, and (v) counsel to the Committee.

4.      **Response Deadline**.  Responses or replies, if any, to timely filed objections to the Sale of the Assets to a Successful Bidder or Successful Bidders must be filed by **August 19, 2026, at 11:59 p.m., prevailing Eastern Time** (or may be presented at the Sale Hearing); *provided* that such deadlines may be extended by agreement of the Debtors, the DIP Lender and the affected objecting party.

5.      **Competitive Bidding**.  The following dates and deadlines regarding competitive bidding are hereby established:

(a)      **Non-Binding LOI Deadline: July 10, 2026, at 11:59 p.m., prevailing Eastern Time**, the deadline by which a non-binding letter of intent setting forth the primary commercial terms of any Potential Bidder's proposed Bid must be actually received in writing in electronic format by the parties specified in the Bidding Procedures (the "**Non-Binding LOI Deadline**");

(b)      **Bid Deadline: August 6, 2026, at 11:59 p.m., prevailing Eastern Time**, the deadline by which all Bids must be actually received in writing in electronic format by the parties specified in the Bidding Procedures (the "**Bid Deadline**"); and

(c)      **Auction: August 13, 2026, at 10:00 a.m.**, prevailing Eastern Time, is the date and time the Auction, if one is needed, will be held at the offices of [proposed] counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, 395 9th Ave., New York, New York 10001, or such other place (which may be virtual) and time as the Debtors shall notify all Qualified Bidders that have submitted Qualified Bids (including any Stalking Horse Bidders), the DIP Lender, the Prepetition Secured Lender, the Committee, and their counsel.

**II.     Bidding Procedures and Related Relief**

6.      **Bidding Procedures.**  The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale, and any party desiring to submit an offer for the Debtors' Assets must comply with the terms of the Bidding Procedures and this Order.  The Bidding Procedures shall also govern the terms on which the Debtors will proceed with the Auction or the Sale.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

7.      The failure to specifically include or reference any particular provision, section, or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision, section, or article, it being the intent of this Court that the Bidding Procedures are authorized in their entirety.

8.      **Procedures for Designation of a Stalking Horse Bidder.**  The Debtors, as they may reasonably determine to be in the best interests of their estates, and in consultation with the DIP Lender, the Prepetition Secured Lender, and the Official Committee of Unsecured Creditors appointed by the U.S. Trustee (the "**Committee**") and each of their respective advisors, (collectively, the "**Consultation Parties**" and each, a "**Consultation Party**"), are authorized to select a Stalking Horse Bidder or Stalking Horse Bidders for the Assets (or one or more subgroupings of Assets) for the purposes of establishing one or more Stalking Horse Bids with respect to certain or all of the Assets.  Within two (2) business days of the selection of such Stalking Horse Bidder(s) and Stalking Horse Bid(s), the Debtors shall file a notice with this Court disclosing (a) the identity of any such Stalking Horse Bidder, (b) that no such Stalking

Horse Bidder is an "insider" or "affiliate" of the Debtors within the meaning of Bankruptcy Code sections 101(31) and 101(2), respectively, and, (c) the amount of any proposed Break-Up Fee, Expense Reimbursement or other Bid Protections (the "**Stalking Horse Bidder Notice**").  The Stalking Horse Bidder Notice, if filed, shall attach a copy of the proposed Stalking Horse Agreement and a proposed form of order approving the Bid Protections (the "**Bid Protections Order**").  Any objection to the Bid Protections set forth in the Stalking Horse Bidder Notice or to the form of the Bid Protections Order shall be filed **no later than 4:00 p.m. (prevailing Eastern Time) on the date that is five (5) days after the date on which the Stalking Horse Bidder Notice is filed**.  If no such objections are timely filed, this Court may enter the Bid Protections Order on a final basis without further notice or hearing.

