**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Ref. Docket No. 98** |

**ORDER AUTHORIZING**
**THE EMPLOYMENT AND PAYMENT OF**
**PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

Upon the Motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to sections 105(a), 327, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the employment and payment of certain professionals used in the ordinary course of the Debtors' businesses and operations (collectively, the "OCPs"), effective as of the Petition Date; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

circumstances, and it appearing that no other or further notice is required; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized to employ and compensate the OCPs listed on Exhibit B to the Motion, in accordance with the terms of this Order.

3. The following procedures (the "OCP Procedures") for the employment and compensation of OCPs are hereby approved:

> (a) Before the Debtors may compensate any OCP, the Debtors must first file with the Court and serve upon: (a) Searles Valley Minerals Inc., 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210 (Attn: Dennis Cruise, President (cruise@svminerals.com)); (b) proposed co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)) and 2000 Avenue of the Stars, Suite 200N, Los Angeles, California 90067 (Attn: Destiny N. Almogue, Esq. (destiny.almogue@skadden.com)); (c) proposed co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (d) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov)); (e) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (f) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); (g) counsel to the Official Committee of Unsecured Creditors, Womble Bond Dickinson US LLP, 1313 North Market Street, Wilmington, Delaware 19801 (Attn: Matthew Ward, Esq. (Matthew.Ward@wbd-us.com) and Marcy J. McLaughlin Smith, Esq. (Marcy.Smith@wbd-us.com)); and (h) parties entitled to notice in the Chapter 11 Cases pursuant to Local Rule 2002-1(b) (collectively, the "Notice Parties") a Declaration of Ordinary Course Professional (the "OCP Declaration"), substantially in the

form attached as <u>Exhibit C</u> to the Motion.  The OCP Declaration will be filed within 30 days of the date of entry of this Order.

(b)  The Notice Parties will have ten days after service of each OCP Declaration (the "<u>Objection Deadline</u>") to object to the Debtors' employment and compensation of such OCP.  Any objecting party will serve any such objection upon each of the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be consensually resolved within ten days of its receipt by the Debtors, the objection will be scheduled for a hearing before the Court at the next regularly scheduled omnibus hearing date or such other date otherwise agreeable to the parties thereto.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors will be authorized to employ and compensate such OCP in accordance with the OCP Procedures.

(c)  After retention in accordance with the procedures set forth above, each OCP may present to the Debtors a monthly invoice setting forth in reasonable detail the nature of the services rendered by such OCP for the applicable monthly period and calculated in accordance with such OCP's standard billing rates (without prejudice to the Debtors' right to dispute any invoice). The Debtors will be authorized to pay, without the requirement of further Court approval, 100% of the postpetition fees charged and expenses incurred by such OCP; *provided* that the fees charged by an OCP, excluding costs, shall not exceed the following amounts on average over a rolling three-month period (the "<u>Average Monthly Cap</u>"):

| OCP | Average Monthly Cap |
| :---: | :---: |
| Best Best & Krieger LLP | $250,000 |
| KPMG LLP | $100,000 |
| Davis Wright Tremaine LLP | $100,000 |
| Practus LLP | $20,000 |

(d)  The Debtors propose that they be authorized to make payments to OCPs in amounts in excess of the Average Monthly Cap with the prior consent of the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases.

(e)  In the event that the fees charged and invoiced by any OCP exceed the Average Monthly Cap set forth in clause (c) above, such OCP will be required to seek this Court's approval of all postpetition fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders (including those governing interim compensation of professionals), unless the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases agree

otherwise; *provided, however* that the applicable OCP shall be entitled to interim fee payment up to the Average Monthly Cap as credit against the fees ultimately allowed by the Court.

(f)    At three-month intervals during the pendency of the Chapter 11 Cases (each, a "Quarter"), beginning with the three-month interval beginning on the Petition Date and ending on September 15, 2026, the Debtors will file with the Court and serve upon the Notice Parties, no later than 30 days after the end of such Quarter, a statement that will include: (i) the name of each OCP; (ii) the amount paid as compensation for services rendered and reimbursement of expenses incurred by each OCP during the previous Quarter; and (iii) a general description of the services rendered by each OCP during the previous Quarter.

(g)    The Debtors reserve the right to supplement the list of OCPs in Exhibit B to the Motion from time to time, in their discretion, as necessary to add or remove OCPs without the need for further Court approval. In such event, the Debtors will file a supplemental list of OCPs with the Court and serve it on the Notice Parties. The Notice Parties will have ten days after service of a supplemental list (the "Supplemental List Objection Deadline") to object to the Debtors' employment and compensation of any professionals on a supplemental list. If no objection is received from any of the Notice Parties by the Supplemental List Objection Deadline, the Debtors will be authorized to employ and compensate each additional OCP on such supplemental list in accordance with the OCP Procedures set forth above.

4.    With the exception of the OCPs, all professionals that the Debtors employ in connection with the administration of the Chapter 11 Cases: (a) shall be employed by the Debtors pursuant to separate applications for employment subject to the Court's approval; and (b) shall be paid in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders.

5.    OCPs shall not perform substantial services relating to bankruptcy matters or be involved in the administration of the Chapter 11 Cases, but rather shall provide services in connection with the Debtors' ongoing business operations and services ordinarily provided by non-bankruptcy counsel and professionals.

6.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 13th, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**