**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Searles Valley Minerals Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and collectively, the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The global notes contained herein (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "Specific Notes" and, together with the Global Notes, the "Notes"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances. However, subsequent information or discovery may result in material changes to the Schedules and Statements, and errors or omissions may exist.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or otherwise subsequently to designate any

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

claim as "disputed," "contingent," or "unliquidated." Moreover, nothing contained in the Schedules, Statements, or these Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other applicable laws to recover assets or avoid transfers.

## A. Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any person for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1. **Description of the Chapter 11 Cases**. On June 15, 2026 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. On June 16, 2026, the Bankruptcy Court entered an order authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 44]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statement.

2. **Basis of Presentation**. In the ordinary course of business, the Debtors prepare consolidated financial statements for financial reporting purposes on a monthly basis. The Schedules and Statements are unaudited and are the result of the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. The Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be reconciled fully with the financial statements of each Debtor. The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements.

3. **Reporting Date**. Unless otherwise noted in specific responses, the Schedules and Statements reflect the Debtors' books and records as of June 15, 2026, or the latest available record date before then.

4. **Current Values**. The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on each of the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5. **Confidentiality**. There may be instances when personal information was not included or was redacted due to the nature of an agreement between a Debtor and a third party or to protect the privacy of an individual. Pursuant to the *Order (I) Authorizing the Debtors to Redact*

*Certain Personally Identifiable Information and (II) Granting Related Relief* [Docket No. 45], the Debtors are authorized to redact personally identifiable information from the Schedules and Statements.

6. **Accuracy**. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law, or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.

7. **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtors are scheduled as "undetermined," "unknown," or "N/A." The description of an amount as "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

8. **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information obtained and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve their rights to amend, supplement, or otherwise to modify the Schedules and Statements as needed.

9. **Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-Debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only, and their inclusion in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision-making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The listing of a party as an "insider" is not intended to be, and should not be construed as, a legal characterization of such party as an insider, and such listing as an insider does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

10. **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

11. **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

12. **Payment of Prepetition Claims Pursuant to First Day Orders**. The Debtors have requested authority to pay certain outstanding prepetition claims pursuant to orders entered by the Bankruptcy Court after the first day hearing in these cases (collectively, the "First Day Orders"). The Schedules and Statements reflect the Debtors' outstanding liabilities in the amounts owed as of the Petition Date without reducing liabilities on account of any payments authorized under the First Day Orders. If liabilities on account of prepetition wages and benefits have been satisfied in full, they are not listed on the Schedules and Statements unless otherwise noted.

13. **Other Paid Claims**. If the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement shall prevail, shall supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

14. **Setoffs**. The Debtors incur certain setoffs in the ordinary course of their business. Such setoffs may occur due to a variety of transactions or disputes, including but not limited to intercompany transactions, counterparty settlements, hedging obligations, refunds, and negotiations or other disputes between the Debtors, their vendors, and contract counterparties. These setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code. The Debtors reserve all rights to challenge any setoff or recoupment rights that may be asserted against them, including but not limited to any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

15. **Debtors' Reservation of Rights**. Nothing contained in the Schedules and Statements or these Notes shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including the following:

a. Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute, and to assert setoff rights, counterclaims, and defenses to, any claim reflected on the Schedules and Statements as to amount, liability, and classification, and otherwise subsequently to designate any claim as "disputed," "contingent," or "unliquidated."

b. Notwithstanding that the Debtors have made reasonable efforts to characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as needed.

c. The listing of a claim or agreement (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, the executory nature of the agreement

under section 365 of the Bankruptcy Code, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or agreement pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

d. In the ordinary course of business, the Debtors leased equipment and other assets from certain third-party lessors for use in their daily operations. The Debtors have made commercially reasonable efforts to list any such leases in Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F. Except as otherwise noted herein, the property subject to any such lease is not reflected in Schedule A/B as either owned property or an asset of the Debtors, nor is such property or assets of third parties within the control of the Debtors. Nothing in the Schedules and Statements is, or shall be construed as, an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such issues, including the recharacterization thereof.

e. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to such credits, allowances, and other adjustments, including the right to assert claim objections or setoffs with respect to the same.

f. Although the Debtors have made reasonable efforts to ensure the accuracy of the Schedules and Statements, the Schedules and Statements may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Schedules and Statements and to amend and supplement the Schedules and Statements as necessary.

g. The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute the characterization or the structure of any transaction, document, or instrument related to a creditor's claim.

h. The Debtors made reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. If such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts,

unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. Accordingly, the Debtors reserve their rights to amend and supplement the Schedules and Statements if additional Guarantees are identified. Moreover, the Debtors reserve the right to amend the Schedules and Statements to recharacterize and reclassify any such contract or claim.

