**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Related Docket No(s). 12, 15, 50, 161 |

**DECLARATION OF JOHN S. DUBEL IN SUPPORT OF**
**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I)**
**AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING; (B)**
**CONTINUE TO ACCESS FINANCING UNDER ITS RECEIVABLES FACILITY; AND**
**(C) UTILIZE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO**
**THE PREPETITION SECURED LENDER; (III) MODIFYING THE AUTOMATIC**
**STAY; (IV) SCHEDULING FINAL HEARING AND (V) GRANTING RELATED**
**RELIEF [DOCKET NO. 15] AND THE MOTION OF THE DEBTORS FOR ENTRY OF**
**INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO ASSUME SODA**
**ASH SUPPLY AND LIQUIDITY AGREEMENT**
**AND OBTAIN FINANCING THEREUNDER [DOCKET NO. 12]**

I, John S. Dubel, hereby declare under penalty of perjury:

1. I am the independent director (the "**Independent Director**") of Searles Valley Minerals Inc. ("**SVM**") (together with Trona Railway Company LLC and Searles Domestic Water Company LLC, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and the sole member of the Independent Committee (as defined below). In addition to serving as the Independent Director at SVM, I am the Chief Executive Officer of Dubel & Associates, LLC, a provider of restructuring and turnaround services to underperforming companies, which I founded in 1999. I have over 40

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

years of experience in board representation, turnaround management, crisis management, operational restructurings and divestments with respect to distressed companies, advising both debtors and creditors and serving in various roles, including as a member of and chair of boards of directors, chief executive officer, chief restructuring officer, president, chief operating officer, chief financial officer, and as an outside advisor.  Specifically, I have served on the board of, been the responsible party for or been part of the management of over 50 companies in high-profile, contentious restructuring situations, including serving as the Special Committee Chairman of Purdue Pharma Inc., Chief Financial Officer of WorldCom, Inc. (after discovery of massive fraud), Chief Executive Officer and Chief Restructuring Officer of SunEdison, Inc., and as an independent board member for Highland Capital Management, LP and Alpha Media Holdings, LLC, among numerous others in board representation, turnaround and crisis management, and restructurings with respect to distressed companies.  I have been a partner in a distressed investment fund and have also served as the Chair of the Unsecured Creditors Committee in the Residential Capital chapter 11 proceedings.  Thus, my experience is on both the company side and creditor side of restructurings.  I am a member of the American Bankruptcy Institute.  I received a bachelor's degree in business administration from the College of William and Mary.

2.      I submit this declaration (this "**Declaration**") in support of the *Motion of Debtors For Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing; (B) Continue Access Financing Under Its Receivables Facility; and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Lender; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing and (V) Granting Related Relief* [Docket No. 15] (the "**DIP Motion**"), the *Motion of the Debtors for Entry of Interim and Final Orders Authorizing the Debtors to Assume Soda Ash Supply and Liquidity Agreement and Obtain*

*Financing Thereunder* [Docket No. 12] (the "**Supply Agreement Motion**"), and the *Reply of Debtors to Objection of the Committee of Unsecured Creditors to the Motion of Debtors For Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing; (B) Continue Access Financing Under Its Receivables Facility; and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Lender; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing and (V) Granting Related Relief* (the "**Reply**").[2]

3.      Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.  If called to testify, I would testify competently to the facts set forth in this Declaration.

### Appointment and Delegation of Authority

4.      I was appointed as the Independent Director by the board of directors of SVM (the "**Board**") effective as of May 26, 2026.  On June 1, 2026, the sole stockholder of SVM, Karnavati Holdings, Inc. ("**KHI**") passed resolutions by an Action by Written Consent of the Sole Stockholder attached hereto as **Exhibit A** (the "**Appointment Resolutions**"), which ratified, approved, confirmed and accepted all actions taken by John S. Dubel from and after May 26, 2026 through June 1, 2026. Prior to my appointment, I had no prior association of any kind with KHI, Nirma, or the Debtors. Pursuant to the terms of the Appointment Resolutions, KHI delegated to me and any other disinterested members of the Board, the power and authority to review, negotiate, authorize approve, implement and otherwise act on behalf of the Company with respect to any

---

[2]   Capitalized terms used but not otherwise defined in this Declaration shall have the meanings ascribed to them in the DIP Motion or Supply Agreement Motion, as applicable.

transaction, agreement, arrangement, matter or other action in which KHI or any affiliate of KHI had, has or may have an actual or potential conflict of interest with SVM (each, a "**Conflict Matter**"). The resolutions provided that SVM cannot, without my prior affirmative consent, approve any Conflict Matter.

