**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Searles Valley Minerals, Inc., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | **Obj. Deadline: July 24, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: August 26, 2026 at 1:30 p.m. (ET)** |
| | | **Re: D.I. 166** |

**LIMITED OBJECTION OF PROCESS EQUIPMENT, INC.**
**TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Process Equipment, Inc. dba Process Barron ("Process"), by its undersigned counsel, hereby files its limited objection (the "Objection") to the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [D.I. 166] (the "Cure Notice") filed by the above-captioned debtors (the "Debtors"), and in support thereof respectfully states as follows:

## BACKGROUND

### A. Master Work Agreement and Purchase Order CS2407540

1. Searles Valley Minerals, Inc. (the "Debtor") contracted with Process under that certain Master Work Agreement for Construction or Field Services, dated December 5, 2024 ("MWA") and Purchase Order CS2407540, dated December 19, 2024 (the "PO" and together with the MWA, the "Contract") to provide design engineering, labor, equipment, and materials relating to the Trona Boiler ID & FD Fan Electrification Project located at 13200 Main Street, Trona, CA 93562 (the "Property"). The PO established a fixed base contract value of

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Mineral Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

$3,177,435.00 and expressly provided that progress payments would be made net 30 days from invoice in accordance with the milestone payment schedules. The first date labor/materials were provided was February 7, 2025 and the last date was May 26, 2026. Thereafter, Debtor payment defaulted on Process's invoices ("Invoices") that were duly issued following earned milestones. When Debtor failed to pay the Invoices, Process noted Debtor's default and, on June 16, 2026, Process filed a Mechanic's Lien with the Office of County Recorder, San Bernardino, State of California.

2. Process holds a valid statutory mechanic's lien (the "Mechanic's Lien") under Section 8000 et. seq. of the Civil Code of the State of California, against the Property in the amount of $3,178,916.26.

**B. The Debtors' Bankruptcy Cases**

3. On June 15, 2026, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). The Debtors continue to manage their operations and financial affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On June 19, 2026, Process filed the *Notice of Perfection of Mechanics Lien* [D.I. 84] under U.S.C. § 546(b)(2) to preserve, maintain, and continue the perfection of its Mechanic's Lien.

5. On July 7, 2026, the Court entered the *Order (A) Approving Bidding Procedures for the Sale of Certain or All of the Debtors' Assets; (B) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections; (C) Approving Assumption and Assignment Procedures; (D) Scheduling a Hearing to Consider Any Proposed Sale; and (E) Granting Certain Related Relief* [D.I. 140] (the "Bidding Procedures Order").

**6.** On July 10, 2026, the Debtors filed the Cure Notice. [D.I. 166]. The Cure Notice includes the Purchase Order CS2407540. *See* Exhibit A to the Cure Notice at Contract ID 85. The Debtors list the proposed cure amount as $2,541,948.00 (the "Proposed Cure Amount").

## LIMITED OBJECTION

### A. The Debtors Must Cure All Defaults under the Contract

7. As a matter of law, the Debtors cannot assume and/or assign the Contract unless and until the Debtors (i) cure any and all existing defaults under the Contract, and (ii) provide adequate assurance of future performance of their obligations (or those of any assignee) under the Contract. 11 U.S.C. § 365.[2]

8. Pursuant to 11 U.S.C. §365(b)(1) of the Bankruptcy Code, in the event that a debtor has defaulted on an executory contract or unexpired lease, the debtor is prohibited from assuming the contract or unexpired lease unless it cures all defaults thereunder. "Under section 365(b)(1)(A), both pre- and post-petition defaults must be cured: 'The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available.'" 3 COLLIER ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th Ed. (Rev. 2008).) Accordingly, to assume an executory contract, a debtor must cure all monetary defaults existing as of the effective date of such assumption (or provide adequate assurance of prompt cure of such amount). *See Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002). These conditions "protec[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor." *Id.*

---

[2] The Debtors have the burden to show that an executory contract is assumable and that the requirements of section 365 of the Bankruptcy Code are met. 11 U.S.C. § 365(a).

9. As of the date hereof, the Debtor owes Process an amount no less than $3,178,916.26 (the "Actual Cure Amount"), which includes the unpaid balance under the Contract together with accrued interest and costs on the past-due Invoices as provided under the Contract and applicable California law, and which may continue to accrue.

10. This Limited Objection is filed to note that the Proposed Cure Amount is incorrect and not sufficient to cure all existing defaults under the Contract. Process objects to the Proposed Cure Amount as set forth in the Cure Notice. Unless and until the Debtors pay the Actual Cure Amount to Process, Process objects to any assumption, or assumption and assignment, of the Contract.

**B. The Debtors Have Failed to Provide Adequate Assurance of Future Performance.**

11. In addition, the Debtors must provide Process with adequate assurance of future performance under the Contract. Under section 365(b)(1)(C), assumption and assignment of an executory contract is improper unless a debtor or its assignee demonstrates adequate assurance of future performance. *See, e.g., In re Metromedia Fiber Network, Inc.*, 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (denying proposed assumption where debtor failed to provide adequate assurance of future performance).

12. Accordingly, Process objects to any assumption, or assumption and assignment, of the Contract until such time as the Debtors (and any prospective assignee) provide Process adequate assurance of future performance.

## RESERVATION OF RIGHTS

13. Nothing herein is intended to be, or should be construed as, a waiver by Process of any of its rights under the Contract, the Bankruptcy Code, or applicable law, including other orders of this Court entered herein. Process expressly reserves all such rights, including without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional

objections to the assumption and/or assignment of the Contract on any and all ground including additional amounts, if any, to the Actual Cure Amount that are owed by the Debtors and discovered by Process following the filing of this Objection; (ii) join in any objection to the Cure Notice by any other creditor or party in interest, to the extent such objection is not inconsistent with the arguments set forth herein; (iii) and raise the arguments made herein and additional arguments in connection with any hearing regarding the Cure Notice, including whether the Contract designated by the Debtors is an executory contract that may be assumed and assigned.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Process respectfully requests that any order entered by the Court authorizing the assignment of the Contract be conditioned upon the Debtors providing such adequate assurance of future performance and payment of the Actual Cure Amount to Process, and grant such other and further relief, at law or in equity, in favor of Process as may be just and proper.

Dated: July 24, 2026
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE 3995)
Chan (Cora) Dong (DE #7393)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
dong@teamrosner.com

*Counsel to Process Equipment, Inc.*