# <u>EXHIBIT A</u>

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**ORDER APPROVING THE IMPLEMENTATION OF THE DEBTORS' (I) KEY EMPLOYEE INCENTIVE PLAN AND (II) NON-INSIDER KEY EMPLOYEE RETENTION PLAN**

Upon the motion (the "**Motion**")[2] of the Debtors for an order (this "**Order**") authorizing, but not directing, the Debtors to implement the proposed key employee incentive plan (the "**KEIP**") and non-insider key employee retention plan (the "**KERP**"); and upon consideration of the First Day Declaration, the Gund Declaration, and the Friske Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)–(b)(1) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion's request for relief granted herein having been given

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

under the circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Implementation of the KEIP and KERP as presented by the Debtors' Motion is based on the Debtors' sound business judgment and is justified by the facts and circumstances of the Debtors' chapter 11 proceedings.

3. The Debtors are authorized, but not directed, to take all necessary actions to implement the proposed KEIP and KERP pursuant to the terms set forth in the Motion and to make all payments pursuant thereto.

4. The claims of participants under the KEIP and KERP, as such claims arise under and in connection to the KEIP and KERP, are entitled to and shall be accorded administrative expense status and priority under Bankruptcy Code sections 503(b)(1)(A) and 507(a)(2).

5. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or

bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

6. Notice of the Motion satisfies the requirements set forth in Bankruptcy Rule 6004(a).

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.