**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING THE IMPLEMENTATION OF THE DEBTORS' (I) KEY EMPLOYEE INCENTIVE PLAN AND (II) NON-INSIDER KEY EMPLOYEE RETENTION PLAN**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):[2]

**Relief Requested**

1. By this Motion, the Debtors respectfully request entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**: (a) shortening notice on the *Motion of Debtors for Entry of an Order Approving the Implementation of the Debtors' (I) Key Employee Incentive Plan and (II) Non-Insider Key Employee Retention Plan* (the "KEIP-KERP Motion");[3] (b) setting a hearing to consider the KEIP-KERP Motion before the United States Bankruptcy Court for the District of Delaware (the "Court") on **August 6, 2026 at 10:00 a.m. (prevailing**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Rudolph Morando in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 5].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the KEIP-KERP Motion.

**Eastern Time)** (the "Hearing"); (c) setting an objection deadline with respect to the relief requested in the KEIP-KERP Motion; (d) setting a reply deadline with respect to the relief requested in the KEIP-KERP Motion; and (e) granting related relief.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of the United States Code (the "Bankruptcy Code"), Rules 1001, 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1.

## Background

5. On June 15, 2026 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered under Local Bankruptcy Rule 1015-1. The Debtors continue to operate

their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 26, 2026 and June 29, 2026, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket Nos. 104, 109] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7. The Company's business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the *Declaration of Adrian Frankum in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 17].

8. By the KEIP-KERP Motion, the Debtors seek approval of their proposed key employee incentive plan (the "KEIP") and non-insider key employee retention plan ("KERP"). The relief sought in the KEIP-KERP Motion is critical for the success of these Chapter 11 Cases, which depends upon the continued progression of the Debtors' sale process. Through the KEIP-KERP Motion, the Debtors seek to incentivize four employees who are central to the sale process to maximize the value of the Debtors' estates by making certain incentive payments tied to the outcome of the sale process (or, in the event a sale does not close, a wind-down). Without the know-how and sustained efforts of these employees, including their continued engagement with the potential bidders, their leading of complex site visits, and their response to extensive information requests, the sale process simply could not succeed. In addition, the Debtors seek authority through the KEIP-KERP Motion to make retention payments to nine critical non-insider employees whose roles are critical to preserving the Debtors' ongoing operations for potential going-concern buyers. The retention payments under the KERP will ensure that such key non-

insider employees will continue to perform critical functions for the Debtors through the close of a sale transaction.

9. The Court-approved bid deadline and auction are scheduled for August 6, 2026 and August 13, 2026, respectively, and the hearing on the Debtors' proposed sale is scheduled for August 26, 2026.[4] Given that the performance metrics and milestones under the KEIP and the KERP are imminent, it is important that the KEIP-KERP Motion is heard, and the relief sought therein granted, as soon as possible (and in advance of the sale hearing) in order for the KEIP-KERP Motion to effectively incentivize the KEIP and KERP participants and to maximize value in the ongoing sale process for all stakeholders. The Debtors opted not to file the KEIP-KERP Motion earlier so that they could continue to develop and refine the KEIP and KERP with the input of the Board and engage in discussions with the Debtors' constituents regarding the programs before the filing. The Debtors intend to continue to engage in discussions with the U.S. Trustee and the Committee in an effort to build consensus around the programs.

**<u>Basis for Relief</u>**

10. Local Rule 9006-1 provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers must be filed and served in accordance with Local Rule 2002-1(b) at least 14 days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Bankruptcy Rule 2002 provides that at least 21 days' notice must be given of, among other things, "a proposal to use, sell, or lease property of the estate other than in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice." Fed. R. Bankr. P. 2002(a)(2).

---

[4] *See Order (A) Approving Bidding Procedures for the Sale of Certain or All of the Debtors' Assets; (B) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections; (C) Approving Assumption and Assignment Procedures; (D) Scheduling a Hearing to Consider Any Proposed Sale; and (E) Granting Certain Related Relief* [Docket No. 140] (the "**Bidding Procedures Order**").

