**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SEARLES VALLEY MINERALS INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10966 (BLS)<br><br>Jointly Administered<br><br>**Re D.I.**: 18, 77, 149 & 259<br><br>**Reply Deadline:** Aug. 21, 2026 at 4:00 p.m. EDT<br><br>**Hearing Date:** Aug. 26, 2026 at 1:30 p.m. EDT |

**[PROPOSED] ORDER GRANTING CALIFORNIA AIR RESOURCES BOARD'S MOTION SEEKING:**

**(1) AN ORDER CLARIFYING THAT THE SALE OF SEARLES VALLEY MINERALS' ASSETS WILL NOT IMPAIR FUTURE ENVIRONMENTAL LAW OBLIGATIONS IN CALIFORNIA, OR, IN THE ALTERNATIVE,**

**(2) AN ORDER THAT THE SALE OF SEARLES VALLEY MINERALS' ASSETS CANNOT "CLEAR" ENVIRONMENTAL LAW OBLIGATIONS UNDER 11 U.S.C. 363(f), OR, IN THE ALTERNATIVE,**

**(3) AN ORDER PROVIDING ADEQUATE PROTECTION TO THE CALIFORNIA AIR RESOURCES BOARD DURING AND AFTER THE SALE OF SEARLES VALLEY MINERAL'S ASSETS;**

The California Air Resources Board ("CARB") moved for an order confirming that this Court's orders concerning the sale of facilities owned by Debtor Searles Valley Minerals, Inc., will not absolve the future owner(s) of California state-law obligations under the Cap-and-Invest Regulation to surrender greenhouse gas compliance instruments on future compliance dates, whether that future owner is the purchaser in the asset sale or a subsequent purchaser, because the duty that California law imposes on the future owner of the facilities is not an "interest" that may be cleared by this Court through a sale.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Mineral, Inc. (9263), Trona Railway Company LLC (3177), and Searles Domestic Water Company LLC (N/A).

Having considered the arguments and evidence, CARB's Motion is GRANTED. The duty to comply with CARB's Cap-and-Invest Regulation is not an "interest in property" that this court can "clear" during a sale. An "interest in property" does not include future duties by owners of facilities to comply with environmental law. See In re Gen. Motors Corp., 407 B.R. 463, 508 (Bankr. S.D.N.Y. 2009) (Any "purchaser would have to comply with its environmental responsibilities starting with the day it got the property."); see also In re Torwico Elecs., Inc., 8 F.3d 146, 149 (3d Cir. 1993); Matter of CMC Heartland Partners, 966 F.2d 1143, 1146 (7th Cir. 1992); In re Chateaugay Corp., 944 F.2d 997, 1006–09 (2d Cir.1991)).

Any prospective purchaser is warned: Nothing in this Court's orders or any Asset Purchase Agreement in this case releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to California's Cap-and-Invest Regulations, as applied to future owners of Searles Valley Minerals' facilities), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of property that is sold or transferred pursuant to this Order.

IT IS SO ORDERED.