**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Searles Valley Minerals, Inc., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | **Re: D.I. 18** |

**LIMITED OBJECTION BY PROCESS EQUIPMENT, INC.**
**TO SALE AND DISPOSITION OF SALE PROCEEDS**

Process Equipment, Inc. dba Process Barron ("Process"), a secured creditor by virtue of its asserted mechanic's lien and filed §546(b) notice, hereby files this limited objection to the proposed sale of the Debtors' assets and disposition of the sale proceeds, as follows:

## BACKGROUND

### A. The Debtor Failed to Pay Process for Work Performed that Improved the Property

1. Pursuant to a certain Master Work Agreement for Construction or Field Services dated December 5, 2024 ("MWA") by and between Process and Searles Valley Minerals, Inc. (the "Debtor") and a Purchase Order CS2407540 dated December 19, 2024 issued in connection with the MWA, Process provided design engineering, labor, equipment, and materials relating to the Debtor's Trona Boiler ID & FD Fan Electrification Project (the "Project") at the property located at 13200 Main Street, Trona, CA 93562 (the "Property").

2. At the outset of the Project, Process provided the Debtor with a Lien Claimant's Notice. The first date labor/materials were provided was February 7, 2025 and the last date was

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Mineral Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

May 26, 2026. The Debtor thereafter failed to pay Process its Invoices for goods and services provided that improved and enhanced the value of the Property.

3. On May 13, 2026, Process sent the Debtor a demand seeking payment of the outstanding Invoices for the Project. The demand included Invoice No. PIV124432 dated January 31, 2026 in the amount of $1,149,001.07, Invoice No. PIV125224 dated April 28, 2026 in the amount of $1,392,946.93, and Ince PIV125396 dated May 12, 2026 in the amount of $636,968.26, for a total amount due of $3,178,916.26 (together, the "Invoices").

**B. Process Files a Mechanic's Lien Against the Property**

4. To protect itself due to the Debtor's failure to pay the Invoices, Process filed a Mechanics Lien recorded on June 16, 2026 with the Office of the County Recorder, San Bernardino County, California (Document No. 2026-0153549) against the Property in the amount of $3,178,916.26, pursuant to California Civil Code § 8000 *et seq*.

**C. The Debtor's Bankruptcy Case, the § 546(b) Notice & Process files a Secured Proof of Claim**

5. On June 15, 2026 (the "Petition Date"), the Debtor filed its voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

6. On June 19, 2026, in accordance with section 546(b) of the Bankruptcy Code, Process provided notice (the "§546(b) Notice") to all interested parties of Process's rights as the holder of a Mechanic's Lien in and to the Property. *See* D.I. 84.

7. On July 8, 2026, Process filed its secured proof of claim against the Debtors. As provided in the proof of claim, Debtor owes Process an amount not less than $3,178,916.26 for services performed (the "Secured Claim"). As provided in the §546(b) Notice, in addition to the principal amount of the Secured Claim, Process is entitled to statutory interest, its costs, including attorneys' fees, in connection with, *inter alia*, preparing and filing the Mechanic's Lien, and

protecting its rights with respect to its Secured Claim and Mechanic's Lien in the Debtor's bankruptcy cases. A calculation of the pre- and post-judgment interest that has and continues to accrue on the Secured Claim, to the extent of the value of the Property, and other charges has not yet been made, but will be supplied to the Debtor in connection with payment on the Secured Claim from the sale proceeds.

**D. The Sale Motion**

8. On June 15, 2026, the Debtors filed the *Motion of Debtors for Entry of Orders (I) Approving Bidding Procedures for the Sale of Certain or All of the Debtors' Assets; (B) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections; (C) Approving Assumption and Assignment Procedures; (D) Scheduling a Hearing to Consider any Proposed Sale; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 18] (the "Sale Motion").

9. On July 7, 2026, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of Certain or All of the Debtors' Assets; (B) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections; (C) Approving Assumption and Assignment Procedures; (D) Scheduling a Hearing to Consider any Proposed Sale; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 140]. (the "Sale Order").

10. By the Sale Motion, the Debtor seeks to sell, *inter alia*, the Property free and clear of the Mechanic's Lien. This Limited Objection is filed to protect the Mechanic's Lien with respect to the Sale Proceeds.

