**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**SEARLES VALLEY MINERALS INC., *et al.*,**<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 26-10966 (BLS)**<br><br>**(Jointly Administered)** |

**LIMITED OBJECTION BY ARDENT COMPANIES, INC. TO SALE AND DISPOSITION OF SALE PROCEEDS**

---

Ardent Companies, Inc. (“Ardent”), a secured creditor by virtue of its asserted mechanic’s lien and filed notice pursuant to 11 U.S.C. § 546(b), hereby files this limited objection to the proposed sale of the Debtors’ assets and disposition of the sale proceeds, and states as follows:

## BACKGROUND

### A. Ardent Furnished Labor, Materials, and Equipment Improving the Property

1. Pursuant to purchase orders between Searles Valley Minerals Inc. (“SVM” or the “Debtor”) and Ardent, Ardent furnished labor, materials, and equipment to the Searles Valley Central Warehouse located at 82090 First Street, Trona, California, APN 0486-061-34 (the “Property”).

2. Ardent performed the work contemplated and authorized by the purchase orders, including electrical overhead powerline maintenance work and related labor, materials, equipment, and services.

3. The Debtor failed to pay Ardent all amounts due for the labor, materials, equipment, and services furnished to and improving the Property.

**B. Ardent Recorded and Amended Its Mechanic's Lien**

4. To protect its rights arising from the Debtor's failure to pay, Ardent recorded a mechanic's lien against the Property on March 25, 2026, as Document No. 2026-0077396 in the Official Records of San Bernardino County, California, initially asserting a lien in the amount of $123,124.77, plus interest.

5. Ardent thereafter recorded an amended mechanic's lien against the Property on April 6, 2026, as Document No. 2026-0088182, increasing the recorded lien amount to $144,543.77, plus interest (the "Mechanic's Lien"), pursuant to California Civil Code § 8000, *et seq*.

**C. The Bankruptcy Case and Ardent's § 546(b) Notice**

6. On June 15, 2026 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. On June 23, 2026, pursuant to sections 546(b)(2) and 362(b)(3) of the Bankruptcy Code, Ardent filed its Notice of Perfection of Mechanic's Lien of Ardent Companies, Inc. Pursuant to 11 U.S.C. § 546 [D.I. 93] (the "§ 546(b) Notice").

8. Through the § 546(b) Notice, Ardent provided notice to all parties in interest of its rights as a perfected lienholder in the Property, its improvements, removables, and/or leasehold interests pursuant to California's mechanic's lien laws.

9. The § 546(b) Notice states that, as of the commencement of these bankruptcy cases, the amount due and owing to Ardent was $61,010.50, plus interest, penalties, attorneys' fees, and costs (collectively, the "Secured Claim"). Ardent expressly reserved its rights to amend

or supplement its lien claims and to enforce its mechanic's lien rights to the fullest extent permitted by applicable law.

10. On July 29, 2026, Ardent filed its secured proof of claim against the Debtor. As provided in the proof of claim, Debtor owes Ardent an amount not less than $61,010.50 for services performed (the "Secured Claim"). As provided in the §546(b) Notice, in addition to the principal amount of the Secured Claim, Process is entitled to statutory interest, its costs, including attorneys' fees, in connection with, *inter alia*, preparing and filing the Mechanic's Lien, and protecting its rights with respect to its Secured Claim and Mechanic's Lien in the Debtor's bankruptcy cases. A calculation of the pre- and post-judgment interest that has and continues to accrue on the Secured Claim, to the extent of the value of the Property, and other charges has not yet been made, but will be supplied to the Debtor in connection with payment on the Secured Claim from the sale proceeds.

**D. <u>The Sale Motion</u>**

6. On June 15, 2026, the Debtors filed the Motion of Debtors for Entry of Orders (I) Approving Bidding Procedures for the Sale of Certain or All of the Debtors' Assets; (B) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections; (C) Approving Assumption and Assignment Procedures; (D) Scheduling a Hearing to Consider any Proposed Sale; and (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief [D.I. 18] (the "Sale Motion").

7. On July 7, 2026, the Court entered an order approving, among other things, bidding procedures relating to the proposed sale [D.I. 140].

8. To the extent the Sale Motion and any resulting sale contemplate the sale or transfer of the Property, or any estate or interest therein subject to Ardent's Mechanic's Lien, free and clear of Ardent's Mechanic's Lien, this Limited Objection is filed to preserve and protect Ardent's lien and its rights in the proceeds of any such sale.

**LIMITED OBJECTION**

9. Bankruptcy Code § 363(f) permits the sale of estate property free and clear of liens and other interests only if one of the conditions specified in § 363(f)(1)-(5) is satisfied. The Debtors bear the burden of establishing that the statutory requirements for a sale free and clear have been met. *See In re Flour City Bagels, LLC*, 557 B.R. 53, 76 (Bankr. W.D.N.Y. 2016).

