**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARLES VALLEY MINERALS INC., *et al.*, | ) | Case No. 26-10966 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 300** |
| | ) | |
| | ) | **Obj. Deadline: 9/3/26 by 4:00 p.m.** |
| | ) | |

**OBJECTION OF PROGRESS RAIL LEASING CORPORATION TO DEBTORS' SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Progress Rail Leasing Corporation ("PRLC"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* (Docket No. 300) (the "Supplemental Assumption Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully represents as follows:

**BACKGROUND**

1. On June 15, 2026 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, on or about December 15, 1993, a predecessor of PRLC and a predecessor of the Debtors, entered into a Railroad Car Net Lease Agreement, as it has been amended from time to time (collectively, the "Contract"). Pursuant to the Contract, PRLC currently leases 111 railcars to debtor Trona Railway Company LLC ("Trona"). Pursuant to Article 6 of the Contract, the Debtors are required to pay PRLC for their use of the railcars on the 1st of every month, in advance.

3. Debtor Searles Valley Minerals Inc. ("SVMI") guaranties Trona's rental obligations to PRLC under the Contract pursuant to a Guaranty that has been amended and extended from time to time (the "Guaranty").

4. As of the Petition Date, the Debtors owed PRLC $448,020.00 for unpaid invoices and rental charges due under the Contract for the period January of 2026 through June of 2026. Of the foregoing amount, $37,380.00 relates to rental charges due from the Petition Date through June 30, 2026, which is entitled to post-petition administrative expense claim priority.

5. Upon information and belief, the Debtors are currently attempting to sell substantially all of their assets to the highest and best bidder. In connection therewith, on or about July 10, 2026, the Debtors filed a notice regarding the potential assumption of the Contract and listed the cure amount for the Contract at $298,680.00 (Docket No. 166), and PRLC objected to the foregoing cure amount (Docket No. 238).

6. On or about August 20, 2026, the Debtors filed the Supplemental Assumption Notice. The Supplemental Assumption Notice states that the Debtors may assume and assign the executory contracts listed on Exhibit A attached to the Supplemental Assumption Notice to the highest and best bidder for the Debtors' assets and that the Debtors currently believe that the amount necessary to cure all defaults under the Contract is $410,685.00 (the "Proposed Cure Amount").

## OBJECTION AND BASIS THEREFOR

7. The Proposed Cure Amount is incorrect according to PRLC's books and records. Although the Proposed Cure Amount captures certain of the amounts due to PRLC under the Contract and Guaranty as of the Petition Date, the Proposed Cure Amount still does not correctly include everything that is due to PRLC as of the date of this Objection, nor does it include amounts that may become due in the future under the Contract and before the Contract is assumed or

assumed and assigned by the Debtors. As stated previously, as of the date hereof, PRLC's records reflect that the correct cure amount should be $448,020.00 as well as several other unliquidated and potential charges that are referenced below (the "Actual Cure Amount").

8. First, the Proposed Cure Amount does not take into consideration the passage of time between the filing of the Supplemental Assumption Notice and the effective date of any assumption or assumption and assignment of the Contract by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Contract must require that the Debtors (i) comply with all obligations under the Contract pending the actual assumption or assumption and assignment of the Contract, and (ii) cure any additional defaults that may occur under the Contract between the date of this Objection and the effective date of any assumption or assumption and assignment by the Debtors. *See* 11 U.S.C. § 365(b)(1).

9. Next, the Contract provides that the Debtors must indemnify and hold PRLC harmless with respect to certain claims that may not become known until after the assumption or assumption and assignment of the Contract. Any order approving the assumption or assumption and assignment of the Contract must provide that the assumption or assumption and assignment is pursuant to the terms of the Contract, and that the Debtors or the assignee, as the case may be, will be responsible for all such indemnification obligations, regardless of when they arose.

10. Further, the Contract provides that the Debtors will, among other things, maintain and keep each leased railcar in good operating order, repair, appearance and condition and that the Debtors will pay PRLC for any damages to and/or alterations that are done to the railcars. PRLC is currently unaware of the condition of each of the railcars that it currently leases to the Debtors pursuant to the Contract. If the Contract is assumed and assigned to a purchaser, the purchaser

must be responsible for curing all of the Debtors' defaults pursuant to Article 8 of the Contract at the appropriate time.

11. Additionally, under the Contract, PRLC is entitled to certain interest rates on unpaid amounts, as well as certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, PRLC cannot be certain as to when the assumption or assumption and assignment of the Contract will occur. The Actual Cure Amount should also include all of the interest and attorneys' fees and costs to which PRLC is entitled under the Contract through the effective date of assumption or assumption and assignment of the Contract.

12. Finally, PRLC reserves any and all rights it has to object to any particular entity or person becoming the assignee of the Contract without such entity or person first fully meeting all requirements set forth in section 365 of the Bankruptcy Code, including, without limitation, section 365(f)(2)(A) and (B) of the Bankruptcy Code. Given the existence of the Guaranty among other factors, PRLC reserves all rights it has regarding the ability of any proposed assignee to adequately provide assurance of its future performance under the Contract.

WHEREFORE, for all of the foregoing reasons, PRLC respectfully requests that any order entered by the Court that establishes cure amounts with respect to the Contract and the assumption or the assumption and assignment of the Contract, be consistent with the relief requested herein, and that the Court grant PRLC such other and further relief as is just and proper.

Dated: August 21, 2026

**CONNOLLY GALLAGHER LLP**

*<u>/s/ Karen C. Bifferato</u>*
Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for Progress Rail Leasing Corporation*

#2019701