**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*, | ) Case No. 26-10966 (BLS) |
| Debtors. | ) Jointly Administered |
| | ) **Related to Docket No. 300** |
| | ) **Obj. Deadline: 9/3/26 by 4:00 p.m.** |

**OBJECTION OF AIRGAS USA, LLC TO**
**DEBTORS' SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION**
**AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Airgas USA, LLC ("Airgas"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* (Docket No. 300) (the "Supplemental Assumption Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully represents as follows:

**BACKGROUND**

1. On June 15, 2026 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, Airgas provided the Debtors with bulk ammonia refrigerant ("BAR") whenever the Debtors requested delivery of same. Also, prior to the Petition Date, Airgas provided gas and certain related hard goods (used for welding) to the Debtors (the "Welding Materials") whenever the Debtors requested delivery of same.

3. As of the Petition Date, the Debtors owed Airgas $14,943.58 for an unpaid invoice related to Airgas's provision of BAR to the Debtors. In addition, as of the Petition Date, the Debtors owed Airgas $3,545.47 for unpaid invoices related to Airgas's provision of Welding Materials to the Debtors.

4. Upon information and belief, the Debtors are currently attempting to sell substantially all of their assets to the highest and best bidder. On or about August 20, 2026, the Debtors filed the Supplemental Assumption Notice. The Supplemental Assumption Notice states that the Debtors may assume and assign the executory contracts listed on Exhibit A attached to the Supplemental Assumption Notice to the highest and best bidder for the Debtors' assets and that the Debtors currently believe that the amount necessary to cure all defaults to Airgas is only $1,446.74 (the "Proposed Cure Amount").

**<u>OBJECTION AND BASIS THEREFOR</u>**

5. The Proposed Cure Amount is incorrect according to Airgas's books and records. Although the Proposed Cure Amount captures certain of the amounts due to Airgas as of the Petition Date, the Proposed Cure Amount still does not correctly include everything that is due to Airgas as of the date of this Objection, nor does it include amounts that may become due in the future before any agreements and/or arrangements that the Debtors have with Airgas may be assumed and assigned by the Debtors. As stated previously, as of the date hereof, Airgas's records reflect that the correct cure amount should be $18,489.05 ($14,943.58 + $3,545.47) as well as several other unliquidated and potential charges that are referenced below (the "Actual Cure Amount").

6. First, the Proposed Cure Amount does not take into consideration the passage of time between the filing of the Supplemental Assumption Notice and the effective date of any assumption and assignment of the Debtors' agreements and/or arrangements with Airgas.

Accordingly, any order that is entered establishing cure amounts with respect to Airgas must require that the Debtors (i) comply with all obligations under their agreements and/or arrangements with Airgas pending the actual assumption and assignment of such agreements and/or arrangements, and (ii) cure any additional defaults that may occur to Airgas between the date of this Objection and the effective date of any assumption and assignment by the Debtors. *See* 11 U.S.C. § 365(b)(1).

7. Additionally, Airgas may be entitled to certain interest rates on unpaid amounts, as well as certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, Airgas cannot be certain as to when the assumption and assignment of its agreements and/or arrangements with the Debtors will occur. The Actual Cure Amount should also include all of the interest and attorneys' fees and costs to which Airgas may be entitled under its agreements and/or arrangements with the Debtors, through the effective date of assumption and assignment.

8. Finally, Airgas reserves any and all rights it has to object to any particular entity or person becoming the assignee of its agreements and/or arrangements with the Debtors, without such entity or person first fully meeting all requirements set forth in section 365 of the Bankruptcy Code, including, without limitation, section 365(f)(2)(A) and (B) of the Bankruptcy Code.

WHEREFORE, for all of the foregoing reasons, Airgas respectfully requests that any order entered by the Court that establishes cure amounts with respect to Airgas be consistent with the relief requested herein, and that the Court grant Airgas such other and further relief as is just and proper.

Dated: August 27, 2026

**CONNOLLY GALLAGHER LLP**

*<u>/s/ Karen C. Bifferato</u>*

Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for Airgas USA, LLC*

#2019797