**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SEARLES VALLEY MINERALS INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-10966 (BLS)<br>Jointly Administered<br>**Re D.I.**: 18, 77, 149 & 259, 273, 274, 298, 331<br>**Hearing Date:** Sept. 8, 2026 at 2:00 p.m. EDT |

**CALIFORNIA AIR RESOURCES BOARD'S**
**REQUEST FOR STAY PENDING APPEAL**

## Introduction

1. CARB objected to the sale, free and clear, of Searles Valley Minerals' assets on the basis that Searles was required by law to comply with California regulations implementing CARB's Cap-and-Invest Program. CARB presented argument in writing and by counsel, appearing in person on August 26, 2026. CARB noted that emissions trading systems have been a component of environmental policies dating back to the acid rain program implemented under the 1990 Clean Air Act Amendments, and that no court had either (a) issued an order discharging a debtor's obligation to comply with an emissions trading system, or (b) authorized a sale free and clear of the obligation to comply with an emissions trading system. This Court overruled CARB's Objection, explaining its reasoning on the record.

2. At the hearing on August 26, 2026, CARB requested a stay pending appeal. The Court explained its view that the question of a stay pending appeal was not yet before the Court because the sale order was not ready for approval. CARB understands that the Court views the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Mineral, Inc. (9263), Trona Railway Company LLC (3177), and Searles Domestic Water Company LLC (N/A).

appropriate time to decide whether to issue a stay pending appeal would be the hearing on Friday, September 11, 2026, at 10:00 a.m.

**Request for Stay Pending Appeal**

3. CARB requests a stay pending appeal. CARB intends to make the request orally at the hearing on Friday, September 11, 2026, at the appropriate time during the hearing. CARB acknowledges that it is filing this request in advance of the time for the Court to make a decision on a stay pending appeal, and seeks to assist the Court by providing an opportunity to review the reasons stated in this Request before the hearing.

4. "In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015).

5. On the first factor, likely success on the merits, this Court has already expressed its view that CARB should not prevail on the merits. But that is nearly always true of requests for stays pending appeal, and it is not the end of the inquiry. In the Third Circuit, "a sufficient degree of success for a strong showing exists if there is a reasonable chance, or probability, of winning. . . . Thus, while it is not enough that the chance of success on the merits be better than negligible, the likelihood of winning on appeal need not be more likely than not . . . ." *Id.* at 568–69 (cleaned up).

6. Here, CARB presented a reasonable argument on an important issue. During the hearing, the Court and counsel for CARB engaged in a lengthy discussion on several issues. Because there are no disputed facts, appellate review would be *de novo*, and an court reviewing an appeal may reach different conclusions of law. Of note, one of the most important precedents favoring CARB, *In re Torwico Electronics, Inc.*, 8 F.3d 146, 148 (3d Cir. 1993), involved a district court reversing a bankruptcy court (and the district court being affirmed by the Third Circuit Court of

Appeals).

7. On the second factor, if this Court does not grant a stay, the sale order under 11 U.S.C. § 363(m) would likely deprive CARB of its substantive right to carry out its program and its procedural right to appeal.

8. Preventing CARB from carrying out its policies—policies carrying out the instructions by California's elected representatives—causes an immediate and irreparable injury to CARB. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, J., in chambers) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.").

9. Denying a stay would also infringe on CARB's ability to protect its interests through appeal, both in this particular case and through the establishment of precedent. The absence of precedence on this important issue impairs predictability.

10. On the third factor, the harm to other entities, CARB acknowledges that a delay may hinder the completion of a sale to a new owner. But the ultimate injury—inability to complete a sale—can be addressed later if Searles prevails on appeal. This is unlike CARB's injury, which may be irreversible.

11. On the fourth factor, the public interest favors an appeal to provide clarity on this issue. Over ten states and the federal government use emissions trading systems. Appellate review enables the creation of precedent that will guide future cases with greater certainty.

12. CARB is prepared to proceed expeditiously on appeal. There is a short record for the appeal, and the issues should not require either over-length briefs or extended time for the appeal.

13. Accordingly, CARB requests a stay pending appeal.

**Request for Remote Appearance**

14. CARB requests that the Court permit its attorneys to appear by videoconference at the hearing on Friday, September 11, 2026, at 10:00 a.m. Eastern (7:00 a.m. Pacific).

15. In-person appearances for CARB's counsel are time-consuming because they require cross-country travel. CARB's counsel made the cross-country trip for the August 26, 2026 hearing, and acknowledges that the in-person appearance was useful for hearing on CARB's Motion and Objection, but, in CARB's view, with the Court having already issued a substantive ruling on CARB's objection and the opportunity to use effective videoconference technology, CARB can be adequately represented remotely.

Dated: September 10, 2026

ROB BONTA
Attorney General of California
ANNADEL ALMENDRAS
Senior Assistant Attorney General
MICHAEL P. CAYABAN
Supervising Deputy Attorney General

*/s/ Michael S. Dorsi*
MICHAEL S. DORSI (CA BAR NO. 281865)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3802
Email: Michael.Dorsi@doj.ca.gov
*Attorneys for California Air Resources Board*