**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 347** |

**ORDER: (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE; (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS; (III) SETTING BAR DATES FOR THE FILING OF REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS; (IV) ESTABLISHING AN AMENDED SCHEDULES BAR DATE AND A REJECTION DAMAGES BAR DATE; (V) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM; (VI) APPROVING A NOTICE OF BAR DATES; AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) establishing the Claims Bar Date; (b) establishing the Governmental Bar Date; (c) establishing the Administrative Claims Bar Dates; (d) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date; (e) approving the form and manner for filing Proofs of Claim, including any section 503(b)(9) requests for payment; (f) approving notice of the Bar Dates; (g) approving the proposed form of Publication Notice; and (h) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

**I. The Bar Dates and Procedures for Filing Proofs of Claim and Administrative Claims**

2. Each person or entity[3] that asserts a claim against the Debtors that arose or is deemed to have arisen before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached to the Motion as **Exhibit B** (the "Proof of Claim Form") or Official Form 410.[4] Except in the cases of governmental units and certain other

---

[3] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4] Copies of Official Form 410 may be obtained by: (a) contacting the Debtors' notice and claims agent, Stretto Inc. ("Stretto"), directly by writing to: 410 Exchange, Suite 100 Irvine, CA 92602, by contacting the Debtors' information line at 855.296.3324 (U.S./Canada) or +1 626.746.1263 (International), or submitting an inquiry at

exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are actually received by Stretto on or before the date that is thirty (30) days after entry of this Order (the "Claims Bar Date") at the addresses and in the form set forth herein.** The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Order.

3. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen prior to the Petition Date must file Proofs of Claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, **so they are actually received by Stretto on or before December 14, 2026 (the "Governmental Bar Date,") at the addresses and in the form set forth herein.**

4. All parties asserting a request for payment of Administrative Claims arising or deemed to be arisen on or prior to September 1, 2026, but excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file a request for payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such Administrative Claim[5] **so that the Administrative Claim is actually filed with the Court on or before the date that is thirty (30) days from entry of this Order** (the "Interim Administrative Claims Bar Date").

https://cases.stretto.com/SVM, (b) visiting the Debtors' website at https://cases.stretto.com/SVM; or (c) visiting the website maintained by the Court at https://www.deb.uscourts.gov.

5 Administrative Claims filed without a notice of hearing shall not be scheduled for hearing.

5. All parties asserting a request for payment of Administrative Claims arising or deemed to be arisen after September 1, 2026 are required to file a request for payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such Administrative Claim **so that the Administrative Claim is actually filed with the Court on or before the date that is thirty (30) days after the Plan Effective Date** (the "Final Administrative Claims Bar Date").

6. If the Debtors file a previously unfiled Schedule or amend or supplement the Schedules after having given notice of the Claims Bar Date or the Governmental Bar Date, the Debtors shall give notice by first-class mail of any filing, amendment, or supplement to holders of claims directly affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of: (a) the Claims Bar Date or the Governmental Bar Date, as applicable; or (b) the date that is **thirty (30) days** from the date the notice of the filing, amendment, or supplement is given (the "Amended Schedules Bar Date").

7. Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of: (a) the Claims Bar Date; (b) the date that is 30 days after the later of (i) the effective date of the rejection of such executory contract or unexpired lease, or (ii) entry of any order authorizing the rejection of such executory contract or unexpired lease; and (c) any date that the Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date" and, together with the Claims Bar Date, the Governmental Bar Date, the Administrative Claims Bar Dates, and the Amended Schedules Bar Date, the "Bar Date" or "Bar Dates," as may be applicable). For the avoidance of doubt, a counterparty to an executory contract or unexpired lease of the Debtors shall not be required to file proofs of claim with respect

to any claims relating to such executory contract or unexpired lease unless and until such executory contract or unexpired lease has been rejected.

8. All Proofs of Claim must be filed so as to be actually received by Stretto by the applicable Bar Date. In addition, all Administrative Claims requests arising on or prior to the Interim Administrative Claims Deadline must be filed with the Court so as to be actually received by the Court by the applicable Administrative Claims Bar Date. If Proofs of Claim and such Administrative Claims requests are not received by Stretto or the Court, as applicable, on or before the applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans filed in these chapter 11 cases or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II. Parties Exempted from the Bar Date

