**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF PHILIP J. GUND**
**IN SUPPORT OF DEBTORS' OBJECTION TO**
**FILED CLAIM #34 OF PROCESS EQUIPMENT INC.**
**AND REPLY OF DEBTORS TO LIMITED OBJECTION BY**
**PROCESS EQUIPMENT, INC. TO SALE AND DISPOSITION OF SALE PROCEEDS**

I, Philip J. Gund, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director with Ankura Consulting Group, LLC ("**Ankura**"), an interim management and restructuring advisory services firm with numerous offices throughout the country and the financial advisor to Searles Valley Minerals Inc. ("**SVM**") and its debtor subsidiaries (collectively, the "**Debtors**" and, together with SVM's non-Debtor subsidiary, the "**Company**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

2. I submit this declaration (this "**Declaration**") in support of the *Debtors' Objection to Filed Claim #34 of Process Equipment Inc.* (the "**Objection**") and the *Reply of Debtors to*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

*Limited Objection by Process Equipment, Inc. to Sale and Disposition of Sale Proceeds* (the "**Reply**").[2]

3. Except as otherwise indicated, all statements set forth in this Declaration are based upon the following: (a) my personal knowledge, belief, or opinion; (b) information learned from my review of the Debtors' books and records and materials filed in the Chapter 11 Cases; (c) information supplied to me or verified by the Debtors' employees or advisors and/or employees of Ankura working directly under my supervision and direction; and (d) my professional experience, knowledge, skill, education, and/or training concerning financial restructurings, sale and capital raise transactions. If called as a witness, I could and would testify competently to the statements set forth in this Declaration on that basis. I am not being specifically compensated for this testimony other than through payments received by Ankura as a professional that has been retained by the Debtors. I am over the age of eighteen years and am authorized to submit this Declaration on behalf of the Debtors.

4. I am familiar with the Debtors' business operations, the claim filed by Process Equipment Inc. ("**Process**"), and the facts underlying the Debtors' Objection, based on my work as financial advisor to the Debtors in these Chapter 11 Cases.

**<u>Background and Qualifications</u>**

5. Since 2014, Ankura has been a global provider of turnaround advisory services to companies in crisis or those in need of performance improvement in specific financial and operational areas. Ankura's debtor advisory services include a wide range of activities targeted at stabilizing and improving a company's financial position. Ankura's expertise relevant to the

[2] Capitalized terms not defined in this Declaration have the meanings ascribed to them in the Objection, filed contemporaneously herewith.

Chapter 11 Cases includes: (a) turnaround and restructuring consulting; (b) analyzing and testing company cash flow projections; (c) managing communications with lenders, board members, employees, investors, and creditor constituencies; (d) cash management and liquidity enhancement; (e) financial modeling and forecasting; (f) operational improvement; (g) strategic business plan development; (h) customer and vendor management; and (i) bankruptcy services, including contingency planning, preparing schedules and statements, preference analysis, claims resolution, and executory contract analysis.

6. In addition, Ankura and its professionals have assisted and advised numerous financially troubled companies from a variety of industries in complex financial restructurings and liquidations, both out of court and in chapter 11 cases. Ankura professionals have been retained in numerous large, complex chapter cases, including, among others: *In re Genesis Healthcare, Inc.*, Case No. 25-80185 (SGJ) (Bankr. N.D. Tex. Sep. 5, 2025); *In re Azzur Grp. Holdings LLC*, Case No. 25- 10342 (KBO) (Bankr. D. Del. April 8, 2025); *In re CarePoint Health Sys. Inc.*, Case No. 24-12534 (JKS) (Bankr. D. Del. Dec. 10, 2024); *In re AIO US, Inc.*, No. 24-11836 (CTG) (Bankr. D. Del. Sept. 24, 2024); *In re Amyris, Inc.*, No. 23-11131 (TMH) (Bankr, D. Del. Sept. 14, 2023); *In re LaVie Care Ctrs., LLC*, Case No. 24-55507 (PMB) (Bankr. N.D. Ga. June 28, 2024); *In re Anagram Holdings, LLC*, No. 23-90901 (MI) (Bankr. S.D. Tex. Dec. 26, 2023) [Docket No. 294]; *In re FB Debt Financing Guarantor, LLC*, No. 23-10025 (KBO) (Bankr, D. Del. Feb. 6, 2023); *In re Country Fresh Holding Co.*, No. 21-30574 (MI) (Bankr. S.D. Tex. Mar. 31, 2021); *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. July 9, 2020); *In re Brooks Brothers Grp., Inc.*, No. 20-11785 (CSS) (Bankr. D. Del. Aug. 7, 2020); *In re Exide Holdings, Inc.*, No. 20-11157 (CSS) (Bankr. D. Del. May 19, 2020); *In re Elk Petroleum, Inc.*, No. 19- 11157 (LSS) (Bankr. D. Del. July 25, 2019); *In re MTE Holdings LLC*, No. 19-12269 (CTG)(Bankr. D. Del. Feb. 26,

