**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF CHRISTIAN TEMPKE**
**IN SUPPORT OF DEBTORS' OBJECTION TO**
**FILED CLAIM #34 OF PROCESS EQUIPMENT, INC.**
**AND REPLY OF DEBTORS TO LIMITED OBJECTION BY**
**PROCESS EQUIPMENT, INC. TO SALE AND DISPOSITION OF SALE PROCEEDS**

I, Christian Tempke, hereby declare as follows:

1. I am a Managing Director at Lazard Frères & Co. LLC, which has its principal office at 30 Rockefeller Plaza, New York, New York 10012. Lazard Frères & Co. LLC, along with Lazard & Co., Limited (collectively, "**Lazard**") is the retained investment banker for the Debtors in the above-captioned Chapter 11 Cases.[2]

2. I submit this declaration (this "**Declaration**") in support of the *Debtors' Objection to Filed Claim #34 of Process Equipment, Inc.* (the "**Objection**") and the *Reply of Debtors to*

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] *See Order (I) Authorizing the Employment and Retention of Lazard Frères & Co. LLC and Lazard & Co., Limited as Investment Banker to the Debtors and Debtors in Possession, Effective as of the Petition Date, (II) Approving the Terms of the Engagement Letter, (III) Waiving Certain Time-Keeping Requirements Pursuant to Local Rule 2016-2(H), and (IV) Granting Related Relief.* [Docket No. 181].

*Limited Objection by Process Equipment, Inc. to Sale and Disposition of Sale Proceeds* (the "**Reply**").[3]

3. Except as otherwise indicated herein, all statements set forth in this Declaration are based upon the following: (a) my personal knowledge, belief, or opinion; (b) information learned from my review of the Debtors' books and records and materials filed in these Chapter 11 Cases; (c) information supplied to me or verified by the Debtors' employees, other advisors, and/or employees of Lazard working directly under my supervision and direction; and (d) my professional experience, knowledge, skill, education, and/or training concerning financing restructurings and sale and capital raise transactions. If called as a witness, I could and would testify competently to the statements set forth in this Declaration. I am not being specifically compensated for this testimony other than through payments received by Lazard as the Debtors' retained investment banker. I am authorized by the Debtors to submit this Declaration on their behalf.

**Allocation of Consideration to Utility Facility**

1. On September 14, 2026, the Debtors entered into an asset purchase agreement (the "**APA**") for the going-concern sale of substantially all of their assets (the "**Sale**") to 5E SVM, LLC (the "**Buyer**"). In accordance with the APA, the purchase price consideration consists of (i) $3,357,906 in cash consideration paid at closing (of which $3,000,000 gets segregated at closing to account for Lazard's sale transaction fee in accordance with the bidding procedures order and Lazard retention order previously entered by this court); (ii) 8,300,000 shares of publicly-traded common stock of 5E Advanced Materials, Inc.; and (iii) a $6,220,000 senior unsecured note bearing 14.5% payable-in-kind interest (collectively, the "**Purchase Price Consideration**").

[3] Capitalized terms not defined in this Declaration have the meanings ascribed to them in the Objection, filed contemporaneously herewith.

2. As of September 22, 2026, I estimate the Purchase Price Consideration to be in the range of approximately $27.0 million to $29.4 million which is comprised of the cash paid at closing, the stock consideration and the net present value of the senior unsecured note being provided. To estimate the share component, I utilized a share price of approximately $2.09 per share (based on the VWAP of Buyer's stock per Bloomberg from September 15, 2026 through September 22, 2026), which amounts to approximately $17.3 million. To estimate the senior unsecured note component, I applied a discount rate of 7.0% to 15.0% (Buyer's WACC is approximately 11% per Factset) to the implied cash flows resulting from payment of the note through its maturity, which results in a net present value range of approximately $6.3 million to $8.8 million.

3. I understand that the Buyer has indicated to the Debtors per the APA requirement that it expects to allocate approximately 85% of the total consideration to real property interests (the "**Real Property Consideration**"), and that the Buyer would allocate approximately 87% to 92% of the Real Property Consideration to ground rights under the BLM leases and fee property with minerals and approximately 0.51% to 1.0% of the Real Property Consideration to the utility facility. Based on the estimated value range of the Purchase Price Consideration calculated above and the Buyer's proposed allocation of sale consideration, it implies approximately $117,000 to $250,000 of the sale consideration to be allocated to the utility facility.

4. Lazard has not conducted an independent valuation or appraisal of the transferred assets and has not conducted any analysis as to the allocation of the sale consideration. Further, Lazard has not had any discussions with the Buyer regarding the Buyer's proposed allocation and therefore does not have any insight into how Buyer has determined to allocate purchase price.

Lazard has not had any input into Buyer's proposed allocation, which is generally outside of Lazard’s scope of work.

5. I also understand from discussions with Debtors’ counsel, that the Debtors, Buyer, KHI, Nirma and the Prepetition Lender reserve all rights, remedies, claims and defenses regarding the valuation or appraisal of the purchased assets for any purpose other than this proceeding.

***[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]***

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: September 25, 2026

*_/s/ Christian Tempke_*
Christian Tempke
Managing Director
Lazard Frères & Co. LLC