**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) GRANTING CONDITIONAL APPROVAL OF THE ADEQUACY OF DISCLOSURES IN THE COMBINED DISCLOSURE STATEMENT AND PLAN; (II) SCHEDULING A COMBINED CONFIRMATION HEARING AND SETTING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) granting interim conditional approval of the adequacy of disclosures (the "Disclosures") contained in the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Searles Valley Minerals, Inc. and Its Debtor Affiliates* [Docket No. 425] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Disclosure Statement and Plan" or, separately in relevant part, the "Disclosure Statement" or the "Plan"), (b) scheduling a final hearing (the "Combined Hearing") on final approval of the adequacy of Disclosures, combined with a hearing on confirmation of the Combined Disclosure Statement and Plan, and related deadlines; (c) approving the solicitation

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

procedures set forth herein; (d) approving the forms of ballots for the voting classes and the forms of notices to non-voting classes; and (e) granting related relief as set forth in the Proposed Order. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 3017-1, and 3017-2.

**BACKGROUND**

4. On June 15, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 16, 2026, the Court entered an order [Docket No. 44] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On June 26, 2026, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. On July 21, 2026, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Lender, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 231] (the "Final DIP Order"). Among other things, the Final DIP Order approved, on a final basis, certain milestones in connection with the approval of, *inter alia*, the Parent Junior DIP Facility from the DIP Lender, including the establishment of a deadline of 90 calendar days after the Petition Date (i.e., September 13, 2026) (the "Sale Consummation Date") for closing of a sale or sales of all or substantially all of the Debtors' assets.

7. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) Approving Bidding Procedures for the Sale of Certain or All of the Debtors' Assets; (B) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections; (C) Approving Assumption and Assignment Procedures; (D) Scheduling a Hearing to Consider Any Proposed Sale; and (II) (A) Approving the Sale of the Debtors' Assets Free and*

*Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 18] (the "Sale Motion"). The Court entered the Bid Procedures Order (as defined in the Sale Motion) on July 7, 2026 [Docket No. 140].

8. On August 26, 2026, the Court held a hearing on the proposed assumption and assignment of certain assets of the Debtors, and on August 28, 2026 the Court entered an order approving the same [Docket No. 341].

9. A hearing to consider the proposed going concern sale of the Debtors' assets was held on September 15, 2026. On September 21, 2026, the Court entered an order approving the going concern sale of the Debtors' assets to 5E SVM, LLC [Docket No. 399].

10. On September 21, 2026, the Court entered an order [Docket No. 398] (the "Bar Date Order"), setting the general claims bar date as 30 days after entry of the Bar Date Order, the governmental bar date as December 14, 2026, and the bar date for administrative claims arising on or before September 1, 2026 as 30 days after entry of the Bar Date Order.

**RELIEF REQUESTED**

11. By this Motion, the Debtors request (i) interim conditional approval of the adequacy of Disclosures solely to permit the Debtors to solicit the Combined Disclosure Statement and Plan, with final approval of the Disclosures combined with the hearing on confirmation of the Combined Disclosure Statement and Plan (the "Combined Hearing") as contemplated by Local Rule 3017-2; (ii) scheduling the Combined Hearing fixing other dates and deadlines related to solicitation and confirmation of the Combined Disclosure Statement and Plan, as set forth in the proposed confirmation schedule below; (iii) approving certain solicitation, notice, and tabulation procedures

with respect to confirmation of the Combined Disclosure Statement and Plan; (iv) approving the form of the ballots and notices in connection therewith; and (v) granting other related relief.

12. A summary of the key dates the Debtors seek to establish, subject to the Court's availability, are as follows:

| **PROPOSED TIMETABLE** | |
|---|---|
| **Event** | **Date** |
| Voting Record Date | October 13, 2026 |
| Deadline to Mail Solicitation Packages / Solicitation Commences | Within three (3) business days after entry of the Interim Approval and Procedures Order |
| Deadline to File Plan Supplement | November 6, 2026 |
| Deadline to File Rule 3018 Motions | November 7, 2026 at 4:00 p.m. (ET) |
| Deadline for Responses to Rule 3018 Motions | November 13, 2026 |
| Voting Deadline | November 13, 2026 at 4:00 p.m. (ET) |
| Deadline to file and serve Objections to Combined Disclosure Statement and Plan Confirmation and/or final approval of the adequacy of the Disclosures | November 13, 2026 at 4:00 p.m. (ET) |
| Deadline to file: (1) Voting Tabulation Affidavit; (2) Confirmation Brief; (3) reply to any objection to Confirmation; or (4) reply to any objection to Rule 3018 Motion | November 16, 2026 at 4:00 p.m. (ET) |
| Combined Hearing on final approval of Disclosures and Confirmation of the Combined Disclosure Statement and Plan | November 18, 2026 at 2:00 p.m. (ET) |

