# Exhibit B

## Blackline of Further Revised Order against Revised Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**ORDER (I) GRANTING CONDITIONAL APPROVAL OF THE DISCLOSURES; (II) SCHEDULING A COMBINED HEARING TO CONSIDER FINAL APPROVAL OF THE DISCLOSURES AND CONFIRMATION OF THE PLAN, AND SETTING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Granting Conditional Approval of the Adequacy of the Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* (the "Motion") filed by the above-captioned debtors and debtors in possession (the "Debtors");[2] and based on the record in the chapter 11 cases; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion or Combined Disclosure Statement and Plan, as applicable.

District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosures are approved on an interim, conditional basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosures are expressly reserved for consideration at the Combined Hearing (as defined below).

3. The form of Combined Hearing Notice and the forms of Non-Voting Notices attached to the Motion are approved in all respects.

4. The forms of Ballots, including the voting instructions and vote tabulation methodology set forth thereon, are approved in all respects.

5. The following dates and deadlines are hereby approved:

| DESCRIPTION | DEADLINE |
|---|---|
| Voting Procedures Hearing Objection Deadline | October 6, 2026 at 4:00 p.m. (ET) |
| Voting Procedures and Interim Disclosure Statement Hearing | October 15, 2026 at 11:00 a.m. (ET) |
| Voting Record Date | October 15, 2026 |
| Deadline to object to Claims for voting purposes | October 26, 2026 |
| Deadline to Mail Solicitation Packages / Commencement of Solicitation | Within three (3) business days after entry of the Interim Approval and Procedures Order |
| Deadline to File Plan Supplement | November 9, 2026 |
| Deadline to File Rule 3018 Motions | November 9, 2026 at 4:00 p.m. (ET) |
| Deadline for Responses to Rule 3018 Motions | November 16, 2026 |
| Voting Deadline | November 16, 2026 at 4:00 p.m. (ET) |
| Deadline to file and serve Objections to Combined Disclosure Statement and Plan Confirmation and/or final approval of the adequacy of the Disclosures | November 16, 2026 at 4:00 p.m. (ET) |
| Deadline to file: (1) Voting Tabulation Affidavit; (2) Confirmation Brief; (3) reply to any objection to Confirmation; or (4) reply to any objection to Rule 3018 Motion | November ~~18~~19, 2026 at 4:00 p.m. (ET) |
| Combined Hearing on final approval of Disclosures and Confirmation of the Combined Disclosure Statement and Plan | November ~~20~~23, 2026 at ~~2:00 p.m~~10:30 a.m. (ET~~) (or as soon thereafter as the Debtors may be heard~~) |

6. To the extent that the Debtors, in their sole discretion and in consultation with the Committee, elect to publish the Combined Hearing Notice, such publication substantially in the form of Combined Hearing Notice is approved (provided, however, the Debtors in their sole discretion and in consultation with the Committee may summarize and/or shorten the form for publication based on any publication size limitations or conditions), and the Debtors, in consultation with the Committee, to the extent that they elect to publish the Combined Hearing

Notice, shall publish the Combined Hearing Notice in the national edition of *The New York Times* or a similar paper of national circulation as soon as reasonably practicable after approval of this Motion, and may pay the costs of such publication.

7. If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "3018 Motion") for such relief no later than November 9, 2026 at 4:00 p.m. (Eastern Time). The deadline for any party in interest to object to any 3018 Motion is November 16, 2026. The deadline for any reply to any such objection to a 3018 Motion is November ~~18~~19, 2026 at 4:00 p.m. (Eastern Time). Any such 3018 Motion may be resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Court.

8. As to any creditor filing a 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, either at or prior to the Combined Hearing.

9. Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service on or before November 16, 2026 at 4:00 p.m. (Eastern Time) (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to, and for any

objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (a) co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com), Jennifer Madden, Esq. (jennifer.madden@skadden.com), and Claire Stephens, Esq. (claire.stephens@skadden.com)); (b) co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov)); (d) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (e) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); (f) counsel to the Official Committee of Unsecured Creditors, Womble Bond Dickinson US LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Matthew Ward, Esq. (Matthew.Ward@wbd-us.com) and Marcy J. McLaughlin Smith, Esq. (Marcy.Smith@wbd-us.com)).

10. A hearing shall be held before this Court on **November ~~20~~23, 2026 at ~~2:00 p.m~~10:30 a.m. (Eastern Time)** or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Combined Hearing") before the Honorable Judge Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801.

11. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan.

12. The Debtors are authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

13. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

# EXHIBIT A

**Form of Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF (I) CONDITIONAL APPROVAL OF DISCLOSURES; (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN; (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (IV) DEADLINE FOR VOTING ON THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On June 15, 2026 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced their cases by filing their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**THE PLAN AND DISCLOSURE STATEMENT**

2. On September 29, 2026, the Debtors filed the *Combined Disclosure Statement and Plan of Liquidation of Searles Valley Minerals Inc. and its Debtor Affiliates* [D.I. 425] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan").

**INTERIM CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT**

3. By an Order dated [●], 2026 (the "Solicitation Procedures Order"), the Bankruptcy Court conditionally approved, on an interim basis, the disclosures (the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

"Disclosures") in the Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Plan.

4. By the Solicitation Procedures Order, the Court established **November 16, 2026 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Plan must be received. To be counted, your original ballot must actually be **received** on or before the Voting Deadline by the Voting Agent in accordance with the instructions found on the ballot.

**THE COMBINED HEARING**

5. On **November ~~20~~23, 2026 at ~~2:00 p.m~~10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Judge Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 1, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

6. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

**NOTICE REGARDING CERTAIN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS IN THE PLAN**

**PLEASE BE ADVISED THAT SECTIONS 10.4, 10.5, 10.6, AND 10.7 OF THE PLAN CONTAIN CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW.**

**YOU MAY OPT OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 10.7 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT FORM OR ON YOUR BALLOT. IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN PARAGRAPH 9.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE**

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN SECTION 10 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**Injunction:**

From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are satisfied, treated, extinguished, or released pursuant to the Plan, from taking any of the following actions against the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust, or the property of any of the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum); (ii) enforcing, levying, attaching (including, without limitation, any prejudgment or postjudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind; (iv) asserting a right of setoff unless such setoff was formally asserted in a timely Filed Proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of the Confirmation Order (notwithstanding any indication in any Proof of Claim or otherwise that such Holder intends to preserve any right of setoff) as provided by applicable law or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests, and other parties in interest, along with their Related Persons, shall be enjoined from taking any actions to interfere with the implementation or substantial Consummation of this Plan by the Debtors, the GUC Liquidating Trust, the Wind-Down Trust, and/or their respective Related Persons, as applicable.

**Exculpation:**

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each of the Exculpated Parties are hereby exculpated from any liability for, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, or loss arising between the Petition Date and the Effective Date in connection with or arising out of the filing or administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security or asset of the Debtors; the negotiation and pursuit of the Disclosure Statement, the Soda Ash Sale Transaction,

the Going Concern Sale Transaction, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or Consummation of the Plan; the occurrence of the Effective Date; the DIP Credit Agreement; the post-Effective Date administration of the Plan or the property to be distributed under the Plan (including GUC Liquidating Trust Assets and the Wind-Down Trust Assets); the creation of the GUC Liquidating Trust or the Wind-Down Trust; or the transactions in furtherance of any of the foregoing; except for intentional fraud or willful misconduct, as determined by a Final Order, but in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth herein does not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Releases by the Debtors:**

**PURSUANT TO BANKRUPTCY CODE SECTION 1123(B), AND NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASED PARTIES SHALL BE DEEMED RELEASED BY THE DEBTORS AND THEIR ESTATES (ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, INCLUDING THE WIND-DOWN DEBTORS, THE GUC LIQUIDATING TRUST AND THE WIND-DOWN TRUST), FROM ANY AND ALL CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, AS APPLICABLE, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT THE DEBTORS OR THEIR ESTATES, AS APPLICABLE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT, OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, TRANSFER, OR RESCISSION OF THE PURCHASE, SALE, OR TRANSFER OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS**

**PRIOR TO OR IN THE CHAPTER 11 CASE, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND ANY OTHER AGREEMENTS OR DOCUMENTS EFFECTUATING THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, AND ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATING TO THE DEBTORS OR THE ESTATES.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASE OF THE RELEASED PARTIES BY THE DEBTORS AND THE ESTATES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE RELEASE BY THE DEBTORS AND THEIR ESTATES IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTORS; (C) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO THE DEBTORS OR THEIR ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE RELEASE BY THE DEBTORS AND THE ESTATES.**

"Related Parties" mean, collectively, with respect to any Person or Entity, such Person's or Entity's current or former affiliates, directors, managers, officers, members, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, directors, managers, owners, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, investment bankers, consultants, representatives, each in their respective capacities as such. "Related Parties" means the collective plural of Related Party.

