**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SEARLES VALLEY MINERALS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10966 (BLS)<br><br>Jointly Administered<br><br>**Objection Deadline: November 9, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date November 23, 2026 at 10:30 a.m. (ET)** |

**REQUEST OF SSA CONVENTIONAL, INC. FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES**

SSA Conventional, Inc. ("SSA"), a creditor and contract counter-party in the above-captioned case, hereby requests allowance and payment of an administrative expense in the amount of $9,577.92 pursuant to sections 503(a) and (b) of the Bankruptcy Code (the "Administrative Request"), for post-petition services rendered by SSA to Searles Valley Minerals, Inc. (the "Debtor").

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 15, 2026 (the "Petition Date").

2. SSA and North American Terminals, Inc. ("NATI") are parties to that certain Stevedoring Agreement Effective as of February 24, 1998, as subsequently amended (collectively, the "Agreement"), pursuant to which SSA provides services in connection with the San Diego Bulk Terminal.

3. The Agreement provides for terminal operations, maintenance, ship-loading, and related services. The Third Amendment identifies NATI as operator of the San Diego Bulk Terminal on behalf of the Debtor and provides for, among other things, SSA's expanded role in day-to-day management of the facility and the sharing of certain overhead and office-space costs.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

4. Following the Petition Date, SSA continued to provide these services for the benefit of the Debtor and its estate pursuant to the Agreement. Amounts owing to SSA for such postpetition rent and services total $9,577.92 (the "Administrative Claim").

5. On September 21, 2026, the Court entered its *Order: (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code; (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units; (III) Setting Bar Dates for the Filing of Requests for Allowance of Administrative Expense Claims; (IV) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date; (V) Approving the Form of and Manner for Filing Proofs of Claim; (VI) Approving a Notice of Bar Dates; and (VII) Granting Related Relief* [Dkt. No. 398] (the "Bar Date Order"). The Bar Date Order requires parties asserting administrative claims arising or deemed to have arisen on or before September 1, 2026, subject to the exceptions therein, to file a request for payment with the Court no later than thirty days after the entry of the Bar Date Order. SSA submits this request in accordance with the Bar Date Order.

6. Section 503(b)(1)(A) of the Bankruptcy Code provides administrative priority for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

7. The Administrative Claim constitutes an actual and necessary cost and expense of preserving the Debtor's estates because the underlying rent and services were incurred postpetition in connection with the maintenance and operation of the San Diego Bulk Terminal and related facilities for the benefit of the Debtor and its estate. The Administrative Claim is therefore entitled to allowance under section 503(b)(1)(A) of the Bankruptcy Code.

8. Accordingly, SSA respectfully requests that the Court allow the Administrative Claim in the amount of $9,577.92 and direct the Debtors to pay the Administrative Claim.

9. SSA also filed a general unsecured claim and rejection damages claim. In doing so, SSA is not seeking a duplicative recovery. SSA believes the services are entitled to administrative treatment. However, to the extent any portion of the sum owing is not allowed as an administrative expense, SSA seeks to ensure that such amounts are allowed, alternatively, as a general unsecured claim.

**WHEREFORE**, SSA respectfully requests allowance and payment of an administrative expense to SSA in an amount of not less than $9,577.92 and reserves its rights to supplement this Administrative Request if additional unpaid administrative amounts accrue.

Dated: October 21, 2026

**BAYARD, P.A.**

/s/ Ericka F. Johnson
Ericka F. Johnson, Esq. (No. 5024)
Ashly L. Riches, Esq. (No. 7256)
600 N. King Street, Suite 400
Wilmington, DE 19899
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com
ariches@bayardlaw.com

and

Joseph A.G. Sakay, Esq.
Dakota Pearce, Esq.
**BUCHALTER LLP**
600 University Street, Suite 3100
Seattle, WA 98101
Telephone: (206) 319-7052
Email: jsakay@buchalter.com
dpearce@buchalter.com

*Counsel for SSA Conventional, Inc.*