9.      No insider or affiliate of the Debtors shall be entitled to any Bid Protections.

10.      Subject to the entry and provisions of the Bid Protections Order, in the event that the Debtors designate a Stalking Horse Bidder and the Stalking Horse Bidder is not the Successful Bidder with respect to the Stalking Horse Bid, the Debtors shall be authorized, but not directed, to make certain payments in consideration of its being the Stalking Horse Bidder with respect to the Stalking Horse Bid and to reimburse it for its reasonable and necessary out-of-pocket expenses, including (a) the Break-Up Fee and (b) the Expense Reimbursement Amount.  Subject to the entry and provisions of the Bid Protections Order, the amount of any Break-Up Fee and the Expense Reimbursement Amount shall in the aggregate not exceed 3% of the cash portion of the applicable Transaction Purchase Price for such Stalking Horse Bid, with such amount to be paid in accordance with the terms and conditions set forth in the applicable Stalking Horse Agreement.  The sole remedy of any Stalking Horse Bidder (if any such Stalking Horse Bidder is designated and Bid Protections are approved by this Court) against the Debtors

shall be the return of the applicable deposit (if applicable) and the Bid Protections in the event that the applicable Stalking Horse Agreement is terminated pursuant to the applicable provisions of such agreement.

11.     No other bidder, nor any party making a credit bid (irrespective of whether it is a Stalking Horse Bidder) will be entitled to any Bid Protections or any other expense reimbursement, break-up fee, termination fee or any other similar fee or payment.

### III.     Auction

12.     The Debtors are authorized, subject to the terms of this Order and the Bidding Procedures, to take all actions reasonably necessary, in the discretion of the Debtors, to conduct and implement the Auction.

13.     Only the Debtors, the DIP Lender, the Prepetition Secured Lender, the Committee, and any Qualified Bidder that has submitted a Qualified Bid (including any Stalking Horse Bidders), in each case, along with their representatives and counsel, or such other parties as the Debtors shall determine, and any creditor of the Debtors, shall attend the Auction and only such Qualified Bidders (including any Stalking Horse Bidders) or Qualified Bidders under section V.(q) of the Bidding Procedures will be entitled to make any further bids at the Auction.

14.     The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed.  The Debtors shall conduct the Auction in the manner set forth in this Order and the Bidding Procedures.

15.     Each Qualified Bidder (including any Stalking Horse Bidder) participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets, (b) has reviewed, understands and accepts the Bidding Procedures and (c) has consented to the core jurisdiction of this Court as set forth in the Bidding Procedures.

16.     The Debtors, in consultation with the Consultation Parties, may (a) select, in their business judgment, pursuant to the Bidding Procedures, the overall highest or otherwise best Qualified Bid and the Successful Bidder or Successful Bidders with respect to any Sale Transaction, and (b) in accordance with the Bidding Procedures, reject any Bid that, in the Debtors' business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Bidding Procedures or (iii) contrary to the best interests of the Debtors and their estates, creditors, interest holders, or parties in interest.

17.     The Good Faith Deposits of all Qualified Bidders (including any Stalking Horse Bidders) shall be held in escrow by the Debtors or their agent, and shall not become property of the Debtors' bankruptcy estates unless and until released from escrow to the Debtors pursuant to the terms of the applicable escrow agreement or order of this Court.

**IV.     Sale Hearing Notice and Related Relief**

18.     The Sale Notice is hereby approved.  Within three business days following the entry of this Order or as soon as reasonably practicable thereafter (the "**Mailing Date**"), the Debtors will cause the Sale Notice to be served on: (a) all entities reasonably known by the Debtors to have expressed a bona fide interest in acquiring any of the Assets during the year preceding the date hereof; (b) all entities known to have asserted any claim, liens, interests, or encumbrances in or upon any of the Assets; (c) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by this Motion; (d) the U.S. Trustee; (e) counsel to the Prepetition Secured Lender; (f) counsel to the DIP Lender; (g) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors, (h) the office of the attorney general for each of the states in which the

4916-8969-6955.1 78006.00001
**Dated: July 7th, 2026**
**Wilmington, Delaware**

9

BRENDAN L. SHANNON
**UNITED STATES BANKRUPTCY JUDGE**