16. **Global Notes Control**. If the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**B. <u>Specific Notes for Schedules</u>**

1. **Schedule A/B.**

a. **A/B.2**. The values reported in A/B 2 are as of June 15, 2026.

b. **A/B.3**. The values provided for in Schedule A/B, Item 3 for each account for a given Debtor reflect the ending cash balances of such accounts as of the Petition Date.

c. **A/B.7**. Deposits listed are potentially subject to offset by counterparties. The Miscellaneous Deposits consist of legacy transactions that never reached materiality threshold and should have been written off but are currently still reflected on the debtors' books and records. These consist of items such as lease deposits, prefunding claims manager deposits, etc.

d. **A/B.11.** For Debtor Searless Domestic Water Company LLC a methodology was used for calculating accounts receivable aging of 70% less than 90 days and 30% greater than 90 days based on the June month end AR Aging report given this split was not readily available as of the Petition Date.

e. **A/B.70–77**. Despite making commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules. The values reported in A/B.71 are as of June 15, 2026. Regarding A/B.73, insurance policies are listed in <u>Exhibit C</u> to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Maintain Existing Insurance Policies and Pay All Insurance Obligations Arising Thereunder and (B) Renew, Revise, Extend, Supplement, Change, and Enter Into New Insurance Policies; and (II) Granting Related Relief* [Docket No. 8].

2. **Schedule D**. Certain of the claims listed on Schedule D, as well as the Guarantees of those claims listed on Schedule H, arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost-prohibitive. Accordingly, not all of these dates are included for each such claim. To the best of the Debtors' knowledge, all claims listed on Schedule D arose or were incurred before the Petition

Date. The amounts in Schedule D are consistent with the Debtors' stipulations set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing; (B) Continue to Access Financing Under Its Receivables Facility; and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Lender; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing and (V) Granting Related Relief* [Docket No. 15], which are subject to investigation and challenge by the Official Committee of Unsecured Creditors or other parties in interest.

Except as otherwise agreed to or stated pursuant to a stipulation or order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates, subject to the foregoing limitations, state as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the descriptions provided on Schedule D are only intended to be a summary; and (c) the Debtors have not included on Schedule D claims that were secured by property for which the collateral was not in the Debtors' possession as of the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties that may hold security deposits or other security interests have not been listed on Schedule D.

The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

The Debtors have not listed on Schedule D certain insurance premium finance agreements which, while the insurance covers the Debtors, is financed through Karnavati Holding, Inc. which has pledged premium refunds to secure the premium finance obligations.

a. **D.2.30**. The Port of San Diego letter of credit was drawn postpetition involuntarily and the demand facility was paid down. The Debtors reserve all rights with respect to this letter of credit.

3. **Schedule E/F**

a. **Part 1**.

Certain of the claims listed on Schedule E/F (Part 1) arose and were incurred on multiple dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost-prohibitive. Accordingly, not all of these dates are included for each such claim.

The liabilities listed on Schedule E/F (Part 1) do not reflect any analysis of such claims under sections 503 or 507 of the Bankruptcy Code. The Debtors reserve the right to dispute

whether creditors listed on Schedule E/F are entitled to priority status pursuant to sections 503 or 507 of the Bankruptcy Code.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on Schedule E/F. However, certain of such claims may be subject to ongoing audits, or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as contingent, pending final resolution of ongoing audits or other outstanding issues.

b. **Part 2**.

The Debtors have exercised their commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor. However, as a result of the Debtors' consolidated operations, each Debtor's Schedule E/F should be reviewed for a complete understanding of the Debtors' unsecured obligations. Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and as such the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute any setoff or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have included trade creditors and taxing authorities on Schedule E/F, some of whose claims may have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtors have reflected the prepetition liabilities of such trade creditors and taxing authorities as of the Petition Date. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, and general reserves. The accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated, or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the extent practicable, Schedule E/F is intended to reflect the balance as of the Petition Date. Despite the Debtors' reasonable best efforts, to the extent an unsecured claim has been paid or may be paid, it is possible that such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to orders of the Bankruptcy Court, and the Debtors reserve their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of any claim. Additionally, Schedule E/F does not include any potential rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected.

4. **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements"), review is ongoing and inadvertent errors, omissions, or overinclusion may have

occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments or letter agreements that may not be set forth on Schedule G. In addition, as described herein, certain nondisclosure agreements or other confidential information have been omitted. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments, and agreements that may not be listed on Schedule G. Executory agreements that are oral in nature have not been included on Schedule G. Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors.

5. **Schedule H**. The Debtors are party to certain prepetition secured credit agreements that were executed by multiple Debtors. The obligations of guarantors under the prepetition secured credit agreements are noted on Schedule H for each Debtor. Moreover, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors.