5. The Appointment Resolutions also provide that SVM cannot approve, without my prior affirmative consent, "the incurrence of additional debt financing, the recapitalization of [SVM], and/or a sale, merger, consolidation, restructuring, asset sale (other than in the ordinary course of business) or similar transaction involving" SVM (each, a "**Restructuring Transaction**") without my prior affirmative consent. I have been advised by counsel to SVM that such provisions effectively provide me with a veto right over any Conflict Matters or Restructuring Transactions.

**Involvement in Negotiation and Approval of the Parent Junior DIP Facility and**

**Reimbursement Agreement**

6. Since my appointment on May 26, 2026, I worked closely with management and the Debtors' advisors in reviewing, evaluating and providing significant input and guidance on negotiating the terms of the Parent Junior DIP Facility, the Supply Agreement and the Reimbursement Agreement. I reviewed the proposed terms of the DIP Credit Agreement and applicable Orders, including reviewing drafts and revisions of the same, and had frequent phone calls with counsel for the Debtors on the negotiations of key terms. I also reviewed the proposed terms of the Supply Agreement and Reimbursement Agreement, including the requirement to grant Nirma liens in exchange for Nirma's entry into the Reimbursement Agreement. I provided significant input and guidance in negotiating carve-outs from the collateral including carve-outs for causes of action against affiliates and avoidance actions, and ensuring liens would only attach to proceeds of affiliate causes of action and avoidance actions at a final hearing. I consulted with

management and the Debtors' advisors regarding the terms of the Parent Junior DIP Facility, and, alongside the Debtors' advisors, provided significant input and guidance on the negotiation of the terms of the Parent Junior DIP Facility.  In addition, I consulted with management and the Debtors' advisors regarding the terms of the Supply Agreement and Reimbursement Agreement and, alongside the Debtors' advisors, provided significant input and guidance on the negotiation of key terms of the Reimbursement Agreement.  Ultimately, I, in my capacity as the sole member of the Independent Committee (as defined below), approved the Debtors' entry into the DIP Credit Agreement.  In addition, I and the Board's other independent directors approved the terms of the Supply Agreement and Reimbursement Agreement.  I believe that the terms of the Parent Junior DIP Facility, Supply Agreement and Reimbursement Agreement, and the liquidity provided thereunder, are reasonable, represent the most favorable terms available to the Debtors under the circumstances, and are in the best interests of the Debtors and their estates.

### Formation of the Independent Committee

7.      On June 12, 2026, the Board formed an independent committee (the "**Independent Committee**"), comprised solely of myself, that was delegated exclusive authority to review the terms, negotiate, and approve transactions between KHI and the Debtors, including the terms of the Parent Junior DIP Facility.  I understand from the Debtors' counsel, Skadden, that the Independent Committee was formed as an enabling body under SVM's bylaws to allow me to affirmatively approve Conflicts Matters and Restructuring Transactions.  As previously noted, since my appointment on May 26, 2026, I understood that I had the right to veto any such Conflicts Matters or Restructuring Transactions.  Moreover, I understand that action by the Board required the vote of a majority of directors at a meeting at which a quorum is present.  I understand that I, voting alone following the recusal of other interested directors, may not constitute a quorum.

Moreover, I also understand that the SVM bylaws permit the Board to designate a committee, which may have the authority of the Board to the extent provided in the Board's resolutions.  I understand that the committee can act by the vote of a majority of the committee members at which a quorum is present.  Accordingly, I understand that in order to delegate authority to me, as the Independent Director, to vote on the Parent Junior DIP Facility, the Independent Committee was constituted.

**<u>Commencement of These Chapter 11 Cases</u>**

8.      Prior to the Petition Date, and given the status of the Debtors' sale process at the time, I, along with other members of the Board, discussed the timing of the filing of the Chapter 11 Cases and considered postponing the filing of the Chapter 11 cases at least a week or more to allow the Debtors to continue to pursue a stalking horse buyer.  However, utility providers had threatened to discontinue service without payout of significant invoices, and the Debtors already faced contracting trade terms from vendors.  In light of the Company's liquidity position and risks of further delaying the filing, I, with the rest of the Board, ultimately resolved to commence the Chapter 11 Cases on June 15, 2026.

I, John S. Dubel, pursuant to section 1746 of title 28 of the United States code hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 17, 2026

*/s/ John S. Dubel*
John S. Dubel
Independent Director
Searles Valley Minerals Inc.