11. Local Rule 9006-1 further provides, in pertinent part, that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

12. Bankruptcy Rule 9006 authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an *ex parte* basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("When a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time."); *see also In re Chateaugay Corp.*, 111 B.R. 399, 407–08 (S.D.N.Y. 1990) (affirming the bankruptcy court's decision to shorten a notice period where there was no prejudice to the non-moving party and where cause was shown).

13. The exigencies justify shortening notice of the KEIP-KERP Motion, which is subject to the 21-day notice period in Bankruptcy Rule 2002. As discussed above, the purpose of the relief sought in the KEIP-KERP Motion is to (a) incentivize four key employees who are critical to the Debtors' ongoing sale process to maximize value for the Debtors' estates through the Debtors' sale process (and, in the event a sale does not close, to efficiently and effectively wind down the Debtors' business) for the benefit of all stakeholders and, (b) to incentivize nine key non-insider employees to remain with the Debtors during the critical sale and/or wind-down processes in these Chapter 11 Cases in order to maintain the Debtors' operations, which will also serve to maximize value for the Debtors' estates. For the KEIP and KERP to be effective, the participating employees need assurance that the proposed retention and incentive programs are in place and the relevant metrics and milestones set. Without these assurances, the participating employees may not be adequately incentivized to continue their above-and-beyond efforts to pursue maximum sale

value, and may leave their positions with the Debtors and find jobs elsewhere. This result would be detrimental to the Debtors' operations and their sale process and eventual wind down.

14. Given the imminence of the bid deadline, auction, and sale hearing approved through the Bidding Procedures Order, the Debtors are seeking consideration of the KEIP-KERP Motion now, which the Debtors believe is necessary and appropriate to ensure the proposed programs effectively incentivize employees, and that the Debtors' employees are aligned with the Debtors' goals of maximizing value through the sale process.

15. In addition, parties in interest will receive a copy of the KEIP-KERP Motion via email or overnight mail as of the filing date, and a copy of the KEIP-KERP Motion will also be available on the Debtors' case website. Therefore, shortening notice for the KEIP-KERP Motion will not unduly prejudice any parties in interest.

16. For these reasons, the Debtors respectfully request that compelling circumstances exist and that the Court should shorten notice of the KEIP-KERP Motion to have it heard on **August 6, 2026 at 10:00 a.m. (prevailing Eastern Time)**. The Debtors also request that the Court establish **August 3, 2026 at 4:00 p.m. (prevailing Eastern Time)** as the deadline for the filing of objections to the relief requested in the KEIP-KERP Motion ("Objections") and **August 5, 2026 at 4:00 p.m. (prevailing Eastern Time)** as the deadline for the filing of any reply to any such Objections.

**Compliance with Local Rule 9006-1(e)**

17. Before filing this Motion, counsel to the Debtors notified the U.S. Trustee and counsel to the Committee of the Debtors' intention to seek shortened notice with respect to the KEIP-KERP Motion and have shared a draft of the KEIP-KERP Motion with each of the Committee's advisors and the U.S. Trustee. The Committee and the U.S. Trustee reserve all rights

with respect to this Motion. The Debtors expect to continue to work with the Committee's advisors and the U.S. Trustee during the period before the hearing on the KEIP-KERP Motion in an effort to build consensus in advance of the hearing.

**Notice**

18. The Debtors will provide notice of this Motion to the following parties, or their counsel if known: (a) the U.S. Trustee; (b) the Committee; (c) counsel to the Prepetition Secured Lender; (d) counsel to the DIP Lender, and (e) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as the Court deems just and proper.

Dated: July 27, 2026
Wilmington, Delaware

*/s/ Laura Davis Jones*
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
ljones@pszjlaw.com
joneill@pszjlaw.com
ecorma@pszjlaw.com

*Co-Counsel to Debtors and*
*Debtors in Possession*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Joseph O. Larkin (I.D. No. 4883)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Joseph.Larkin@skadden.com

\- and -

James J. Mazza, Jr. (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
James.Mazza@skadden.com
Jennifer.Madden@skadden.com

\- and -

Destiny N. Almogue (admitted *pro hac vice*)
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Destiny.Almogue@skadden.com

*Co-Counsel to Debtors and*
*Debtors in Possession*