**LIMITED OBJECTION**

11. Bankruptcy Code § 363(f) permits the sale of the Debtor's assets free and clear of liens and encumbrances, but only if the Debtor can satisfy one of the enumerated subsections of § 363(f)(1)-(5). It is the Debtor's burden to demonstrate that one or more of the enumerated subsections is met. *See In re Flour City Bagels, LLC*, 557 B.R. 53, 76 (Bankr. W.D.N.Y. 2016). Moreover, even if the Debtor can satisfy the requirements of § 363(f), the liens and encumbrances are transferred from the Debtor's assets and attach to the proceeds of the sale.

12. Process does not object to the Debtor's proposed sale of its assets, including the Property. But, as a secured creditor with an *in rem* interest in and to the Property, Process is entitled to adequate protection in connection with such sale. The concept of "adequate protection" is intended to ensure that the value of a party's interest in property is not impaired during the course of the bankruptcy case and the *status quo* is preserved to assure the party that its position will not be impaired by reason of the automatic stay. "The concept of adequate protection finds its basis in the Fifth Amendment's protection of property interests." *In re DeSardi*, 340 B.R. 790, 797 (Bankr. S.D. Tex. 2006) (citing H.R. Rep. No. 95-595, 338-40 (1977)). The notion of adequate protection is grounded in the belief that parties should not be deprived of the benefit of their bargain. *Resolution Trust Corp. v. Swedeland Dev. Group, Inc.* (*In re Swedeland Dev. Group, Inc.*), 16 F. 3d 552, 564 (3d Cir. 1994) (the whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which it bargained pre-bankruptcy) (citation omitted). *See also In re World Com, Inc.*, 304 B.R. 611 (Bankr. S.D.N.Y. 2004) (while

encumbered property may be sold free and clear of liens, secured creditors' interests in such property must be adequately protected); *In re Allied Products Corp.*, 288 B.R. 533 (Bankr. N.D. Ill. 2003) (same); *In re Gaylord Grain LLC*, 306 B.R. 624 (8th Cir. BAP 2004) (holding that a secured creditor is entitled to a replacement lien in sale proceeds upon sale of encumbered property pursuant to Bankruptcy Code section 363).

13. Process has a Mechanic's Lien on the Property. Process demands, and is entitled to adequate protection[2] of its interest in the Property. Pursuant to sections 361 and 363(e) of the Bankruptcy Code, the Debtor cannot convey the Property "free and clear" of the Mechanic's Lien without providing adequate protection to Process. Section 363(e) of the Bankruptcy Code provides that: ". . . on request of an entity that has an interest in property . . . proposed to be used, sold or leased . . . the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

14. Here, Process demands that the amount of its Secured Claim (together with all accrued interest and attorneys' fees) be paid to Process at closing.[3] To the extent closing is not scheduled to occur immediately, or for any other reason, Process demands, as adequate protection, that sale proceeds in the full amount of the Secured Claim, be separately escrowed (the "<u>Escrowed Amount</u>") for the benefit of Process. For the avoidance of doubt, the Escrowed Amount should be set as follows: (a) by discussion and agreement between the parties or, if no agreement is reached, (b) by order of this Court.

---

[2] Bankruptcy Code section 361 provides "[w]hen adequate protection is required under section . . . 363 . . . such adequate protection may be provided by . . . (1) requiring the trustee to make a cash payment . . . to such entity . . . (2) providing to such entity an additional or replacement lien . . . or (3) granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361.

[3] Process requests three (3) business days' notice of the closing so it can provide a payoff letter with the updated amount it is owed.

15. Absent payment at closing or the Escrow Amount as set forth above, Process is harmed by the proposed sale. Process is entitled to adequate protection of its Mechanic's Lien in the Property, and the Debtor has the evidentiary burden to demonstrate that Process is adequately protected. *See* § 363(p)(1)("the trustee has the burden of proof on the issue of adequate protection"); *In re Asay*, 184 B.R. 265 (Bankr. N.D. Tex. 1995) (holding that, even after determining property was property of the estate, "Debtors may not use same until they prove, at a further evidentiary hearing, that they are able to furnish adequate protection"). Process leaves the Debtor to its burden.

**RESERVATION OF RIGHTS**

16. Process reserves all rights, claims, and defenses with respect to the Mechanic's Lien and the proposed sale, including the right to raise additional objections at the hearing on the proposed sale.

Dated: August 18, 2026
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE 3995)
Chan (Cora) Dong (DE #7393)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
dong@teamrosner.com

*Counsel to Process Equipment, Inc.*