10. Ardent does not object to a sale of the Debtors' assets, including the Property, provided that Ardent's Mechanic's Lien and Secured Claim are fully protected. If the Property is sold free and clear of Ardent's Mechanic's Lien, Ardent's lien and other rights must attach to the proceeds attributable to the Property with the same validity, priority, extent, and enforceability that Ardent possessed immediately before the sale, subject to any rights and defenses of the parties.

11. As the holder of an asserted perfected mechanic's lien and an in rem interest in the Property, Ardent is entitled to adequate protection of its interest in connection with any sale. The purpose of adequate protection is to preserve the value of a secured creditor's interest in property during the bankruptcy case. *See Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994); *In re WorldCom, Inc.*, 304 B.R. 611 (Bankr. S.D.N.Y. 2004); *In re Allied Prods. Corp.*, 288 B.R. 533 (Bankr. N.D. Ill. 2003); *In re Gaylord Grain LLC*, 306 B.R. 624 (B.A.P. 8th Cir. 2004).

12. Sections 361 and 363(e) of the Bankruptcy Code require adequate protection of Ardent's interest if the Property is sold free and clear of the Mechanic's Lien. Section 363(e) provides, in pertinent part, that upon request of an entity having an interest in property proposed to be sold, "the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

13. Section 361 provides that adequate protection may include cash payments, an additional or replacement lien, or other relief that will result in the realization of the indubitable equivalent of the protected interest. 11 U.S.C. § 361.

14. Accordingly, Ardent requests that, at the closing of any sale that includes the Property or any interest subject to the Mechanic's Lien, Ardent's Secured Claim—presently stated in its § 546(b) Notice as $61,010.50, together with all applicable accrued interest, penalties, attorneys' fees, costs, and other amounts recoverable under applicable law—be paid from the sale proceeds.

15. Alternatively, if Ardent is not paid at closing, Ardent requests as adequate protection that proceeds sufficient to satisfy the Secured Claim, including all accrued interest, penalties, attorneys' fees, costs, and other amounts properly secured by the Mechanic's Lien, be separately reserved and escrowed for Ardent's benefit (the "Escrowed Amount") pending consensual resolution or further order of this Court.

16. Ardent further requests at least three (3) business days' advance written notice of any closing involving the Property so that Ardent may provide an updated payoff amount and address the appropriate amount of the reserve.

17. Any order approving a sale of the Property should expressly provide that, unless Ardent is paid in full at closing, Ardent's Mechanic's Lien and all rights, claims, priorities, and

defenses associated with it shall attach to the applicable sale proceeds with the same validity, extent, and priority as existed immediately before the sale, subject to all rights, claims, objections, and defenses of the Debtors and other parties in interest.

18. Absent payment at closing, establishment of the Escrowed Amount, or equivalent adequate protection, Ardent would be prejudiced by a sale of the Property free and clear of its Mechanic's Lien. Under § 363(p)(1), the Debtors bear the burden of proof on the issue of adequate protection. *See also In re Asay*, 184 B.R. 265 (Bankr. N.D. Tex. 1995). Ardent leaves the Debtors to their burden.

**RESERVATION OF RIGHTS**

19. Ardent expressly reserves all rights, claims, objections, and defenses relating to the Mechanic's Lien, the Secured Claim, the § 546(b) Notice, the Property, and the proposed sale, including without limitation the right to amend or supplement this Limited Objection, challenge any allocation of sale proceeds among the Debtors' assets, dispute the sufficiency of any proposed adequate protection, assert the full amount secured by the Mechanic's Lien, and raise additional objections at or before any hearing concerning the proposed sale.

20. Nothing contained herein shall constitute a waiver, release, limitation, or adjudication of the amount, validity, priority, extent, or enforceability of Ardent's Mechanic's Lien or Secured Claim, or of any other rights or remedies available to Ardent under the Bankruptcy Code, applicable nonbankruptcy law, or otherwise.

**WHEREFORE**, Ardent respectfully requests that the Court condition any sale of the Property free and clear of Ardent's Mechanic's Lien upon (a) payment in full of Ardent's Secured Claim at closing; (b) establishment of the Escrowed Amount sufficient to fully protect Ardent's Secured Claim; or (c) such other adequate protection as the Court determines will

preserve the full value and priority of Ardent's interest, and grant such other and further relief as the Court deems just and proper.

Dated: August 21, 2026

JACK SHRUM, PA

____*/s/ Jack Shrum*____________________

"J" Jackson Shrum (DE # 4757)
Citizens Bank Center
919 N. Market Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 543-7551
Fax: 302-543-6386
Telephone: ( 609) 367-2430
E-mail: Jshrum@jshrumlaw.com

LATHROPGPM LLP

____*/s/ Michael M. Lum*____________________

Michael M. Lum
70 South First Street
San Jose, CA 95113
Telephone: (650) 691-2888
Email: michael.lum@lathropgpm.com

***Counsel for Ardent Companies, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic transmission to all registered ECF users appearing in the case on August 21, 2026.

*/s/ Jack Shrum*
Jack Shrum