9. The following categories of claimants shall not be required to file a Proof of Claim or Administrative Claim arising or deemed to have arisen on or prior to the applicable Bar Date:

a. any person or entity who has already filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

b. any person or entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated"; (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c. any person or entity whose claim has previously been allowed by order of the Court;

d. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e. any Debtor having a claim against another Debtor;

f. any Debtor having a claim against a Debtor affiliate;

g. any counterparty to a non-residential real property lease that is assumed or assumed and assigned pursuant to section 365 of the Bankruptcy Code;

h. any landlord counterparty of an executory contract of an unexpired non-real property lease where the lease has not yet been rejected as of the Claims Bar Date or Administrative Bar Date; provided that, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, including Administrative Claims, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amounts or an Administrative Claim with respect to postpetition amounts unless and until such unexpired lease has been rejected;

i. any person or entity holding a claim for which a separate deadline is fixed by this Court;

j. any person or entity holding a claim for fees and expenses of professionals retained in these chapter 11 cases;

k. claims of the U.S. Trustee for quarterly fees;

l. the DIP Lender;

m. any equity holder in the Debtors asserting a claim for stock ownership; provided, however, that any other claim (e.g., damages) must be asserted by the applicable Bar Date.

## III. Substantive Requirements of Proofs of Claim

10. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. ***Contents***. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the

claimant or by an authorized agent or legal representative of the claimant.

b. ***Section 503(b)(9)***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. ***Section 507(a)(7) Claim***. Any Proof of Claim asserting a customer deposit claim entitled to priority under section 507(a)(7) must also include the total value of the deposit paid prior to the Petition Date and attach documentation supporting proof of the purchase.

d. ***Original Signatures Required***. Only ***original*** Proofs of Claim may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted, provided, however, that Proofs of Claim filed through the Case Website maintained by Stretto for these chapter 11 cases at https://cases.stretto.com/svm/file-a-claim/ are deemed to be filed with original signatures.

e. ***Identification of the Debtor Entity***. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor will be deemed as filed only against Searles Valley Minerals Inc.

f. ***Claim Against Multiple Debtor Entities***. Unless otherwise ordered by the Court, each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent that more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

g. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d). If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required

to transmit such writings to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

h. ***Timely Service***. Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by Stretto on or before the applicable Bar Date (or, where applicable, on or before any other bar date established by order of the Court), either: (1) electronically through the interface at https://cases.stretto.com/SVM/file-a-claim/; or (2) by first-class or overnight U.S. mail, or by other hand delivery system, at the following address:

**Searles Valley Minerals Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

i. ***Receipt of Service***. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit: (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto); and (ii) a self-addressed, stamped envelope.

## IV. Procedures for Providing Notice of the Bar Date

### A. Mailing of Bar Date Package to Known Creditors

11. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form attached to the Motion as **Exhibit C** (the "Bar Date Notice") and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail, no later than three (3) business days after entry of this Order, to the following entities:

a. the U.S. Trustee;

b. Womble Bond Dickinson US LLP as counsel to the Committee;

c. all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

d. all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

e. all entities that have filed proofs of claim in these Chapter 11 Cases as of the date of the Bar Date Order;

f. all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

g. all known entities who are parties to executory contracts and unexpired leases with the Debtors;

h. all known persons or entities who are parties to litigation with the Debtors and their counsel of record (if known);

i. all persons and entities known by the Debtors to have asserted any lien, claim, interest or encumbrance against the Debtors' assets;

j. all current and former employees of the Debtors from the past two years (to the extent that contact information for former employees is available in the Debtors' records);

k. all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

l. all applicable federal, state, and local taxing authorities;

m. the Office of the Attorney General for the State of Delaware;

n. the office of the attorney general for each state in which the Debtors maintain or conduct business;

o. the District Director of the Internal Revenue Service for the District of Delaware; and

p. the United States Attorney's Office for the District of Delaware.

12. The Debtors shall mail the Bar Date Package to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

13. The Debtors shall provide all known creditors listed in the Debtors' Schedules and, upon any amendment to the Debtors' Schedules, each of the creditors affected by such amendment, with a "personalized" Proof of Claim Form, which will identify how the Debtors

have scheduled the creditors' claims in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and to correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

14. After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to thirty (21) days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B. Publication of Bar Date Notice**

15. The Debtors shall cause notice of the Bar Dates to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form attached to the Motion as **Exhibit D** (the "Publication Notice"), on one occasion in the national edition of *The New York*

*Times* or other paper of similar national circulation on or before a date at least twenty-one (21) days before the Claims Bar Date.

16. Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**V. Consequences of Failure to File a Proof of Claim or Administrative Claim**

17. Any person or entity who is required, but fails, to file a Proof of Claim or an Administrative Claim request with the Court, as applicable in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim or Administrative Claim request with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim, *provided* that late-filed proofs of claim shall be treated in accordance with section 726(a)(3) of the Bankruptcy Code. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule E/F of the Schedules as not contingent, not disputed, or not liquidated.

18. Any person or entity who is required to file a Proof of Claim but fails to do so in accordance with this Order shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**VI. Miscellaneous**

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 21st, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**