2020); *In re High Ridge Brands Co.*, No. 19-12689 (BLS) (Bankr. D. Del. Dec. 18, 2019); *In re Emerge Energy Services LP*, No. 19-11563 (KBO) (Bankr. D. Del. Dec. 18, 2019); *In re Payless Holdings LLC*, No. 19-40883 (Bankr. E.D. Mo. Feb. 18, 2019); *In re Fallbrook Techs. Inc.*, No. 18-10384 (MFW) (Bankr. D. Del. Feb. 26, 2018); *In re Model Reorg Acquisition, LLC*, No. 17-11794 (CSS) (Bankr. D. Del. Oct. 4, 2017); *In re Last Call Guarantor, LLC*, No. 16-11844 (KG) (Bankr. D. Del. Sept. 2, 2016); *In re SynCardia Systems Inc.*, No. 16-11599 (MFW) (Bankr. D. Del. Aug. 1, 2016); *In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. Aug. 11, 2016).

7. As noted, I am a Senior Managing Director of Ankura, based in New York. I have 43 years of professional experience, including 37 years working with troubled companies and their creditors, investors, and court-appointed officials, and I have earned a national reputation as a restructuring expert and crisis manager, forging consensual agreement among diverse parties across a broad range of industries. I have advised and assisted clients on all aspects of the workout process and have served as Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer in crisis and interim management situations. I have also served as a Responsible Officer in liquidation matters and as a member of the board of directors of certain companies. My experience includes serving as the Chief Financial Officer of SunEdison Inc. and its subsidiaries; the Chief Restructuring Officer of Avon Products, Inc., a leading manufacturer and marketer of beauty, fashion, and home products with operations and customers across the globe; Chief Restructuring Officer of Marelli Holdings, Co. and Marelli North America, Inc., one of the largest international automotive parts suppliers in the world and a pioneer in motorsports and in automobile manufacturing and design; Chief Restructuring Officer of Amyris, Inc., the world's leading manufacturer of ingredients with synthetic biology; Restructuring Officer and Chief

Financial Officer of American Commercial Barge lines, one of the largest barging operations on the inland waterways, among numerous other engagements, including as advisor to the Chapter 11 trustee in Lehr Construction, one of the largest interior construction companies in the New York area; advisor to Advantage Car Rental; advisor to the senior lenders of Ahern Rental, one of the largest high-reach equipment rental companies in the United States; and advisor to the management of the Daily News to evaluate operations and possible cost reductions during its chapter 11 proceeding. I hold a BBA from Pace University and am a certified public accountant and certified insolvency and restructuring advisor.

**The Process Mechanics Lien**

8. Process asserts a mechanics lien is in the amount of $3,178,916.26 against real property located at 13200 Main Street, Trona, California 93562, which was recorded in San Bernardino County on June 16, 2026. The lien is predicated on a Master Work Agreement dated December 5, 2024 and Purchase Order CS2407540 dated December 19, 2024, with a fixed base contract value of $3,177,435.00.

9. Process was hired to order and install certain equipment in connection with the Trona Boiler ID & FD Fan Electrification Project on the Debtors' utility plant located at parcel number 0485-041-38. Process asserts that its lien encompasses engineering, design, fabrication, supply, and field installation services in connection with the Boiler ID & FD Fan Electrification Project, including without limitation: design and supply of fan rotors, shafts, and inlet cones; supply and installation of electric motors, couplings, concrete motor pedestals, and related structural modifications; pipe re-routing and condensate drain line relocation; rotating assembly balancing; and associated field labor, crew mobilization, and engineering submittals.

**Status of Equipment and Project Completion**

10. Process was contracted to order, deliver and install four motors and two rotors for the project, which collectively constitute the principal equipment components of the Electrification Project. At least two motors and one rotor remain completely uninstalled and are sitting on the ground at the project site, in an unassembled condition, having never been affixed to any structure, foundation, or component of the utility plant. Two motors were placed on concrete pedestals. These two motors have not been connected or coupled to the fan shafts they are designed to drive. Coupling cannot occur until the motors are electrically connected and ready to operate the fans—a prerequisite stage of the installation sequence that was never achieved.

***[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]***

I, Philip J. Gund, pursuant to section 1746 of title 28 of the United States code hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 23, 2026

/s/ *Philip J. Gund*
Philip J. Gund
Senior Managing Director
Ankura Consulting Group, LLC