## BASIS FOR RELIEF REQUESTED

### A. Combined Hearing

13. Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[2]

14. Local Rule 3017-2(a) applies "when a plan proponent requests a combined hearing on disclosure statement approval and plan confirmation, except a prepackaged plan." Local Rule 3017-2(b) recognizes that a plan proponent may file a motion requesting: (A) authority to combine the plan and disclosure statement into a single document; (B) interim disclosure statement approval; (C) approval of solicitation procedures; and (D) scheduling a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan." Additionally, section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009). Pursuant to this authority, courts in this District have combined hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases. *See e.g.*, *In re American Tire Distributors, Inc.*, Case No. 24-12391 (CTG)

[2] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

(Bankr. D. Del. Feb. 19, 2025); *In re JAB Energy Solutions II, LLC,* Case No. 21-11226 (CTG) (Bankr. D. Del. Sept. 13, 2022); *In re Wardman Hotel Owner, L.L.C.*, Case No. 21-10023 (JTD) (Bankr. D. Del. Sept. 1, 2022); *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Aug. 10, 2021); *In re Phoenix Brands, LLC*, Case No. 16-1124 (BLS) (Bankr. D. Del. Nov. 21, 2016); *In re JMO Wind Down, Inc.*, Case No. 16-10682 (BLS) (Bankr. D. Del. Sept. 1, 2016); *In re SDI Solutions LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. May 24, 2016*); In re Nuo Therapeutics, Inc*., Case No. 16-10192 (MFW) (Bankr. D. Del. Mar 29, 2016); *In re Hipcricket, Inc.*, Case No. 15-10104 (LSS) (Bankr. D. Del. Mar. 3l, 2015).

15. Consistent with the foregoing authority, the Debtors respectfully request that the Court consolidate its approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan at the single Combined Hearing and enter an order scheduling the Combined Hearing for November 18, 2026 at 2:00 p.m. (ET). A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtors' creditors by hastening the implementation of the Combined Disclosure Statement and Plan. Accordingly, the Combined Hearing will spare the Debtors the additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

**B. Request for Interim Conditional Approval of the Disclosures**

16. As noted above, the Debtors intend to seek final approval of the Disclosures at the Combined Hearing. By this Motion, the Debtors submit that the Disclosures contain adequate information. Accordingly, the Debtors request that the Court (a) approve the adequacy of the Disclosures on an interim conditional basis to permit the Debtors to use the Combined Disclosure Statement and Plan in the solicitation process as described herein and (b) approve the Disclosures on a final basis as part of the order confirming the Combined Disclosure Statement and Plan.

17. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> "Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors and the condition of the Debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtors, any successor to the Debtors, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

18. The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan. *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

19. "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that

adequate information will be determined by the facts and circumstances of each case."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

20. Numerous courts acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

21. Here, the Disclosures contain ample information to allow well-informed judgments on the Combined Disclosure Statement and Plan. Specifically, the Disclosures contain detailed information with respect to, among other things: (a) the Debtors' business and prepetition capital structure; (b) the relevant events and circumstances preceding the chapter 11 cases; (c) the major events during the administration of the chapter 11 cases, including assets sales and the Committee Settlement; (d) the key terms of the Combined Disclosure Statement and Plan; (e) estimates of the anticipated distributions to be received by holders of allowed claims; (f) the feasibility of the Combined Disclosure Statement and Plan; (g) a comparison to hypothetical liquidation under

chapter 7 of the Bankruptcy Code; (h) risk factors that may affect the Plan; and (i) the existence of federal tax consequences of the Combined Disclosure Statement and Plan for which creditors should seek independent counsel. *See, In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors that courts may consider in determining the adequacy of information provided in a disclosure statement); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same). Notably, disclosure regarding all conceivable topics is not necessary in every case. *U.S. Brass*, 194 B.R. at 425; *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

22. Thus, the Debtors respectfully submit that the Disclosures contain "adequate information" within the meaning of section 1125 of the Bankruptcy Code. Accordingly, the Court should authorize the Debtors to use the Combined Disclosure Statement and Plan during the solicitation period, subject to objections, and approve the Disclosures on a final basis at the Combined Hearing.