"Release by Debtors" means the release given by the Debtors, their Estates, the Wind-Down Debtors, and the GUC Liquidating Trust to the Released Parties as set forth in Article 10.6 of the Plan.

"Released Parties" means, collectively, and in each case in its capacity as such: (a) the Debtors and their Estates; (b) the current and former employees, D&Os, agents, representatives, advisors, attorneys, investment bankers, and financial advisors of the Debtors; (c) the Wind-Down Debtors; (d) the Wind-Down Trustee; (e) the DIP Lender; (f) the Prepetition Secured Lender; (g)

the Nirma Released Parties; (h) the GUC Liquidating Trust and the GUC Liquidating Trustee; (i) the Committee and each of the members of the Committee in its respective capacity as a member of the Committee; (j) all Professionals retained by the Committee and any of its members in the Chapter 11 Cases; and (k) each Related Party of each Entity in clauses (a) through (j).

"Releasing Parties" means, collectively, and in each case in its capacity as such: (a) Holders of Claims; (b) the Committee and the members of the Committee in their capacity as members of the Committee; and (c) each Related Party of each Entity in clauses (a) through (c) for which such Entity is legally entitled to bind such Related Party to the releases contained herein; *provided*, that the following shall not be a Releasing Party: (i) any Holder of a Claim or Interest in a Class that is deemed to reject this Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and that is not entitled to vote to accept or reject this Combined Disclosure Statement and Plan; (ii) any Holder of a Claim that validly makes an Opt-Out Election; (iii) any Holder of a Claim that timely objects to such releases and does not withdraw such objection before Confirmation; (iv) any Holder of a Claim that timely votes to reject the Combined Disclosure Statement and Plan; (v) the DIP Lender; or (vi) the Prepetition Secured Lender.

**Releases by Holders of Claims:**

**EFFECTIVE AS OF THE EFFECTIVE DATE--AND EXCEPT TO THE EXTENT A HOLDER OF A CLAIM MAKES AN OPT-OUT ELECTION--FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES, AND EACH OF THE RELEASING PARTIES' SUCCESSORS AND ASSIGNS, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION**

**THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EFFECTIVE AS OF THE EFFECTIVE DATE, (X) THE DIP LENDER, (Y) THE PREPETITION SECURED LENDER, AND (Z) THE SPONSOR, AND EACH OF THEIR SUCCESSORS AND ASSIGNS, FOR GOOD AND VALUABLE CONSIDERATION, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE D&OS FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY**

**CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 10.7 DO NOT RELEASE: (A) THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO THE TREATMENT PROVIDED FOR SUCH ALLOWED CLAIM IN THIS PLAN; (B) ANY CLAIMS AND LIENS OF THE DIP LENDER OR THE PREPETITION SECURED LENDER; OR (C) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY SALE TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.**

## DEADLINE FOR OBJECTIONS TO FINAL APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE PLAN

7. Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before November 16, 2026 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to, and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (a) co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com), Jennifer Madden, Esq. (jennifer.madden@skadden.com), and Claire Stephens, Esq. (claire.stephens@skadden.com)); (b) co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801

(Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov)); (d) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (e) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); (f) counsel to the Official Committee of Unsecured Creditors, Womble Bond Dickinson US LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Matthew Ward, Esq. (Matthew.Ward@wbd-us.com) and Marcy J. McLaughlin Smith, Esq. (Marcy.Smith@wbd-us.com)).

**COPIES OF THE PLAN AND BALLOTS, IF APPLICABLE**

8. If you wish to receive copies of the Plan, the Opt-Out Form, and all other documents filed in these chapter 11 cases, they will be provided, as quickly as practicable, upon request to the Voting Agent, Stretto, Inc. ("Stretto" or the "Voting Agent") by writing to Searles Valley Minerals Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Copies of the Plan are also available for free on the Voting Agent's website at https://cases.stretto.com/SVM and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

9. IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AS SET FORTH ABOVE.

10. **IF YOU DO NOT RECEIVE A SOLICITATION PACKAGE (INCLUDING A CLASS 3 OR 4 BALLOT) AND YOU BELIEVE YOU ARE ENTITLED TO VOTE ON THE PLAN, PLEASE PROMPTLY CONTACT THE VOTING AGENT AS SET FORTH ABOVE TO OBTAIN A BALLOT. THE DEBTORS RESERVE ALL RIGHTS WITH RESPECT TO ANY SUCH CAST BALLOTS PURSUANT TO THE SOLICITATION PROCEDURES.**

*[Remainder of Page Intentionally Left Blank]*

Dated: Wilmington, Delaware
October [●], 2026

*<u>/s/ DRAFT</u>*

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: 302-652-4100
ljones@pszjlaw.com
joneill@pszjlaw.com
ecorma@pszjlaw.com

*Co-Counsel to Debtors and Debtors in Possession*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
James J. Mazza, Jr. (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
Claire Stephens (admitted *pro hac vice*)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
James.Mazza@skadden.com
Jennifer.Madden@skadden.com
Claire.Stephens@skadden.com

*Co-Counsel to Debtors and Debtors in Possession*

# EXHIBIT B

**Form of Ballots**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT TO ACCEPT OR REJECT**
**COMBINED DISCLOSURE STATEMENT AND PLAN OF**
**LIQUIDATION OF SEARLES VALLEY MINERALS INC., ET AL. UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 – PREPETITION LOAN CLAIMS**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDERS OF THE CLASS 3 – PREPETITION LOAN CLAIMS. PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**IF THE VOTING AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 16, 2026 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTORS IN THEIR DISCRETION SUBJECT TO DISCLOSURE THEREOF IN THE VOTING REPORT, IT WILL NOT BE COUNTED. FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of Liquidation of Searles Valley Minerals Inc. and its Debtor Affiliates* [D.I. 425] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan") proposed by the above-captioned debtors (the "Debtors"). The disclosures (the "Disclosures") contained in the Plan were approved on an interim conditional basis by order of the United States Bankruptcy Court for the District of Delaware. The Disclosures provide information to assist you in deciding how to vote your Ballot. You should review the Plan before you vote. You may wish to seek legal advice

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

concerning the Plan and the classification and treatment of your claim(s) under the Plan. Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

The Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Plan has been provided to you with this Ballot. You can obtain additional copies upon request to the Voting Agent, Stretto, Inc., by writing to Searles Valley Minerals Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by phone at (855) 296-3324 (U.S. and Canada) or +1 (626) 746-1263 (International). Copies of the Plan are also available for free on the Voting Agent's website at https://cases.stretto.com/SVM and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Plan and/or if the Plan otherwise satisfies applicable legal requirements.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

**NOTICE REGARDING CERTAIN**
**INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS IN THE PLAN**

**PLEASE BE ADVISED THAT SECTIONS 10.4, 10.5, 10.6, AND 10.7 OF THE PLAN CONTAIN CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW.**

**YOU MAY OPT OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 10.7 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT FORM OR ON YOUR BALLOT. IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN THE INSTRUCTIONS ABOVE.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN SECTION 10 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**Injunction:**

From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting

on the Plan or are presumed to have accepted or deemed to have rejected the Plan) are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are satisfied, treated, extinguished, or released pursuant to the Plan, from taking any of the following actions against the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust, or the property of any of the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum); (ii) enforcing, levying, attaching (including, without limitation, any prejudgment or postjudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind; (iv) asserting a right of setoff unless such setoff was formally asserted in a timely Filed Proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of the Confirmation Order (notwithstanding any indication in any Proof of Claim or otherwise that such Holder intends to preserve any right of setoff) as provided by applicable law or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests, and other parties in interest, along with their Related Persons, shall be enjoined from taking any actions to interfere with the implementation or substantial Consummation of this Plan by the Debtors, the GUC Liquidating Trust, the Wind-Down Trust, and/or their respective Related Persons, as applicable.