## C. Specific Notes for Statements

1. **Statement 1.** The Debtors record revenue net of sales allowances, rebates, and discounts.

2. **Statement 3.** The payments disclosed on Statement 3 are based on payments made by the Debtors with payment dates from March 17, 2026 to June 15, 2026. The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment. The Debtors' accounts payable system does not include the corresponding payment clear dates, and compiling this data would have required a time-consuming manual review of individual bank statements. However, it is expected that many payments included on Statement 3 have payment clear dates that are the same as payment dates (e.g., wires and other forms of electronic payments). All payments flow from the Searles Valley Minerals master account on account of the other Debtors.

3. **Statement 5**. On occasion, the Debtors may return goods to vendors or suppliers in the ordinary course of business. These are listed on Statement 5, along with all returns of goods to vendors and suppliers.

4. **Statement 7**. The Debtors have used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date. The Debtors reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

5. **Statement 10**. Amounts listed herein were for events that were reported or tracked for insurance purposes. De minimis losses are not separately tracked by the Debtors and were not included on Statement 10.

6. **Statement 11**. The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately before the Petition Date, which are identified on Statement 11. Additional information regarding the Debtors' retention of professionals will be more fully described in the individual retention applications for such professionals and any related orders.

7. **Statement 20**. In the year preceding the Petition Date, inventory to which the Debtors took title upon shipment was temporarily stored in various locations, ports, railyards, and other storage facilities while in transit or otherwise not in the Debtors' possession.

8. **Statement 22–24**. There are no current violations, notifications or self-reporting obligations as of the Petition Date. Historically, the Debtors have been subject to violation notices and self-reporting obligations and have resolved such notices satisfactorily.

9. **Statement 26(d)**. Over the past two years, the Debtors have provided their financial statements via physical and electronic mail to various parties in the ordinary course of business, including current or potential secured lenders, government entities, shareholders, customers, and other interested parties. Considering the voluminous number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of **Statement 26d**.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Trona Railway Company LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (If known): | 26-10967 |

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B* | $ 0.00 |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B* | $ 86,694,873.49 + Undetermined |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B* | $ 86,694,873.49 + Undetermined |

## Part 2: Summary of Liabilities

| | |
|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* | $ Undetermined |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F* | $ Undetermined |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* | + $ Undetermined |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ Undetermined |

Fill in this information to identify the case:

Debtor name Trona Railway Company LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-10967

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property 12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2. **Cash on hand** | $ 0.00 |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. | | | $ |
| 3.2. | | | $ |

4. **Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1. | $ |
| 4.2. | $ |

5. **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. $

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

7. **Deposits, including security deposits and utility deposits**

| Description, including name of holder of deposit | Current value of debtor's interest |
|---|---|
| 7.1. | $ |
| 7.2. | $ |

Debtor Trona Railway Company LLC Case number (if known) 26-10967

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1.____ $____

8.2.____ $____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81. $____

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| **11. Accounts receivable** | | | | | |
| 11a. 90 days old or less: | $2,663.34 | – | $0.00 | = ........➔ | $2,663.34 |
| 11b. Over 90 days old: | $0.00 | – | $0.00 | = ........➔ | $0.00 |

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ 2,663.34

## Part 4: Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. ____ | ____ | $____ |
| 14.2. ____ | ____ | $____ |
| **15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: % of ownership: | | |
| 15.1.____ ____% | ____ | $____ |
| 15.2.____ ____% | ____ | $____ |
| **16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1.____ | ____ | $____ |
| 16.2.____ | ____ | $____ |

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83. $____

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** See Exhibit A/B P5, Q19 | MM / DD / YYYY | $ | | $ 57,000.36 |
| 20. **Work in progress** | MM / DD / YYYY | $ | | $ |
| 21. **Finished goods, including goods held for resale** | MM / DD / YYYY | $ | | $ |
| 22. **Other inventory or supplies** | MM / DD / YYYY | $ | | $ |

23. **Total of Part 5**
Add lines 19 through 22. Copy the total to line 84. $ 57,000.36

24. **Is any of the property listed in Part 5 perishable?**
☑ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes. Book value ______ Valuation method______ Current value______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $______________

34. **Is the debtor a member of an agricultural cooperative?**
- ☑ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☑ No
- ☐ Yes. Book value $______________ Valuation method ______________ Current value $______________

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☑ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
- ☑ No. Go to Part 8.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| ______________ | $______________ | ______________ | $______________ |
| 40. **Office fixtures** | | | |
| ______________ | $______________ | ______________ | $______________ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| ______________ | $______________ | ______________ | $______________ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1______________ | $______________ | ______________ | $______________ |
| 42.2______________ | $______________ | ______________ | $______________ |
| 42.3______________ | $______________ | ______________ | $______________ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $______________