23. The procedures described herein (the "Solicitation Procedures") provide for solicitation of the Combined Disclosure Statement and Plan in accordance with Local Rule 3017-2 and ensure that creditors and parties in interest will have sufficient time to review the Combined Disclosure Statement and Plan and file objections thereto in advance of the Combined Hearing. The Debtors will consider all requests to make reasonable changes to the Combined Disclosure Statement and Plan in advance of the hearing on this Motion.

## C. Scheduling the Confirmation Hearing and Setting Objection Deadline

24. Pursuant to sections 1128(a) and 105(d)(2)(B)(vi) of the Bankruptcy Code, the Debtors request that the Court set a hearing to consider confirmation of the Combined Disclosure Statement and Plan. Pursuant to Local Rule 3017-2, the Debtors request a single combined hearing

(*i.e.*, the Combined Hearing), to seek the Court's final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan. *See* 11 U.S.C. § 1128(a) (providing that, after notice, the Court shall hold a hearing on confirmation); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of a disclosure statement with the confirmation hearing).

25. The Debtors respectfully request that the Court (a) set the Combined Hearing for **November 18, 2026 at 2:00 p.m. (ET)** and (b) set **November 13, 2026 at 4:00 p.m. (ET)** as the deadline by which any objections to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan must be filed (the "Objection Deadline").

26. The Debtors request that the Court require that any objection to confirmation of the Combined Disclosure Statement and Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection, and the specific grounds of the objection. Plan Objections must be filed with the Bankruptcy Court and served upon: (a) co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com),Jennifer Madden, Esq. (jennifer.madden@skadden.com), and Claire Stephens, Esq. (claire.stephens@skadden.com)); (b) co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov)); (d) counsel to the Prepetition Secured Lender

(Attn: William Hao, Esq. (william.hao@alston.com)); (e) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); (f) counsel to the Official Committee of Unsecured Creditors, Womble Bond Dickinson US LLP, 1313 North Market Street, Wilmington, Delaware 19801 (Attn: Matthew Ward, Esq. (Matthew.Ward@wbd-us.com) and Marcy J. McLaughlin Smith, Esq. (Marcy.Smith@wbd-us.com).

27. The Debtors believe that the proposed timing for filing and service of Plan Objections and proposed modifications, if any, will afford the Court, the Debtors, and other parties in interest sufficient time to consider objections and proposed modifications, if any, prior to the Combined Hearing.

**D. Approval of Form and Manner of Notice of Combined Hearing**

28. The Debtors request approval of the notice of the Combined Hearing substantially in the form of **Exhibit B** annexed hereto (the "Combined Hearing Notice").

29. The Debtors propose to set **October 13, 2026** as the record date for purposes of determining which Holders of Claims and Interests are potentially entitled to vote to accept or reject the Combined Disclosure Statement and Plan for purposes of serving the Combined Hearing Notice. Pursuant to Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice contains: (i) the Court's conditional approval of the adequacy of Disclosures; (ii) the deadline for voting on the Combined Disclosure Statement and Plan; (iii) the date of the Combined Hearing; (iv) the deadline and procedures for filing Plan Objections; and (iv) directions on how to obtain copies of those documents upon request by any parties in interest. As required by Local Rule 3017-2 (b)(iv), the Debtors certify that notice of the deadline to object to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan will comply with the Bankruptcy

Rule 2002(b), and that the date of the Combined Hearing shall not be less than seven (7) days after such objection deadline.

30. The Combined Hearing Notice will be served upon: (a) the U.S. Trustee; (b) the Debtors' known creditors on their creditor matrix, including, among others, all taxing authorities, banks, UCC-1 lien holders, other secured creditors, litigants, and counterparties to contracts; (c) the Internal Revenue Service; (d) the Holders of equity Interests; and (e) any party requesting special notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

## SOLICITATION AND VOTING PROCEDURES

31. As described above, the Debtors intend to distribute the Combined Disclosure Statement and Plan and solicit votes thereon prior to the Combined Hearing. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and equity Interests for the purpose of soliciting their votes to accept or reject a chapter 11 plan. Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter such orders as the court deems appropriate." As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules, the Local Rules and the Bankruptcy Code.