**Exculpation:**

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each of the Exculpated Parties are hereby exculpated from any liability for, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, or loss arising between the Petition Date and the Effective Date in connection with or arising out of the filing or administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security or asset of the Debtors; the negotiation and pursuit of the Disclosure Statement, the Soda Ash Sale Transaction, the Going Concern Sale Transaction, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or Consummation of the Plan; the occurrence of the Effective Date; the DIP Credit Agreement; the post-Effective Date administration of the Plan or the property to be distributed under the Plan (including GUC Liquidating Trust Assets and the Wind-Down Trust Assets); the creation of the GUC Liquidating Trust or the Wind-Down Trust; or the transactions in furtherance of any of the foregoing; except for intentional fraud or willful misconduct, as determined by a Final Order, but in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. This

exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth herein does not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Releases by the Debtors:**

**PURSUANT TO BANKRUPTCY CODE SECTION 1123(B), AND NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASED PARTIES SHALL BE DEEMED RELEASED BY THE DEBTORS AND THEIR ESTATES (ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, INCLUDING THE WIND-DOWN DEBTORS, THE GUC LIQUIDATING TRUST AND THE WIND-DOWN TRUST), FROM ANY AND ALL CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, AS APPLICABLE, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT THE DEBTORS OR THEIR ESTATES, AS APPLICABLE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT, OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, TRANSFER, OR RESCISSION OF THE PURCHASE, SALE, OR TRANSFER OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASE, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND ANY OTHER AGREEMENTS OR DOCUMENTS EFFECTUATING THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, AND ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER**

**OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATING TO THE DEBTORS OR THE ESTATES.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASE OF THE RELEASED PARTIES BY THE DEBTORS AND THE ESTATES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE RELEASE BY THE DEBTORS AND THEIR ESTATES IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTORS; (C) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO THE DEBTORS OR THEIR ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE RELEASE BY THE DEBTORS AND THE ESTATES.**

"Related Parties" mean, collectively, with respect to any Person or Entity, such Person's or Entity's current or former affiliates, directors, managers, officers, members, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, directors, managers, owners, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, investment bankers, consultants, representatives, each in their respective capacities as such. "Related Parties" means the collective plural of Related Party.

"Release by Debtors" means the release given by the Debtors, their Estates, the Wind-Down Debtors, and the GUC Liquidating Trust to the Released Parties as set forth in Article 10.6 of the Plan.

"Released Parties" means, collectively, and in each case in its capacity as such: (a) the Debtors and their Estates; (b) the current and former employees, D&Os, agents, representatives, advisors, attorneys, investment bankers, and financial advisors of the Debtors; (c) the Wind-Down Debtors; (d) the Wind-Down Trustee; (e) the DIP Lender; (f) the Prepetition Secured Lender; (g) the Nirma Released Parties; (h) the GUC Liquidating Trust and the GUC Liquidating Trustee; (i) the Committee and each of the members of the Committee in its respective capacity as a member of the Committee; (j) all Professionals retained by the Committee and any of its members in the Chapter 11 Cases; and (k) each Related Party of each Entity in clauses (a) through (j).

"Releasing Parties" means, collectively, and in each case in its capacity as such: (a) Holders of Claims; (b) the Committee and the members of the Committee in their capacity as members of the Committee; and (c) each Related Party of each Entity in clauses (a) through (c) for which such Entity is legally entitled to bind such Related Party to the releases contained herein; *provided*, that the following shall not be a Releasing Party: (i) any Holder of a Claim or Interest in a Class that is deemed to reject this Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and that is not entitled to vote to accept or reject this Combined Disclosure Statement and Plan; (ii) any Holder of a Claim that validly makes an Opt-Out Election; (iii) any Holder of a Claim that timely objects to such releases and does not withdraw such objection before Confirmation; (iv) any Holder of a Claim that timely votes to reject the Combined Disclosure Statement and Plan; (v) the DIP Lender; or (vi) the Prepetition Secured Lender.

**Releases by Holders of Claims:**

**EFFECTIVE AS OF THE EFFECTIVE DATE--AND EXCEPT TO THE EXTENT A HOLDER OF A CLAIM MAKES AN OPT-OUT ELECTION--FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES, AND EACH OF THE RELEASING PARTIES' SUCCESSORS AND ASSIGNS, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11**

**CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EFFECTIVE AS OF THE EFFECTIVE DATE, (X) THE DIP LENDER, (Y) THE PREPETITION SECURED LENDER, AND (Z) THE SPONSOR, AND EACH OF THEIR SUCCESSORS AND ASSIGNS, FOR GOOD AND VALUABLE CONSIDERATION, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE D&OS FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE**

**STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 10.7 DO NOT RELEASE: (A) THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO THE TREATMENT PROVIDED FOR SUCH ALLOWED CLAIM IN THIS PLAN; (B) ANY CLAIMS AND LIENS OF THE DIP LENDER OR THE PREPETITION SECURED LENDER; OR (C) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY SALE TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY PHONE AT (855) 296-3324 (U.S. AND CANADA) OR +1 (626) 746-1263 (INTERNATIONAL) OR BY EMAIL TO TEAMSVM@STRETTO.COM**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" LINE IS CHECKED OR BOTH THE "ACCEPT" AND "REJECT" LINES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote**. The undersigned, the holder of a **CLASS 3 – PREPETITION LOAN CLAIM,** hereby votes, in the amount set forth below, as follows (check one):

☐ Accept the Plan ☐ Reject the Plan

Amount of Claim[1] $___________________________

**Item 2. (Optional) Third Party Release Out Out Election**. The Plan contains a series of releases, exculpations, and injunctions. More information on the releases, exculpations, and injunctions can be found in the "**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN**" section of this Ballot.

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the third party release provision contained in Section 10.7 of the Plan, you are automatically deemed to have agreed to give the releases in Section 10.7 of the Plan. However, you may check the box below to opt out of, and therefore not give, the third party releases in Section 10.7 of the Plan.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE THIRD PARTY RELEASE PROVISIONS IN SECTION 10.7 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

[1] For voting purposes only, subject to tabulation rules.

☐ I hereby ELECT TO OPT OUT of the release provision contained in Section 10.7 of the Plan.

**Item 3. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant and make the other elections set forth in this Ballot. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| ____________________________<br>Name of Creditor | ______________________<br>Email Address |
| ____________________________<br>Signature | ______________________<br>Date Completed |
| ____________________________<br>If by Authorized Agent, Name and Title | ______________________<br>Street Address |
| | ______________________<br>Telephone Number |

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1. On Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.

2. **PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY BY *ONLY ONE* OF THE FOLLOWING METHODS:**

**ELECTRONICALLY, VIA E-BALLOT PORTAL.**

**Submit your Ballot and vote through the Claims and Noticing Agent's online portal, by visiting https://cases.stretto.com/svm (the "E-Ballot Portal"), clicking on the "File a Ballot" section of the website and following the instructions to submit your Ballot.**

**The Claims and Noticing Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

***OR***

**VIA PAPER BALLOT (IF APPLICABLE).**

**Complete, sign, and date this Ballot and return it (with a signature) promptly via first-class mail, overnight courier, or hand delivery to:**

| **If by First Class Mail, Hand Delivery, or Overnight Mail:** |
|---|
| **Searles Valley Minerals Ballot Processing**<br>**c/o Stretto**<br>**410 Exchange, Suite 100**<br>**Irvine, CA 92602** |

3. **Ballots must be received by the Voting Agent by 4:00 p.m., prevailing Eastern Time, on November 16, 2026 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted unless the Voting Deadline is extended by the Debtors in their discretion subject to disclosure thereof in the Voting Report. An envelope addressed to the Voting Agent is enclosed for your convenience. ***Ballots submitted by facsimile or email will not be accepted***.

4. Please sign and date your Ballot as required in Item 3. Your signature is required in order for your Ballot to be counted.

Redline SVM - Combined DS-Plan Solicitation Procedures Motion 4925-6506-0308v3 and SVM - Combined DS-Plan Solicitation Procedures Motion 4925-6506-0308v3.1 10/14/2026 9:33:11 PM

5. If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan, unless there is an objection to your claim pending. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, or any other party in interest, in any other context (e.g., the right to contest the amount or validity of any claim for purposes of allowance under the Plan). If your claim is subject to an objection, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely-filed objection to be temporarily allowed for voting purposes only, you are required to file a motion under Bankruptcy Rule 3018 with the Bankruptcy Court seeking such relief by no later than **November 9, 2026**. Ballots of holders of claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated claims that have been paid, allowed by an Order of the Court or superseded by a timely Filed Proof of Claim) will not be counted unless the Court temporarily allows such claim for purposes of voting to accept or reject the Plan.