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
- ☑ No
- ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

Debtor Trona Railway Company LLC Case number (if known) 26-10967
Name

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☐ No. Go to Part 9.
- ☑ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 See Exhibit A/B P8, Q47 | $ | | $ 0.00 |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| See Exhibit A/B P8, Q50 | $ | | $ 3,007,186.84 |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. $ 3,007,186.84

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

- ☐ No
- ☑ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes

Debtor Trona Railway Company LLC Case number (if known) 26-10967

## Part 9: Real property

54. **Does the debtor own or lease any real property?**
- ☑ No. Go to Part 10.
- ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. $

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
- ☑ No
- ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
- ☑ No
- ☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
- ☑ No. Go to Part 11.
- ☐ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. $

Debtor Trona Railway Company LLC
Name

Case number (*if known*) 26-10967

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

- [x] No
- [ ] Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

- [x] No
- [ ] Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

- [x] No
- [ ] Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

- [ ] No. Go to Part 12.
- [x] Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)

______________ Total face amount – ______________ doubtful or uncollectible amount = → $______________

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

______________ Tax year ________ $______________
______________ Tax year ________ $______________
______________ Tax year ________ $______________

73. **Interests in insurance policies or annuities**

See Exhibit A/B P11, Q73 $ Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

______________ $______________

**Nature of claim** ______________

**Amount requested** $______________

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

______________ $______________

**Nature of claim** ______________

**Amount requested** $______________

76. **Trusts, equitable or future interests in property**

______________ $______________

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

See Exhibit A/B P11, Q77 $ 83,628,022.95

______________ $______________

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90. $ 83,628,022.95 + Undetermined

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

- [x] No
- [ ] Yes

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 2,663.34 | | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 57,000.36 | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 3,007,186.84 | | |
| 88. **Real property.** *Copy line 56, Part 9.* . . . → | | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 83,628,022.95 + Undetermined | | |
| 91. **Total.** Add lines 80 through 90 for each column. . . . 91a. | $ 86,694,873.49 + Undetermined | + 91b. | $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . $ 86,694,873.49 + Undetermined

Fill in this information to identify the case:

Debtor name: Trona Railway Company LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-10967

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of claim** Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1 Creditor's name** See Exhibit D, P1

**Describe debtor's property that is subject to a lien** ______ $______ $______

**Creditor's mailing address** ______

**Describe the lien** ______

**Creditor's email address, if known** ______

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Date debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Specify each creditor, including this creditor, and its relative priority. ______

**As of the petition filing date, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**2.2 Creditor's name** ______

**Describe debtor's property that is subject to a lien** ______ $______ $______

**Creditor's mailing address** ______

**Describe the lien** ______

**Creditor's email address, if known** ______

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

**Date debt was incurred** ______

**Last 4 digits of account number** ___ ___ ___ ___

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
- ☐ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority. ______
  - ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ Undetermined

Fill in this information to identify the case:

Debtor name Trona Railway Company LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-10967

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☐ No. Go to Part 2.
   - ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1 Priority creditor's name and mailing address**<br>See Exhibit E, P1<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number** ___ ___ ___ ___<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br><br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $__________ | $__________ |
| **2.2 Priority creditor's name and mailing address**<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number** ___ ___ ___ ___<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br><br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $__________ | $__________ |
| **2.3 Priority creditor's name and mailing address**<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number** ___ ___ ___ ___<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **As of the petition filing date, the claim is:** *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br><br>**Is the claim subject to offset?**<br>☐ No<br>☐ Yes | $__________ | $__________ |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1 Nonpriority creditor's name and mailing address**
See Exhibit F, P2

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.2 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.3 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.4 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.5 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
❑ No
❑ Yes

**3.6 Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

$

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
❑ No
❑ Yes

Debtor Trona Railway Company LLC
Name

Case number (*if known*) 26-10967

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ Undetermined |
| 5b. **Total claims from Part 2** | 5b. | + | $ Undetermined |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | | $ Undetermined |

Fill in this information to identify the case:

Debtor name Trona Railway Company LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-10967 Chapter: 11

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   - ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 State what the contract or lease is for and the nature of the debtor's interest | See Exhibit G | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| 2.2 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| 2.3 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| 2.4 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| 2.5 State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |

Fill in this information to identify the case:

Debtor name: Trona Railway Company LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-10967

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**
   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | Street<br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |

Fill in this information to identify the case and this filing:

Debtor name Trona Railway Company LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-10967

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration_______________________________________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07/13/2026
MM / DD / YYYY