### A. Solicitation Package

32. Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement. In accordance therewith, the Debtors propose that the appointed claims and noticing agent, Stretto, Inc. ("Stretto" or the "Voting Agent") transmit or cause to be transmitted by email, where available, and otherwise by first class mail, to parties entitled to vote on the Combined Disclosure Statement and Plan (the "Voting

Parties”) a package containing: (a) the Combined Hearing Notice; (b) a ballot, substantially in one of the forms annexed hereto as **Exhibit C** (the “Ballots”), as applicable; (c) a pre-addressed, return envelope; and (d) such other information as the Court may direct or approve (collectively, the “Solicitation Package”).

33. Due to the voluminous nature of certain documents, the Debtors request authorization to distribute the Combined Disclosure Statement and Plan to Holders of Claims entitled to vote on the Plan by providing instructions as part of the Solicitation Package for accessing these documents, free of charge, through the Debtors’ restructuring website (https://cases.stretto.com/SVM) or QR Code. Given the length of the Combined Disclosure Statement and Plan, distribution in this manner will allow the Solicitation Packages to be sent on the earliest possible date. The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

34. Additionally, the Debtors will provide (a) complete Solicitation Packages (excluding the Ballots) to the U.S. Trustee, and (b) the Order (in electronic format, if available) and the Combined Hearing Notice to any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

35. Any party that would prefer to receive materials in paper format may contact the Voting Agent and request paper copies of the materials (to be provided at the Debtors’ expense) by (a) visiting the Debtors’ restructuring website at https://cases.stretto.com/SVM (b) writing to: Stretto, Inc., 410 Exchange, Suite 100, Irvine CA 92602, (c) emailing TeamSVM@stretto.com with “Searles Valley Minerals – Solicitation Inquiry” in the subject line, or (d) calling the Voting Agent at (855) 296-3324 (U.S. and Canada) or +1 (626) 746-1263 (International). Parties in

interest can also obtain these documents and any other pleadings filed in these chapter 11 cases (for a fee) via PACER at https://ecf.deb.uscourts.gov.

36. Pursuant to section 1126(f) of the Bankruptcy Code, Unimpaired Creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f). Accordingly, the Debtors submit that they need not transmit a Solicitation Package to Holders of Claims in the Unimpaired Classes who are Unimpaired and deemed to have accepted the Combined Disclosure Statement and Plan.

37. Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g). Therefore, the Debtors submit that they need not transmit Solicitation Packages to Holders of Subordinated Claims and Equity Interests in any Class that will not receive any distribution or retain property under the Combined Disclosure Statement and Plan and are deemed to have rejected the Combined Disclosure Statement and Plan.

38. The Debtors propose to mail or cause to be mailed to Holders of Claims in the Unimpaired Classes and the Deemed Rejecting Classes (together, the "Non-Voting Classes"), a notice, substantially in the forms attached hereto as **Exhibits D and E** (together, the "Non-Voting Notices"), setting forth: (a) the non-voting classes; (b) summary of the treatment of Claims and Equity Interests under the Combined Disclosure Statement and Plan; (c) the date and time of the Combined Hearing; and (d) the deadline and procedures for filing Plan Objections. The Non-Voting Notices will indicate that Non-Voting Parties may obtain a copy of the Combined Disclosure Statement and Plan free of charge from the Voting Agent. The Non-Voting Notices contain all of the required information with respect to the Combined Hearing, and, for the

avoidance of doubt, the Debtors seek direction to send only the Non-Voting Notices to Holders of Claims in the Non-Voting Classes.

39. The Debtors anticipate that the United States Postal Service may return some Solicitation Packages as undeliverable. The Debtors submit that it is costly and wasteful to mail Solicitation Packages to the same addresses from which mail previously was returned as undeliverable. Therefore, the Debtors request the Court waive the strict notice rule and excuse the Debtors from mailing Solicitation Packages to addresses from which the Debtors received mailings returned as undeliverable, unless the Debtors are provided with a new mailing address sufficiently before the Voting Deadline.

40. As indicated above, upon conditional approval of the Disclosures, the Voting Agent will serve on the appropriate parties either (a) a Solicitation Package or (b) a Non-Voting Notice.

41. Further, to the extent that the Debtors, in their sole discretion, elect to publish the Combined Hearing Notice, such publication substantially in the form of Combined Hearing Notice is approved (provided, however, the Debtors in their sole discretion may summarize and/or shorten the form for publication based on any publication size limitations or conditions), and the Debtors, to the extent that they elect to publish the Combined Hearing Notice, shall publish the Confirmation Hearing Notice in the national edition of *The New York Times* or a similar paper of national circulation as soon as reasonably practicable after approval of this Motion, and may pay the costs of such publication.