6. The following voting procedures apply to your Ballot:

a. If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim or Interest amount contained on a timely filed Proof of Claim or, if no Proof of Claim was timely filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Schedules;

b. If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c. Notwithstanding anything to the contrary contained herein, any Creditor who has filed or purchased one or more duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

d. Except to the extent the Debtors otherwise determine, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim or Interest files a motion pursuant to Bankruptcy Rule 3018;

e. Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

f. For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

g. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise; [2]

h. Delivery of the original executed Ballot or E-Ballot to the Voting Agent on or before the Voting Deadline is required;

i. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

[2] For the avoidance of doubt, E-Ballots submitted online shall be deemed to contain an original signature.

o. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

p. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

q. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

r. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

s. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF THE VOTING AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON NOVEMBER 16, 2026 AT 4:00 P.M., PREVAILING EASTERN TIME, THE VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED, UNLESS THE VOTING DEADLINE IS EXTENDED.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**BALLOT TO ACCEPT OR REJECT**
**COMBINED DISCLOSURE STATEMENT AND PLAN OF**
**LIQUIDATION OF SEARLES VALLEY MINERALS INC., ET AL. UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE**

**<u>CLASS 4 – GENERAL UNSECURED CLAIMS</u>**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDERS OF THE CLASS 4 – GENERAL UNSECURED CLAIMS. PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**IF THE VOTING AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 16, 2026 (THE "<u>VOTING DEADLINE</u>"), UNLESS EXTENDED BY THE DEBTORS IN THEIR DISCRETION SUBJECT TO DISCLOSURE THEREOF IN THE VOTING REPORT, IT WILL NOT BE COUNTED. FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of Liquidation of Searles Valley Minerals Inc. and its Debtor Affiliates* [D.I. 425] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "<u>Plan</u>") proposed by the above-captioned debtors (the "<u>Debtors</u>"). The disclosures (the "<u>Disclosures</u>") contained in the Plan were approved on an interim conditional basis by order of the United States Bankruptcy Court for the District of Delaware. The Disclosures provide information to assist you in deciding how to vote your

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

Ballot. You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan. Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan.

The Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Plan has been provided to you with this Ballot. You can obtain additional copies upon request to the Voting Agent, Stretto, Inc., by writing to Searles Valley Minerals Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by phone at (855) 296-3324 (U.S. and Canada) or +1 (626) 746-1263 (International). Copies of the Plan are also available for free on the Voting Agent's website at https://cases.stretto.com/SVM and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Plan and/or if the Plan otherwise satisfies applicable legal requirements.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

**NOTICE REGARDING CERTAIN**
**INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS IN THE PLAN**

**PLEASE BE ADVISED THAT SECTIONS 10.4, 10.5, 10.6, AND 10.7 OF THE PLAN CONTAIN CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW.**

**YOU MAY OPT OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 10.7 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT FORM OR ON YOUR BALLOT. IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN THE INSTRUCTIONS ABOVE.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN SECTION 10 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**Injunction:**

From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting

on the Plan or are presumed to have accepted or deemed to have rejected the Plan) are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are satisfied, treated, extinguished, or released pursuant to the Plan, from taking any of the following actions against the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust, or the property of any of the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum); (ii) enforcing, levying, attaching (including, without limitation, any prejudgment or postjudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind; (iv) asserting a right of setoff unless such setoff was formally asserted in a timely Filed Proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of the Confirmation Order (notwithstanding any indication in any Proof of Claim or otherwise that such Holder intends to preserve any right of setoff) as provided by applicable law or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests, and other parties in interest, along with their Related Persons, shall be enjoined from taking any actions to interfere with the implementation or substantial Consummation of this Plan by the Debtors, the GUC Liquidating Trust, the Wind-Down Trust, and/or their respective Related Persons, as applicable.

**Exculpation:**

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each of the Exculpated Parties are hereby exculpated from any liability for, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, or loss arising between the Petition Date and the Effective Date in connection with or arising out of the filing or administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security or asset of the Debtors; the negotiation and pursuit of the Disclosure Statement, the Soda Ash Sale Transaction, the Going Concern Sale Transaction, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or Consummation of the Plan; the occurrence of the Effective Date; the DIP Credit Agreement; the post-Effective Date administration of the Plan or the property to be distributed under the Plan (including GUC Liquidating Trust Assets and the Wind-Down Trust Assets); the creation of the GUC Liquidating Trust or the Wind-Down Trust; or the transactions in furtherance of any of the foregoing; except for intentional fraud or willful misconduct, as determined by a Final Order, but in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. This

exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth herein does not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Releases by the Debtors:**

**PURSUANT TO BANKRUPTCY CODE SECTION 1123(B), AND NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASED PARTIES SHALL BE DEEMED RELEASED BY THE DEBTORS AND THEIR ESTATES (ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, INCLUDING THE WIND-DOWN DEBTORS, THE GUC LIQUIDATING TRUST AND THE WIND-DOWN TRUST), FROM ANY AND ALL CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, AS APPLICABLE, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT THE DEBTORS OR THEIR ESTATES, AS APPLICABLE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT, OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, TRANSFER, OR RESCISSION OF THE PURCHASE, SALE, OR TRANSFER OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASE, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND ANY OTHER AGREEMENTS OR DOCUMENTS EFFECTUATING THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, AND ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER**

**OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATING TO THE DEBTORS OR THE ESTATES.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASE OF THE RELEASED PARTIES BY THE DEBTORS AND THE ESTATES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE RELEASE BY THE DEBTORS AND THEIR ESTATES IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTORS; (C) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO THE DEBTORS OR THEIR ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE RELEASE BY THE DEBTORS AND THE ESTATES.**

"Related Parties" mean, collectively, with respect to any Person or Entity, such Person's or Entity's current or former affiliates, directors, managers, officers, members, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, directors, managers, owners, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, investment bankers, consultants, representatives, each in their respective capacities as such. "Related Parties" means the collective plural of Related Party.

"Release by Debtors" means the release given by the Debtors, their Estates, the Wind-Down Debtors, and the GUC Liquidating Trust to the Released Parties as set forth in Article 10.6 of the Plan.

"Released Parties" means, collectively, and in each case in its capacity as such: (a) the Debtors and their Estates; (b) the current and former employees, D&Os, agents, representatives, advisors, attorneys, investment bankers, and financial advisors of the Debtors; (c) the Wind-Down Debtors; (d) the Wind-Down Trustee; (e) the DIP Lender; (f) the Prepetition Secured Lender; (g) the Nirma Released Parties; (h) the GUC Liquidating Trust and the GUC Liquidating Trustee; (i) the Committee and each of the members of the Committee in its respective capacity as a member of the Committee; (j) all Professionals retained by the Committee and any of its members in the Chapter 11 Cases; and (k) each Related Party of each Entity in clauses (a) through (j).

"Releasing Parties" means, collectively, and in each case in its capacity as such: (a) Holders of Claims; (b) the Committee and the members of the Committee in their capacity as members of the Committee; and (c) each Related Party of each Entity in clauses (a) through (c) for which such Entity is legally entitled to bind such Related Party to the releases contained herein; *provided*, that the following shall not be a Releasing Party: (i) any Holder of a Claim or Interest in a Class that is deemed to reject this Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and that is not entitled to vote to accept or reject this Combined Disclosure Statement and Plan; (ii) any Holder of a Claim that validly makes an Opt-Out Election; (iii) any Holder of a Claim that timely objects to such releases and does not withdraw such objection before Confirmation; (iv) any Holder of a Claim that timely votes to reject the Combined Disclosure Statement and Plan; (v) the DIP Lender; or (vi) the Prepetition Secured Lender.

**Releases by Holders of Claims:**

**EFFECTIVE AS OF THE EFFECTIVE DATE--AND EXCEPT TO THE EXTENT A HOLDER OF A CLAIM MAKES AN OPT-OUT ELECTION--FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES, AND EACH OF THE RELEASING PARTIES' SUCCESSORS AND ASSIGNS, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11**

**CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EFFECTIVE AS OF THE EFFECTIVE DATE, (X) THE DIP LENDER, (Y) THE PREPETITION SECURED LENDER, AND (Z) THE SPONSOR, AND EACH OF THEIR SUCCESSORS AND ASSIGNS, FOR GOOD AND VALUABLE CONSIDERATION, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE D&OS FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE**

**STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 10.7 DO NOT RELEASE: (A) THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO THE TREATMENT PROVIDED FOR SUCH ALLOWED CLAIM IN THIS PLAN; (B) ANY CLAIMS AND LIENS OF THE DIP LENDER OR THE PREPETITION SECURED LENDER; OR (C) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY SALE TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY PHONE AT (855) 296-3324 (U.S. AND CANADA) OR +1 (626) 746-1263 (INTERNATIONAL) OR BY EMAIL TO TEAMSVM@STRETTO.COM**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" LINE IS CHECKED OR BOTH THE "ACCEPT" AND "REJECT" LINES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote**. The undersigned, the holder of a **CLASS 4 – GENERAL UNSECURED CLAIM** against the Debtors, hereby votes, in the amount set forth below, as follows (check one):

☐ Accept the Plan ☐ Reject the Plan

Amount of Claim[1] $__________________________

**Item 2. (Optional) Third Party Release Out Out Election**. The Plan contains a series of releases, exculpations, and injunctions. More information on the releases, exculpations, and injunctions can be found in the "**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN**" section of this Ballot.