✘ /s/ Don Pemberton
Signature of individual signing on behalf of debtor

Don Pemberton
Printed name

Chief Financial Officer
Position or relationship to debtor

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT A/B P5, Q19 - RAW MATERIALS

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 19.1 | Fuels inventory | 57,000.36 | Book | 57,000.36 |
| | | | **Total** | **57,000.36** |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT A/B P8, Q47 - VEHICLES

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 47.1 | Backhoe | 0.00 | Book | 0.00 |
| 47.2 | Forklifts | 0.00 | Book | 0.00 |
| 47.3 | Loaders | 0.00 | Book | 0.00 |
| 47.4 | Locomotives | 0.00 | Book | 0.00 |
| 47.5 | Other Trucks | 0.00 | Book | 0.00 |
| 47.6 | Salt Culvert | 0.00 | Book | 0.00 |
| 47.7 | U1098 Telescopic Handler | 0.00 | Book | 0.00 |
| | **Total** | | | **0.00** |

Debtor: Trona Railway Company LLC Case No. 26-10967

# EXHIBIT A/B P8, Q50 - OTHER MACHINERY AND EQUIPMENT

| | Description | Net Book Value ($) | Valuation Method | Value ($) |
|---|---|---|---|---|
| 50.1 | Fire & Safety | 106,557.53 | Book | 106,557.53 |
| 50.2 | IT & Communications | 0.00 | Book | 0.00 |
| 50.3 | Mainline | 2,065,596.72 | Book | 2,065,596.72 |
| 50.4 | Misc. M&E | 0.00 | Book | 0.00 |
| 50.5 | Rail & Track | 42,466.16 | Book | 42,466.16 |
| 50.6 | Roads & Site Improvements | 18,445.83 | Book | 18,445.83 |
| 50.7 | Scales & Weighing | 176,009.88 | Book | 176,009.88 |
| 50.8 | TRC Mainline Project | 598,110.72 | Book | 598,110.72 |
| | **Total** | | | **3,007,186.84** |

Debtor: Trona Railway Company LLC Case No. 26-10967

# EXHIBIT A/B P11, Q73 - INTERESTS IN INSURANCE POLICIES OR ANNUITIES

| | Description | Value ($) |
|---|---|---|
| 73.1 | Aspen Specialty Insurance Company - Railroad Liability (Policy #: RL005HY26) | Undetermined |
| 73.2 | Colony Insurance Company - Excess Liability (Policy #: EXO4279124) | Undetermined |
| 73.3 | Colony Insurance Company - Site Pollution (Policy #: PEARL4295514) | Undetermined |
| 73.4 | Continental Casualty Co. (CNA) - Inland Marine (Policy #: 7095144484) | Undetermined |
| 73.5 | Convex/Lloyds - Terrorism (Policy #: B0621MKARN000225) | Undetermined |
| 73.6 | Everest National Insurance Company - General Liability (Policy #: CF8GL00325261) | Undetermined |
| 73.7 | Federal Insurance Company (Chubb) - Executive Risk (Policy #: J06727177) | Undetermined |
| 73.8 | Greenwich Insurance Company (AXA XL) - Automobile (Policy #: RAD943764912) | Undetermined |
| 73.9 | National Union Fire Insurance Company of Pittsburgh (AIG) - Property (Policy #: 62455836) | Undetermined |
| 73.10 | Navigators Insurance Company (Hartford) - Marine Terminal Operators/Cargo Owners Liability (Policy #: HO25LIAZ01EDK01) | Undetermined |
| 73.11 | Skyward Specialty - Property (Policy #: MNG-HS-IM-0000059-00) | Undetermined |
| 73.12 | Starr Indemnity & Liability Co. - Stock Throughput (Policy #: MASICCH1139US25) | Undetermined |
| 73.13 | Starr Surplus Lines Insurance Company - Property (Policy #: 25SSLDOCD339021) | Undetermined |
| 73.14 | Swiss Re Corporate Solutions Elite Ins. Corp. - Property (Policy #: MNG000014806) | Undetermined |
| 73.15 | The Insurance Company of the State of Pennsylvania (AIG) - Foreign Package (Policy #: WS11001469) | Undetermined |
| 73.16 | XL Insurance America, Inc.<br>(AXA XL) - Equipment Breakdown (Policy #: US00157577PR25A) | Undetermined |
| 73.17 | XL Specialty Insurance Company - Lead Umbrella (Policy #: US00078446LI26A) | Undetermined |
| 73.18 | XL Specialty Insurance Company - Workers' Compensation (Policy #: RWD943540912) | Undetermined |
| | **Total** | **Undetermined** |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT A/B P11, Q77 - OTHER PROPERTY

| | Description | Value ($) |
|---|---|---|
| 77.1 | Intercompany Receivable - Searles Valley Minerals Inc | 83,628,022.95 |
| | **Total** | **83,628,022.95** |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT D P1 - SECURED CREDITORS