## B. Ballots and Voting

42. The Debtors propose that the Court establish October 13, 2026 as the record date (the "Voting Record Date") for the purposes of determining (a) which Creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Combined Disclosure Statement

and Plan, subject to the disallowance of such Creditors' Claims for voting purposes as set forth herein, or (b) the Holders of Claims and Interests entitled to receive the Non-Voting Notice.

43. The Voting Agent shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

44. The Debtors additionally request that Creditors seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Disclosure Statement and Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "3018 Motion") for such relief no later than **November 7, 2026 at 4:00 p.m. (ET)**. The deadline for any party in interest to object to a 3018 Motion shall be **November 13, 2026**. The deadline for any reply to any such objection to a 3018 Motion shall be **November 16, 2026 at 4:00 p.m. (ET)**. Any such 3018 Motion may also be resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Court.

## C. Approval of Procedures for Vote Tabulation

45. The Debtors respectfully request that the Court approve the voting and tabulation procedures described herein in accordance with Bankruptcy Code § 1126(c) and Bankruptcy Rule 3018(a).

46. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two thirds in amount and more than one half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

47. The Debtors request that the Court approve the vote tabulation methodology as more fully set forth in the voting instructions on the Ballots (attached as **Exhibit C**) utilized by the Debtors. The Debtors will not count or consider for any purpose in determining whether the Combined Disclosure Statement and Plan has been accepted or rejected the following Ballots: (a) any Ballot that is received after the Voting Deadline (unless the Voting Deadline as to such Ballot is extended by the Debtors in their discretion subject to disclosure thereof in the Voting Report); (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Combined Disclosure Statement and Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Combined Disclosure Statement and Plan, or marked both to accept and reject the Plan; (f) any Ballot that was not accompanied by an original signature (except for E-Ballots as discussed below); and (g) any Ballot submitted by a party not entitled to cast a vote with respect to the Combined Disclosure Statement and Plan.

48. In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions (the "E-Ballot"), solely through a customized online balloting portal maintained by the Voting Agent on the Debtors' case website (the "E-Ballot Portal"). Instructions for electronic, online transmission of a Ballot through the E-Ballot Portal are set forth on the form of the Ballot. The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be

deemed to be immediately legally valid and effective. For the avoidance of doubt, Ballots submitted via E-Ballot shall be deemed to contain an original signature. E-Ballots shall be the sole method by which a creditor may submit a Ballot electronically. Ballots submitted by email, facsimile, or other electronic means shall be deemed invalid.

49. Additionally, as set forth in the proposed Ballots, the following procedures are requested:

a. If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim or Interest amount contained on a timely filed Proof of Claim or, if no Proof of Claim was timely filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Schedules;

b. If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c. Notwithstanding anything to the contrary contained herein, any Creditor who has filed or purchased one or more duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

d. Except to the extent the Debtors otherwise determine, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim or Interest files a motion pursuant to Bankruptcy Rule 3018;

e. Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

f. For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

g. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise; [3]

[3] For the avoidance of doubt, E-Ballots submitted online shall be deemed to contain an original signature.

h. Delivery of the original executed Ballot or E-Ballot to the Voting Agent on or before the Voting Deadline is required;

i. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

p. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

q. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

r. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

s. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

50. The Debtors believe the proposed voting, tabulation and related procedures comply with the Bankruptcy Code and the Bankruptcy Rules, and are reasonable and appropriate under the circumstances of these cases.

**WAIVER OF BANKRUPTCY RULE 6004(a)**

51. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a).

**NOTICE**

52. Notice of this Motion will be given to the following parties, or their counsel, if known: (a) U.S. Trustee; (b) counsel to the Committee; (c) counsel to Prepetition and DIP Lenders; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, and grant such other and further relief as this Court deems just and proper.

Dated: September 29, 2026
Wilmington, Delaware

*/s/ Laura Davis Jones*
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
ljones@pszjlaw.com
joneill@pszjlaw.com
ecorma@pszjlaw.com

*Co-Counsel to Debtors and Debtors in Possession*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
James J. Mazza, Jr. (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
Claire Stephens (*pro hac vice* pending)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
James.Mazza@skadden.com
Jennifer.Madden@skadden.com
Claire.Stephens@skadden.com

*Co-Counsel to Debtors and Debtors in Possession*