Pursuant to the Plan, if you return a Ballot and vote to ACCEPT the Plan, but do not elect to opt out of the third party release provision contained in Section 10.7 of the Plan, you are automatically deemed to have agreed to give the releases in Section 10.7 of the Plan. However, you may check the box below to opt out of, and therefore not give, the third party releases in Section 10.7 of the Plan.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE THIRD PARTY RELEASE PROVISIONS IN SECTION 10.7 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

[1] For voting purposes only, subject to tabulation rules.

☐ I hereby ELECT TO OPT OUT of the third-party release provision contained in Section 10.7 of the Plan.

**Item 3. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant and make the other elections set forth in this Ballot. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| ______________________________<br>Name of Creditor | ______________________<br>Email Address |
| ______________________________<br>Signature | ______________________<br>Date Completed |
| ______________________________<br>If by Authorized Agent, Name and Title | ______________________<br>Street Address |
| | ______________________<br>Telephone Number |

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1. On Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.

2. **PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY BY *ONLY ONE* OF THE FOLLOWING METHODS:**

**ELECTRONICALLY, VIA E-BALLOT PORTAL.**

**Submit your Ballot and vote through the Claims and Noticing Agent's online portal, by visiting** https://cases.stretto.com/svm **(the "E-Ballot Portal"), clicking on the "File a Ballot" section of the website and following the instructions to submit your Ballot.**

**The Claims and Noticing Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

***OR***

**VIA PAPER BALLOT (IF APPLICABLE).**

**Complete, sign, and date this Ballot and return it (with a signature) promptly via first-class mail, overnight courier, or hand delivery to:**

| **If by First Class Mail, Hand Delivery, or Overnight Mail:** |
|---|
| **Searles Valley Minerals Ballot Processing**<br>**c/o Stretto**<br>**410 Exchange, Suite 100**<br>**Irvine, CA 92602** |

3. **Ballots must be received by the Voting Agent by 4:00 p.m., prevailing Eastern Time, on November 16, 2026 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted unless the Voting Deadline is extended by the Debtors in their discretion subject to disclosure thereof in the Voting Report. An envelope addressed to the Voting Agent is enclosed for your convenience. ***Ballots submitted by facsimile or email will not be accepted***.

4. Please sign and date your Ballot as required in Item 3. Your signature is required in order for your Ballot to be counted.

5. If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan, unless there is an objection to your claim pending. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, or any other party in interest, in any other context (e.g., the right to contest the amount or validity of any claim for purposes of allowance under the Plan). If your claim is subject to an objection, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely-filed objection to be temporarily allowed for voting purposes only, you are required to file a motion under Bankruptcy Rule 3018 with the Bankruptcy Court seeking such relief by no later than **November 9, 2026**. Ballots of holders of claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated claims that have been paid, allowed by an Order of the Court or superseded by a timely Filed Proof of Claim) will not be counted unless the Court temporarily allows such claim for purposes of voting to accept or reject the Plan.

6. The following voting procedures apply to your Ballot:

a. If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim or Interest amount contained on a timely filed Proof of Claim or, if no Proof of Claim was timely filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Schedules;

b. If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

c. Notwithstanding anything to the contrary contained herein, any Creditor who has filed or purchased one or more duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

d. Except to the extent the Debtors otherwise determine, no party may change its vote after its Ballot has been delivered to the Voting Agent unless the Holder of the Claim or Interest files a motion pursuant to Bankruptcy Rule 3018;

e. Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a

creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

f. For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

g. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;[2]

h. Delivery of the original executed Ballot or E-Ballot to the Voting Agent on or before the Voting Deadline is required;

i. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

n. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of

[2] For the avoidance of doubt, E-Ballots submitted online shall be deemed to contain an original signature.

determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

p. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

q. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

r. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

s. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Interest.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF THE VOTING AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON NOVEMBER 16, 2026 AT 4:00 P.M., PREVAILING EASTERN TIME, THE VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED, UNLESS THE VOTING DEADLINE IS EXTENDED.**

# <u>EXHIBIT C</u>

**Form of Non-Voting Parties Notice (Presumed to Accept)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NON-IMPAIRMENT, (II) CONDITIONAL APPROVAL OF DISCLOSURES, (III) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

To: Holders of (i) Class 1 – Priority Claims and (ii) Class 2 – Other Secured Claims

**PLEASE TAKE NOTICE THAT:**

1. On June 15, 2026 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced their cases by filing their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors and the chapter 11 cases, including the Debtors' business, corporate structure, financial condition, and the reasons for and objectives of the cases, are set forth in the *Declaration of Adrian Frankum in Support of Chapter 11 Petitions and First Day Papers* [D.I. 17].

**THE PLAN**

2. On September 29, 2026, the Debtors filed the *Combined Disclosure Statement and Plan of Liquidation of Searles Valley Minerals Inc. and its Debtor Affiliates* [D.I. 425] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

## INTERIM CONDITIONAL APPROVAL OF DISCLOSURES

3. By an Order dated [●], 2026 (the "Solicitation Procedures Order"), the Bankruptcy Court conditionally approved, on an interim basis, the disclosures (the "Disclosures") in the Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Plan.

## THE COMBINED HEARING

4. On **November ~~20~~23, 2026 at ~~2:00 p.m~~10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Judge Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

5. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## NON-VOTING STATUS

6. You are receiving this Notice because under the terms of the Plan, either: (a) your Claim(s) are not classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Plan; or (b) you are a holder of a Claim which is defined in the Plan as being in a class receiving an estimated one hundred percent (100%) recovery under the Plan, and therefore deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Plan. Accordingly, this notice is being mailed to you for your information only.

7. If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

## COPIES OF THE PLAN

8. If you wish to receive copies of the Plan, the Opt-Out Form, and all other documents filed in these chapter 11 cases, they will be provided, as quickly as practicable, upon request to the Voting Agent, Stretto, Inc. ("Stretto" or the "Voting Agent") by writing to Searles

Valley Minerals Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Copies of the Plan are also available for free on the Voting Agent's website at https://cases.stretto.com/SVM and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

**NOTICE REGARDING CERTAIN**
**INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS IN THE PLAN**

9. Sections 10.4, 10.5, 10.6, and 10.7 of the Plan contain the injunction, exculpation, and release set forth below:

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW:**

**YOU MAY OPT OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 10.7 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT FORM OR ON YOUR BALLOT. IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN PARAGRAPH 8.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN SECTION 10 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**Injunction:**

(a) From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are satisfied, treated, extinguished, or released pursuant to the Plan, from taking any of the following actions against the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust, or the property of any of the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum); (ii) enforcing, levying, attaching (including, without limitation, any prejudgment or postjudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree,

or order; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind; (iv) asserting a right of setoff unless such setoff was formally asserted in a timely Filed Proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of the Confirmation Order (notwithstanding any indication in any Proof of Claim or otherwise that such Holder intends to preserve any right of setoff) as provided by applicable law or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(b) Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests, and other parties in interest, along with their Related Persons, shall be enjoined from taking any actions to interfere with the implementation or substantial Consummation of this Plan by the Debtors, the GUC Liquidating Trust, the Wind-Down Trust, and/or their respective Related Persons, as applicable.