| | Creditor's Name, Address, Email | Property Subject to Lien | Describe Lien | Date | Last 4 | Multi Cred | Insider | Codebtor | C/U/D | Claim Amt ($) | Collateral ($) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Amergin Rail 2023-1, LLC<br>1100 HOLLAND DR, Boca Raton, FL, 33487 | UCC Initial Filing No. CIVVS2603064 | Breach of Contract/Warranty | 4/14/2026 | | No | No | No | U | Undetermined | Undetermined |
| 2.2 | Amergin Rail 2023-1, LLC<br>1100 HOLLAND DR, Boca Raton, FL, 33487 | UCC Initial Filing No. CIVVS2603064 | Breach of Contract/Warranty | 4/14/2026 | | No | No | No | U | Undetermined | Undetermined |
| 2.3 | Infinity Transportation 2020-1, LLC<br>20 Guest Street, 9th Floor, Brighton, MA, 02135-2040 | UCC Initial Filing No. CIVVS2603963 | Breach of Contract/Warranty | 5/20/2026 | | No | No | No | U | Undetermined | Undetermined |
| 2.4 | Infinity Transportation 2020-1, LLC<br>20 Guest Street, 9th Floor, Brighton, MA, 02135-2040 | UCC Initial Filing No. CIVVS2603963 | Breach of Contract/Warranty | 5/20/2026 | | No | No | No | U | Undetermined | Undetermined |
| 2.5 | Infinity Transportation 2024, LLC<br>20 Guest Street, 9th Floor, Brighton, MA, 02135-2040 | UCC Initial Filing No. CIVVS2603963 | Breach of Contract/Warranty | 5/20/2026 | | No | No | No | U | Undetermined | Undetermined |
| 2.6 | Infinity Transportation 2024, LLC<br>20 Guest Street, 9th Floor, Brighton, MA, 02135-2040 | UCC Initial Filing No. CIVVS2603963 | Breach of Contract/Warranty | 5/20/2026 | | No | No | No | U | Undetermined | Undetermined |
| 2.7 | Keith Wilhite<br>c/o Marc J. Bern & Partners LLP, 7111 Santa Monica Blvd., Suite B-442, West Hollywood, CA, 90046 | UCC Initial Filing No. CIVVS2504948 | Pending Suit | 7/15/2025 | | No | No | No | U | Undetermined | Undetermined |
| | | | | | | | | | **Total Claims** | **Undetermined** | |

Debtor: Trona Railway Company LLC | Case No. 26-10967

# EXHIBIT E P1 - UNSECURED PRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Priority Code | Basis for Claim | Offset | C/U/D | Total Claim ($) | Priority Amt ($) |
|---|---|---|---|---|---|---|---|---|---|
| 2.1 | ALABAMA DEPARTMENT OF REVENUE<br>AD VALOREM TAX DIV, PUB UTIL SEC, POB 327210, Montgomery, AL, 36132-7210 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.2 | Arizona Department of Revenue<br>PO BOX 29207, Phoenix, AZ, 85038-9207 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.3 | CA DMV<br>2415 1st Avenue, Sacramento, CA, 95818 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.4 | CA DOT<br>1120 N Street, Sacramento, CA, 95814 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.5 | CALIFORNIA AIR RESOURCES BOARD<br>CARB/PERP, PO BOX 2038, Sacramento, CA, 95812 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.6 | California Department of Revenue<br>P.O. Box 942879, Sacramento, CA, 94279 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.7 | California Department of Tax and Fee Administration<br>PO BOX 695, Ridgecrest, CA, 93555 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.8 | Commonwealth of PA<br>1 Strawberry Square, Harrisburg, PA, 17120 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.9 | County of Inyo Dave Stottlemyre, Assessor<br>PO Box 942879, MIC:61, Sacramento, CA, 94279-0061 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.10 | County of Kern<br>1115 TRUXTON AVE 3RD FLOOR, Bakersfield, CA, 93301 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.11 | County of San Bernardino<br>385 N ARROWHEAD AVE, San Bernardino, CA, 93555 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.12 | County of San Diego, DEH<br>PO BOX 129261, San Diego, CA, 92112-9261 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.13 | DEPARTMENT OF REVENUE (FL)<br>STATE OF FLORIDA, 5050 W TENNESSEE ST, Tallahassee, FL, 32399 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |

Debtor: Trona Railway Company LLC Case No. 26-10967

# EXHIBIT E P1 - UNSECURED PRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Priority Code | Basis for Claim | Offset | C/U/D | Total Claim ($) | Priority Amt ($) |
|---|---|---|---|---|---|---|---|---|---|
| 2.14 | DEPARTMENT OF REVENUE (IL)<br>PO BOX 19045, Springfield, IL, 62794-9045 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.15 | DEPARTMENT OF REVENUE (IN)<br>PO BOX 6192, Indianapolis, IN, 46206 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.16 | DEPARTMENT OF REVENUE (MO)<br>PO BOX 453, Jefferson City, MO, 65102 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.17 | DEPARTMENT OF REVENUE (MT)<br>PO BOX 6309, Helena, MT, 59604-6309 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.18 | DEPARTMENT OF REVENUE (WY)<br>ATTN; ADMINISTRATOR CAR TAX, 122 WEST 25TH ST, Cheyenne, WY, 82002 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.19 | DEPARTMENT OF REVENUE-OREGON<br>PO BOX 14950, Salem, OR, 97309-0950 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.20 | DEPARTMENT OF TAXATION<br>1550 E. COLLEGE PKWY,SUITE 115, Carson City, NV, 89706 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.21 | Department of Taxation and Finance (NY)<br>WA HARRIMAN STATE CAMPUS, BLDG 8A, Albany, NY, 12227-0801 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.22 | Department of the Treasury Internal Revenue Service<br>1111 Constitution Avenue NW, Washington, DC, 20224 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.23 | DEPARTMENT OF TOXIC SUBSTANCES-CA<br>PO BOX 806, Sacramento, CA, 95812-0806 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.24 | EASTERN KERN AIR POLLUTION<br>CONTROL DISTRICT, 2700 "M" ST SUITE 302, Bakersfield, CA, 93301 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.25 | FLORIDA DEPARTMENT OF REVENUE<br>PO BOX 5139, Tallahassee, FL, 32314-5139 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.26 | GEORGIA DEPARTMENT OF REVENUE<br>PO BOX 105136, Atlanta, GA, 30348-5136 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT E P1 - UNSECURED PRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Priority Code | Basis for Claim | Offset | C/U/D | Total Claim ($) | Priority Amt ($) |
|---|---|---|---|---|---|---|---|---|---|
| 2.27 | Health Canada<br>Address Locator 1801B, Ottawa, Ontario, K1A 0K9, Canada | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.28 | Illinois Department of Revenue<br>101 West Jefferson Street, Springfield, IL, 62702 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.29 | INDIANA DEPARTMENT OF REVENUE<br>100 N. SENATE AVE MS112, Indianapolis, IN, 46204 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.30 | INYO COUNTY TAX COLLECTOR<br>PO BOX O, Independence, CA, 93526 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.31 | IOWA DEPARTMENT OF REVENUE<br>PO BOX 10468, Des Moines, IA, 50306-0468 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.32 | Jordan Z. Marks, San Diego County Assessor/Recorder/Clerk<br>9225 Clairemont Mesa Blvd., San Diego, CA, 92123-1211 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.33 | Josie Gonzales, Assessor-Recorder-County Clerk<br>222 W. Hospitality Lane, 4th Floor, San Bernadino, CA, 92415-0311 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.34 | KANSAS DEPARTMENT OF COMMERCE<br>1000 S.W. JACKSON ST, SUITE 100, Topeka, KS, 66612-1354 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.35 | Kentucky Department of Revenue<br>501 High Street, Frankfort, KY, 40620 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.36 | Laura Avila Kern County Assessor<br>1115 Truxton Ave., Bakersfield, CA, 93301-4617 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.37 | MISSOURI DEPARTMENT OF REVENUE<br>PO BOX 3365, Jefferson City, MO, 65102 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.38 | MOJAVE DESERT AIR QUALITY<br>MANAGEMENT DISTRICT, 14306 PARK AVE, Victorville, CA, 92392 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.39 | N.C. DEPARTMENT OF REVENUE<br>PO BOX 25000, Raleigh, NC, 27640-0520 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT E P1 - UNSECURED PRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Priority Code | Basis for Claim | Offset | C/U/D | Total Claim ($) | Priority Amt ($) |
|---|---|---|---|---|---|---|---|---|---|
| 2.40 | NEW JERSEY DIVISION OF TAXATION<br>OFFICE AUDIT-SPECIAL, PO BOX 271, Trenton, NJ, 08695-0271 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.41 | NEW MEXICO TAXATION AND REVENUE DEPT<br>PO BOX 25127, Santa Fe, NM, 87504-5127 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.42 | OKLAHOMA TAX COMMISSION<br>PO BOX 269027, Oklahoma City, OK, 73126 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.43 | OKLAHOMA TAX COMMISSION<br>PO BOX 26890, Oklahoma City, OK, 73126 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.44 | SAN BERNARDINO CO-DEPT OF HEALTH ENVIRONMENTAL HEALTH SERVICES<br>385 N ARROWHEAD AVE-2ND FLOOR, San Bernardino, CA, 92415 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.45 | SAN BERNARDINO COUNTY FIRE DEPT<br>157 W. FIFTH ST, SECOND FLOOR, San Bernardino, CA, 92415 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.46 | San Bernardino County Public Health<br>385 N ARROWHEAD AVE, 3RD FLOOR, San Bernardino, CA, 92415 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.47 | SAN BERNARDINO COUNTY-TAX COLLECTOR<br>268 W. HOSPITALITY LANE, FIRST FLOOR, San Bernardino, CA, 92415 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.48 | SAN DIEGO AIR POLLUTION CONTROL DI<br>10124 OLD GROVE RD, San Diego, CA, 92131 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.49 | State of California Board of Equilization<br>PO Box J, Independece, CA, 93526 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.50 | STATE OF MICHIGAN DEPARTMENT OF TREASURY<br>PO BOX 30774, Lansing, MI, 48909-8274 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.51 | State of New York<br>State Processing Center, PO Box 61000, Albany, NY, 12261-0001 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT E P1 - UNSECURED PRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Priority Code | Basis for Claim | Offset | C/U/D | Total Claim ($) | Priority Amt ($) |
|---|---|---|---|---|---|---|---|---|---|
| 2.52 | State of North Carolina<br>PO Box 25000, Raleigh, NC, 27640-0640 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.53 | State Water Resources Control Board<br>SITE CLEANUP PROGRAM (SCP), P.O. Box 1888, Sacramento, CA, 95812-1888 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.54 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>P.O. BOX 149348, Austin, TX, 78714-9348 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.55 | Texas Department of Revenue<br>111 East 17th Street, Austin, TX, 78774 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| 2.56 | US DOT HAZMAT REG<br>1200 New Jersey Avenue, SE, Washington, DC, 20590 | Various | | 8 | Taxes | No | U | Undetermined | Undetermined |
| | | | | | | | | **Undetermined** | **Undetermined** |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT F P2 - UNSECURED NONPRIORITY CREDITORS