**Exculpation:**

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each of the Exculpated Parties are hereby exculpated from any liability for, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, or loss arising between the Petition Date and the Effective Date in connection with or arising out of the filing or administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security or asset of the Debtors; the negotiation and pursuit of the Disclosure Statement, the Soda Ash Sale Transaction, the Going Concern Sale Transaction, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or Consummation of the Plan; the occurrence of the Effective Date; the DIP Credit Agreement; the post-Effective Date administration of the Plan or the property to be distributed under the Plan (including GUC Liquidating Trust Assets and the Wind-Down Trust Assets); the creation of the GUC Liquidating Trust or the Wind-Down Trust; or the transactions in furtherance of any of the foregoing; except for intentional fraud or willful misconduct, as determined by a Final Order, but in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth herein does not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Releases by the Debtors:**

**PURSUANT TO BANKRUPTCY CODE SECTION 1123(B), AND NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE CONFIRMATION ORDER, ON**

**AND AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASED PARTIES SHALL BE DEEMED RELEASED BY THE DEBTORS AND THEIR ESTATES (ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, INCLUDING THE WIND-DOWN DEBTORS, THE GUC LIQUIDATING TRUST AND THE WIND-DOWN TRUST), FROM ANY AND ALL CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, AS APPLICABLE, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT THE DEBTORS OR THEIR ESTATES, AS APPLICABLE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT, OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, TRANSFER, OR RESCISSION OF THE PURCHASE, SALE, OR TRANSFER OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASE, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND ANY OTHER AGREEMENTS OR DOCUMENTS EFFECTUATING THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, AND ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATING TO THE DEBTORS OR THE ESTATES.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASE OF THE RELEASED PARTIES BY THE DEBTORS AND THE ESTATES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE RELEASE BY THE DEBTORS AND THEIR ESTATES IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTORS; (C) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR,**

**EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO THE DEBTORS OR THEIR ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE RELEASE BY THE DEBTORS AND THE ESTATES.**

“Related Parties” mean, collectively, with respect to any Person or Entity, such Person’s or Entity’s current or former affiliates, directors, managers, officers, members, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, directors, managers, owners, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, investment bankers, consultants, representatives, each in their respective capacities as such. “Related Parties” means the collective plural of Related Party.

“Release by Debtors” means the release given by the Debtors, their Estates, the Wind-Down Debtors, and the GUC Liquidating Trust to the Released Parties as set forth in Article 10.6 of the Plan.

“Released Parties” means, collectively, and in each case in its capacity as such: (a) the Debtors and their Estates; (b) the current and former employees, D&Os, agents, representatives, advisors, attorneys, investment bankers, and financial advisors of the Debtors; (c) the Wind-Down Debtors; (d) the Wind-Down Trustee; (e) the DIP Lender; (f) the Prepetition Secured Lender; (g) the Nirma Released Parties; (h) the GUC Liquidating Trust and the GUC Liquidating Trustee; (i) the Committee and each of the members of the Committee in its respective capacity as a member of the Committee; (j) all Professionals retained by the Committee and any of its members in the Chapter 11 Cases; and (k) each Related Party of each Entity in clauses (a) through (j).

“Releasing Parties” means, collectively, and in each case in its capacity as such: (a) Holders of Claims; (b) the Committee and the members of the Committee in their capacity as members of the Committee; and (c) each Related Party of each Entity in clauses (a) through (c) for which such Entity is legally entitled to bind such Related Party to the releases contained herein; provided, that the following shall not be a Releasing Party: (i) any Holder of a Claim or Interest in a Class that is deemed to reject this Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and that is not entitled to vote to accept or reject this Combined Disclosure Statement and Plan; (ii) any Holder of a Claim that validly makes an Opt-Out Election; (iii) any Holder of a Claim that timely objects to such releases and does not withdraw such objection before Confirmation; (iv) any Holder of a Claim that timely votes to reject the Combined Disclosure Statement and Plan; (v) the DIP Lender; or (vi) the Prepetition Secured Lender.

**Releases by Holders of Claims:**

**EFFECTIVE AS OF THE EFFECTIVE DATE--AND EXCEPT TO THE EXTENT A HOLDER OF A CLAIM MAKES AN OPT-OUT ELECTION--FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES, AND EACH OF THE RELEASING PARTIES' SUCCESSORS AND ASSIGNS, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EFFECTIVE AS OF THE EFFECTIVE DATE, (X) THE DIP LENDER, (Y) THE**

**PREPETITION SECURED LENDER, AND (Z) THE SPONSOR, AND EACH OF THEIR SUCCESSORS AND ASSIGNS, FOR GOOD AND VALUABLE CONSIDERATION, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE D&OS FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 10.7 DO NOT RELEASE: (A) THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO THE TREATMENT PROVIDED FOR SUCH ALLOWED CLAIM IN THIS PLAN; (B) ANY CLAIMS AND LIENS OF THE DIP LENDER OR THE PREPETITION SECURED LENDER; OR (C) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY SALE TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT**

**(INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.**

**DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE PLAN**

10. Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before November 16, 2026 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to, and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (a) co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com), Jennifer Madden, Esq. (jennifer.madden@skadden.com), and Claire Stephens, Esq. (claire.stephens@skadden.com)); (b) co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov)); (d) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (e) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); (f) counsel to the Official Committee of Unsecured Creditors, Womble Bond Dickinson US LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Matthew Ward, Esq. (Matthew.Ward@wbd-us.com) and Marcy J. McLaughlin Smith, Esq. (Marcy.Smith@wbd-us.com)).

Dated: Wilmington, Delaware
October [●], 2026

/s/ DRAFT

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: 302-652-4100
ljones@pszjlaw.com
joneill@pszjlaw.com
ecorma@pszjlaw.com

*Co-Counsel to Debtors and Debtors in Possession*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
James J. Mazza, Jr. (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
Claire Stephens (admitted *pro hac vice*)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
James.Mazza@skadden.com
Jennifer.Madden@skadden.com
Claire.Stephens@skadden.com

*Co-Counsel to Debtors and Debtors in Possession*

# EXHIBIT D

**Form of Non-Voting Parties Notice (Presumed to Reject)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NO RECOVERY, (II) CONDITIONAL APPROVAL OF DISCLOSURES, (III) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

To: Holders of (i) Class 5 – Subordinated Claims and (ii) Class 6 – Interests (Non-Voting – Presumed to Reject)

**PLEASE TAKE NOTICE THAT:**

1. On June 15, 2026 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced their cases by filing their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors and the cases, including the Debtors' business, corporate structure, financial condition, and the reasons for and objectives of the cases, are set forth in the *Declaration of Adrian Frankum in Support of Chapter 11 Petitions and First Day Papers* [D.I. 17].

**THE PLAN**

2. On September 29, 2026, the Debtors filed the *Combined Disclosure Statement and Plan of Liquidation of Searles Valley Minerals Inc. and its Debtor Affiliates* [D.I. 425]

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

(including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan").

## INTERIM CONDITIONAL APPROVAL OF DISCLOSURES

3. By an Order dated [●], 2026 (the "Solicitation Procedures Order"), the Bankruptcy Court conditionally approved, on an interim basis, the disclosures (the "Disclosures") in the Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Plan.

## THE COMBINED HEARING

4. On **November ~~20~~23, 2026 at ~~2:00 p.m~~10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Judge Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

5. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## NOTICE REGARDING CERTAIN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS IN THE PLAN

Sections 10.4, 10.5, 10.6, and 10.7 of the Plan contain the injunction, exculpation, and release set forth below:

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY AFFECT YOUR RIGHTS, INCLUDING AS SET FORTH BELOW:**

**YOU MAY OPT OUT OF THE RELEASE OF NON-DEBTOR PARTIES SET FORTH IN SECTION 10.7 OF THE PLAN (BUT NOT ANY OTHER RELEASE, INJUNCTION, OR EXCULPATION) BY MAKING THE OPT-OUT ELECTION ON THE OPT-OUT FORM OR ON YOUR BALLOT. IF YOU NEED AN OPT-OUT FORM, YOU MAY OBTAIN ONE AS PROVIDED IN PARAGRAPH 6.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN SECTION 10 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

**Injunction:**

From and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether or not proof of such Claims or Interests has been filed and whether or not such Entities vote in favor of, against, or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are satisfied, treated, extinguished, or released pursuant to the Plan, from taking any of the following actions against the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust, or the property of any of the Debtors, the Released Parties, the GUC Liquidating Trustee, the GUC Liquidating Trust, the Wind-Down Trustee, the Wind-Down Trust: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum); (ii) enforcing, levying, attaching (including, without limitation, any prejudgment or postjudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind; (iv) asserting a right of setoff unless such setoff was formally asserted in a timely Filed Proof of Claim or in a pleading Filed with the Bankruptcy Court prior to entry of the Confirmation Order (notwithstanding any indication in any Proof of Claim or otherwise that such Holder intends to preserve any right of setoff) as provided by applicable law or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests, and other parties in interest, along with their Related Persons, shall be enjoined from taking any actions to interfere with the implementation or substantial Consummation of this Plan

by the Debtors, the GUC Liquidating Trust, the Wind-Down Trust, and/or their respective Related Persons, as applicable.