| | Creditor's Name and Address | Date | Last 4 | Basis for Claim | C/U/D | Amt Claim ($) |
|---|---|---|---|---|---|---|
| 3.1 | Keith Wilhite<br>c/o Marc J. Bern & Partners LLP, 7111 Santa Monica Blvd., Suite B-442, West Hollywood, CA, 90046 | Various | | Litigation | C/U/D | Undetermined |
| | | | | | **Total** | **Undetermined** |

Debtor: Trona Railway Company LLC

Case No. 26-10967

# EXHIBIT G - EXECUTORY CONTRACTS

| | Counterparty Name and Address | Contract Description | Term Remaining | Govt # |
|---|---|---|---|---|
| 2.1 | First-Citizens Bank & Trust Company<br>30 South Wacker Drive, Suite 2900, Chicago, IL, 60606 | Amendment No. 05 to Rider No. 01 - 223 Group B Covered Hopper Cars | Jan 2032 | |
| 2.2 | PNC Bank, National Association / Amergin Asset Management, LLC<br>1100 Holland Drive, Boca Raton, FL, 33487 | Notice and Acknowledgment of Assignment - Railcar Lease Rider No. 2 | Oct 2025 | |
| 2.3 | Progress Rail Leasing Corporation<br>25083 Network Place, Chicago, IL, 60673-1250 | Amendment 06 to Rider No. 1 (Lease ID 5423-R) | 03/31/2033 | |
| 2.4 | The CIT Group/Equipment Financing, Inc.<br>30 South Wacker Drive, Suite 2900, Chicago, IL, 60606 | Amendment No. 04 to Rider No. 01 - 228 Group A Covered Hopper Cars | Jan 2026 | |
| 2.5 | The CIT Group/Equipment Financing, Inc.<br>30 South Wacker Drive, Suite 2900, Chicago, IL, 60606 | Amendment No. 06 to Rider No. 02 - 15 Covered Hopper Cars (>=4,700 c.f.) | May 2035 | |
| 2.6 | The CIT Group/Equipment Financing, Inc.<br>30 South Wacker Drive, Suite 2900, Chicago, IL, 60606 | Master Net Railcar Lease Schedule No. 05 - 35 Covered Hopper Cars (>=4,700 c.f.) for Soda Ash | July 2030 | |
| 2.7 | Union Pacific Railroad Company<br>PO BOX 843465, Dallas, TX, 75284 | Amendment to Confidential Rail Transportation Contract | 12/31/2026 | |
| 2.8 | Union Pacific Railroad Company<br>PO BOX 843465, Dallas, TX, 75284 | Confidential Rail Transportation Contract | 12/31/2026 | |