**Exculpation:**

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each of the Exculpated Parties are hereby exculpated from any liability for, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, or loss arising between the Petition Date and the Effective Date in connection with or arising out of the filing or administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security or asset of the Debtors; the negotiation and pursuit of the Disclosure Statement, the Soda Ash Sale Transaction, the Going Concern Sale Transaction, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or Consummation of the Plan; the occurrence of the Effective Date; the DIP Credit Agreement; the post-Effective Date administration of the Plan or the property to be distributed under the Plan (including GUC Liquidating Trust Assets and the Wind-Down Trust Assets); the creation of the GUC Liquidating Trust or the Wind-Down Trust; or the transactions in furtherance of any of the foregoing; except for intentional fraud or willful misconduct, as determined by a Final Order, but in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth herein does not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Releases by the Debtors:**

**PURSUANT TO BANKRUPTCY CODE SECTION 1123(B), AND NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASED PARTIES SHALL BE DEEMED RELEASED BY THE DEBTORS AND THEIR ESTATES (ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, INCLUDING THE WIND-DOWN DEBTORS, THE GUC LIQUIDATING TRUST AND THE WIND-DOWN TRUST), FROM ANY AND ALL CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, AS APPLICABLE, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER**

**ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT THE DEBTORS OR THEIR ESTATES, AS APPLICABLE, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT, OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, TRANSFER, OR RESCISSION OF THE PURCHASE, SALE, OR TRANSFER OF ANY DEBT, SECURITY, ASSET, RIGHT, OR INTEREST OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASE, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AND ANY OTHER AGREEMENTS OR DOCUMENTS EFFECTUATING THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, AND ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATING TO THE DEBTORS OR THE ESTATES.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASE OF THE RELEASED PARTIES BY THE DEBTORS AND THE ESTATES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE RELEASE BY THE DEBTORS AND THEIR ESTATES IS: (A) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (B) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTORS; (C) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (D) FAIR, EQUITABLE, AND REASONABLE; (E) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (F) A BAR TO THE DEBTORS OR THEIR ESTATES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE RELEASE BY THE DEBTORS AND THE ESTATES.**

"Related Parties" mean, collectively, with respect to any Person or Entity, such Person's or Entity's current or former affiliates, directors, managers, officers, members, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, directors, managers, owners, principals,

shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, investment bankers, consultants, representatives, each in their respective capacities as such. "Related Parties" means the collective plural of Related Party.

"Release by Debtors" means the release given by the Debtors, their Estates, the Wind-Down Debtors, and the GUC Liquidating Trust to the Released Parties as set forth in Article 10.6 of the Plan.

"Released Parties" means, collectively, and in each case in its capacity as such: (a) the Debtors and their Estates; (b) the current and former employees, D&Os, agents, representatives, advisors, attorneys, investment bankers, and financial advisors of the Debtors; (c) the Wind-Down Debtors; (d) the Wind-Down Trustee; (e) the DIP Lender; (f) the Prepetition Secured Lender; (g) the Nirma Released Parties; (h) the GUC Liquidating Trust and the GUC Liquidating Trustee; (i) the Committee and each of the members of the Committee in its respective capacity as a member of the Committee; (j) all Professionals retained by the Committee and any of its members in the Chapter 11 Cases; and (k) each Related Party of each Entity in clauses (a) through (j).

"Releasing Parties" means, collectively, and in each case in its capacity as such: (a) Holders of Claims; (b) the Committee and the members of the Committee in their capacity as members of the Committee; and (c) each Related Party of each Entity in clauses (a) through (c) for which such Entity is legally entitled to bind such Related Party to the releases contained herein; provided, that the following shall not be a Releasing Party: (i) any Holder of a Claim or Interest in a Class that is deemed to reject this Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and that is not entitled to vote to accept or reject this Combined Disclosure Statement and Plan; (ii) any Holder of a Claim that validly makes an Opt-Out Election; (iii) any Holder of a Claim that timely objects to such releases and does not withdraw such objection before Confirmation; (iv) any Holder of a Claim that timely votes to reject the Combined Disclosure Statement and Plan; (v) the DIP Lender; or (vi) the Prepetition Secured Lender.

**Releases by Holders of Claims:**

**EFFECTIVE AS OF THE EFFECTIVE DATE--AND EXCEPT TO THE EXTENT A HOLDER OF A CLAIM MAKES AN OPT-OUT ELECTION--FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES, AND EACH OF THE RELEASING PARTIES' SUCCESSORS AND ASSIGNS, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID**

**AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EFFECTIVE AS OF THE EFFECTIVE DATE, (X) THE DIP LENDER, (Y) THE PREPETITION SECURED LENDER, AND (Z) THE SPONSOR, AND EACH OF THEIR SUCCESSORS AND ASSIGNS, FOR GOOD AND VALUABLE CONSIDERATION, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE D&OS FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR**

**OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 10.7 DO NOT RELEASE: (A) THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO THE TREATMENT PROVIDED FOR SUCH ALLOWED CLAIM IN THIS PLAN; (B) ANY CLAIMS AND LIENS OF THE DIP LENDER OR THE PREPETITION SECURED LENDER; OR (C) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY SALE TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.**

## COPIES OF THE PLAN

6. If you wish to receive copies of the Plan, the Opt-Out Form, and all other documents filed in these chapter 11 cases, they will be provided, as quickly as practicable, upon request to the Voting Agent, Stretto, Inc. ("Stretto" or the "Voting Agent") by writing to Searles

Valley Minerals Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Copies of the Plan are also available for free on the Voting Agent's website at https://cases.stretto.com/SVM and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

**DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE PLAN**

7. Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before November 16, 2026 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to, and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (a) co-counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal Street, Chicago, Illinois 60606 (Attn: James J. Mazza, Jr., Esq. (james.mazza@skadden.com), Jennifer Madden, Esq. (jennifer.madden@skadden.com), and Claire Stephens, Esq. (claire.stephens@skadden.com)); (b) co-counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Courier 19801) (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com), and Edward A. Corma, Esq. (ecorma@pszjlaw.com)); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq. (jane.m.leamy@usdoj.gov)); (d) counsel to the Prepetition Secured Lender (Attn: William Hao, Esq. (william.hao@alston.com)); (e) counsel to the DIP Lender (Attn: David Fournier, Esq. (david.fournier@troutman.com)); (f) counsel to the Official Committee of Unsecured Creditors, Womble Bond Dickinson US LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Matthew Ward, Esq. (Matthew.Ward@wbd-us.com) and Marcy J. McLaughlin Smith, Esq. (Marcy.Smith@wbd-us.com)).

*[Remainder of Page Intentionally Left Blank]*

Dated: Wilmington, Delaware
October [●], 2026

*<u>/s/ DRAFT</u>*
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: 302-652-4100
ljones@pszjlaw.com
joneill@pszjlaw.com
ecorma@pszjlaw.com

*Co-Counsel to Debtors and Debtors in Possession*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
James J. Mazza, Jr. (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
Claire Stephens (admitted *pro hac vice*)
320 S. Canal Street
Chicago, Illinois 60606
Telephone: (312) 407-0700
James.Mazza@skadden.com
Jennifer.Madden@skadden.com
Claire.Stephens@skadden.com

*Co-Counsel to Debtors and Debtors in Possession*

**EXHIBIT E**

**Opt-Out Form**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**OPT-OUT FORM**

To: Holders of (i) Class 1 – Priority Claims and (ii) Class 2 – Other Secured Claims

**PLEASE TAKE NOTICE THAT:**

1. On June 15, 2026 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced their cases by filing their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors and the cases, including the Debtors' business, corporate structure, financial condition, and the reasons for and objectives of the cases, are set forth in the *Declaration of Adrian Frankum in Support of Chapter 11 Petitions and First Day Papers* [D.I. 17].

2. This form (this "Opt-Out Form") is for use by the Holders of (i) Class 1 – Priority Claims and (ii) Class 2 – Other Secured Claims of the Debtors, whose chapter 11 cases are pending before the United States Bankruptcy Court for the District of Delaware (the "Court"), to opt out of the release (the "Third Party Release") set forth in Section 10.7 of the Debtors' *Combined Disclosure Statement and Plan of Liquidation of Searles Valley Minerals Inc. and its Debtor Affiliates* [D.I. 425] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan").

**INTERIM CONDITIONAL APPROVAL OF DISCLOSURES**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

3. By an Order dated [●], 2026 (the "Solicitation Procedures Order"), the Bankruptcy Court conditionally approved, on an interim basis, the disclosures (the "Disclosures") in the Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Plan.

**THE COMBINED HEARING**

4. On **November ~~20~~23, 2026 at ~~2:00 p.m~~10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Judge Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

5. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

**COPIES OF THE PLAN AND OPT-OUT FORM**

6. If you wish to receive copies of the Plan, the Opt-Out Form, and all other documents filed in these chapter 11 cases, they will be provided, as quickly as practicable, upon request to the Voting Agent, Stretto, Inc. ("Stretto" or the "Voting Agent") by writing to Searles Valley Minerals Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Copies of the Plan and Opt-Out Form are also available for free on the Voting Agent's website at https://cases.stretto.com/SVM and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

7. The purpose of this Opt-Out Form is to provide you with an opportunity to opt out of certain releases contained in the Plan. If you opt out using this Opt-Out Form, those releases will not bind you, and any claim you may have against the third parties included in the releases will be preserved for you to pursue, if you choose, later.

8. If your claim is classified in a class entitled to vote on the Plan, you will receive a Ballot, which will also provide you with an opportunity to opt out of these releases. **If you receive a Ballot, you must use the Ballot to opt out rather than this form.**

**If you do not opt out of the third party release by using a ballot (if you received one), and if you do not opt out of the third party release by declining or failing to complete and submit this Opt-Out Form by following the instructions at the bottom of this Opt-Out Form, the third party release will bind you—meaning any claim you may have against the third parties (i.e., the Released Parties) included in the releases set forth in section 10.7 of the Plan will be forever released and you will not be able to pursue such claims in your individual capacity.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER, WITH YOUR OWN LEGAL COUNSEL, THE PLAN, INCLUDING THE THIRD PARTY RELEASE PROVISIONS IN SECTION 10.7 THEREOF, BECAUSE YOUR RIGHTS MIGHT BE AFFECTED.**

The Plan provides that, unless a holder of a claim against the Debtors properly and timely opts out pursuant to the instructions on this Opt-Out Form (or, if applicable, the Ballot), that holder forever releases all claims and liabilities against the following entities: (a) the Debtors and their Estates; (b) the current and former employees, D&Os, agents, representatives, advisors, attorneys, investment bankers, and financial advisors of the Debtors; (c) the Wind-Down Debtors; (d) the Wind-Down Trustee; (e) the DIP Lender; (f) the Prepetition Secured Lender; (g) the Nirma Released Parties; (h) the GUC Liquidating Trust and the GUC Liquidating Trustee; (i) the Committee and each of the members of the Committee in its respective capacity as a member of the Committee; (j) all Professionals retained by the Committee and any of its members in the Chapter 11 Cases; and (k) each Related Party of each Entity in clauses (a) through (j).

**Section 10.7 of the Plan provides as follows:**

**EFFECTIVE AS OF THE EFFECTIVE DATE--AND EXCEPT TO THE EXTENT A HOLDER OF A CLAIM MAKES AN OPT-OUT ELECTION--FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THIS COMBINED DISCLOSURE STATEMENT AND PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES, AND EACH OF THE RELEASING PARTIES' SUCCESSORS AND ASSIGNS, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN,**

**LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EFFECTIVE AS OF THE EFFECTIVE DATE, (X) THE DIP LENDER, (Y) THE PREPETITION SECURED LENDER, AND (Z) THE SPONSOR, AND EACH OF THEIR SUCCESSORS AND ASSIGNS, FOR GOOD AND VALUABLE CONSIDERATION, SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE D&OS FROM ANY CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES,**

**DEBT, RIGHT, REMEDY OR LIABILITY, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, MATURED OR UNMATURED, CONTINGENT OR FIXED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS OR THE ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) FOR ANY ACT, OMISSION OR OTHER OCCURRENCE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND/OR ANY AFFILIATE OF THE DEBTORS (INCLUDING, IN EITHER CASE, THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), THE ESTATES, IN-OR OUT-OF-COURT RESTRUCTURING EFFORTS OF THE DEBTORS OR ANY AFFILIATE THEREOF, INTERCOMPANY TRANSACTIONS, THE CHAPTER 11 CASES, THE DIP FACILITY, THE SALE TRANSACTIONS, THE NEGOTIATION AND FILING OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE PURSUIT OF CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, THE CONSUMMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR THE ADMINISTRATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND THE NEGOTIATION, FORMULATION, OR PREPARATION OF ANY OF THE FOREGOING, OR ANY OTHER ACT OR OMISSION, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 10.7 DO NOT RELEASE: (A) THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO THE TREATMENT PROVIDED FOR SUCH ALLOWED CLAIM IN THIS PLAN; (B) ANY CLAIMS AND LIENS OF THE DIP LENDER OR THE PREPETITION SECURED LENDER; OR (C) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION**

**ORDER, ANY SALE TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN.**

"Related Parties" mean, collectively, with respect to any Person or Entity, such Person's or Entity's current or former affiliates, directors, managers, officers, members, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, directors, managers, owners, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, investment bankers, consultants, representatives, each in their respective capacities as such. "Related Parties" means the collective plural of Related Party.

"Release by Debtors" means the release given by the Debtors, their Estates, the Wind-Down Debtors, and the GUC Liquidating Trust to the Released Parties as set forth in Article 10.6 of the Plan.

"Released Parties" means, collectively, and in each case in its capacity as such: (a) the Debtors and their Estates; (b) the current and former employees, D&Os, agents, representatives, advisors, attorneys, investment bankers, and financial advisors of the Debtors; (c) the Wind-Down Debtors; (d) the Wind-Down Trustee; (e) the DIP Lender; (f) the Prepetition Secured Lender; (g) the Nirma Released Parties; (h) the GUC Liquidating Trust and the GUC Liquidating Trustee; (i) the Committee and each of the members of the Committee in its respective capacity as a member of the Committee; (j) all Professionals retained by the Committee and any of its members in the Chapter 11 Cases; and (k) each Related Party of each Entity in clauses (a) through (j).

"Releasing Parties" means, collectively, and in each case in its capacity as such: (a) Holders of Claims; (b) the Committee and the members of the Committee in their capacity as members of the Committee; and (c) each Related Party of each Entity in clauses (a) through (c) for which such Entity is legally entitled to bind such Related Party to the releases contained herein; provided, that the following shall not be a Releasing Party: (i) any Holder of a Claim or Interest in a Class that is deemed to reject this Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code and that is not entitled to vote to accept or reject this Combined Disclosure Statement and Plan; (ii) any Holder of a Claim that validly makes an Opt-Out Election; (iii) any Holder of a Claim that timely objects to such releases and does not withdraw such objection before Confirmation; (iv) any Holder of a Claim that timely votes to reject the Combined Disclosure Statement and Plan; (v) the DIP Lender; or (vi) the

| |
|---|
| Prepetition Secured Lender. |

**The Opt-Out Form is only for the releases set forth in Section 10.7 of the Plan. All other releases, injunctions, and exculpations will be binding on all Persons and entities as set forth in the Plan.** You are not entitled to opt out of the releases, exculpation, or injunctions set forth in other provisions of the Plan.

**You are under no obligation to opt out of the Third Party Release.**

- **You may or may not have valid legal claims against any of the Released Parties.**
- **Your ability to opt out of the Third Party Release is separate from and does not affect whether or how you vote on the Plan.**
- **If you do not opt out of the Third Party Release, then the Third Party Release will be binding on you regardless of whether or how you vote on the Plan.**

*[Remainder of Page Intentionally Left Blank]*

If you wish to opt out of the Third Party Release, please complete the following information:

☐ I hereby ELECT TO OPT OUT of the release provision contained in Section 10.7 of the Plan.

| | |
|---|---|
| ______________________________<br>Name of Creditor | ______________________<br>Email Address |
| ______________________________<br>Signature | ______________________<br>Date Completed |
| ______________________________<br>If by Authorized Agent, Name and Title | ______________________<br>Street Address |
| | ______________________<br>Telephone Number |

**PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY VIA FIRST-CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Searles Valley Minerals Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**Opt-Out Forms must be received by the Voting Agent by 4:00 p.m., prevailing Eastern Time, on November 16, 2026 (the "Voting Deadline").** If an Opt-Out Form is received after the Voting Deadline, it will not be counted unless the Voting Deadline is extended by the Debtors in their discretion subject to disclosure thereof in the Voting Report. An envelope addressed to the Voting Agent is enclosed for your convenience.

***Opt-Out Forms submitted by facsimile or email will not be accepted***.

*[Remainder of Page Intentionally Left Blank]*