**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 (BLS) |
| Debtors. | ) | (Jointly Administered) |

**Hearing Date: November 18, 2026 at 2:00 p.m. (ET)**
**Objection Deadline: October 15, 2026 at 4:00 p.m. (ET)**

**DECLARATION OF PHILIP J. GUND IN SUPPORT OF DEBTORS' REPLY TO OBJECTION OF PROGRESS RAIL LEASING CORPORATION TO OMNIBUS MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED RAILCAR LEASES NUNC PRO TUNC TO THE REJECTION DATE AND (B) ABANDON CERTAIN PROPERTY AND (II) GRANTING RELATED RELIEF**

I, Philip J. Gund, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief, declare as follows:

1. I am a Senior Managing Director at Ankura Consulting Group, LLC ("**Ankura**") which is serving as the financial advisor to the Debtors. I submit this declaration (this "**Declaration**") in support of the *Omnibus* Motion *of Debtors for Entry of an Order (I) Authorizing the Debtors to (A) Reject Certain Unexpired Railcar Leases Nunc Pro Tunc to the Rejection Date and (B) Abandon Certain Property and (II) Granting Related Relief* [Docket No. 449] (the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Minerals Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

"**Motion**")[2] and in response to the *Objection of Progress Rail Leasing Corporation* [Docket No. 489] (the "**Objection**") filed by Progress Rail Leasing Corporation ("**Progress**").

2. I have 43 years of professional experience, including 37 years working with troubled companies and their creditors, investors, and court-appointed officials, and I have earned a national reputation as a restructuring expert and crisis manager, forging consensual agreement among diverse parties across a broad range of industries. I hold a BBA from Pace University and am a certified public accountant and certified insolvency and restructuring advisor.

3. I am familiar with the Debtors' day-to-day operations, business affairs, and books and records. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto. Except as otherwise stated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with employees of the Debtors or the Debtors' professional advisors, my review of relevant documents, or my opinion, based on my experience and knowledge of the Debtors' operations. In making this Declaration, I have relied in part on information and materials that the Debtors' personnel and advisors have gathered, prepared, verified, and provided to me for my use in preparing this Declaration.

4. The Railcars were used by the Debtors in connection with their soda ash business and carried soda ash (sodium carbonate), a non-hazardous industrial mineral. Any Remaining Property with respect to the Railcars consists of items such as loading and unloading hardware, monitoring devices, and safety liners. I do not believe that there is any hazardous material being abandoned in connection with the Railcars.

---

[2] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Motion.

5. As the Debtors were exiting the soda ash business, the Debtors knew and communicated to Progress following the approval of the soda ash contract sale by the court on August 28, 2026 that the Debtors would have no use for the Railcars after the closing of the Soda Ash Sale. The Debtors have not used the Railcars since the closing of the Soda Ash Sale.

6. The Debtors arranged for a meeting among the Debtors, Progress and TATA in early September to discuss with TATA and Progress the possibility of TATA re-leasing all of the Railcars. It is my understanding that Progress and TATA have entered into a new lease for the Railcars. The Debtors were not involved directly in these negotiations, but have provided information regarding the status and location of the Railcars to both Progress and TATA.

7. TATA has indicated to the Debtors that they are paying for the relocation of certain of the Railcars in California to their operations in the Green River Basin. TATA informed the Debtors that they had arranged for a favorable rate from the Union Pacific for the transfer and requested that TRC provide a discounted switching rate to facilitate the transfer, which discount was agreed to by TRC based on the Debtors understanding that TATA would be paying for the movement of the Railcars and that no one would assert such costs against the Debtors. TATA and Progress, with assistance from the Debtors, have been in communication regarding the coordination of the movement of the Railcars to locations requested by TATA.

8. I believe that the location of each of the Railcars has been communicated to Progress. Moreover, I believe that Progress has independent access to information on the location of every Railcar through computer tracking programs that enable it to track the location of every one of its Railcars.

I, Philip J. Gund, pursuant to section 1746 of title 28 of the United States code hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 10, 2026

*/s/ Philip J. Gund*
Philip J. Gund
Senior Managing Director
Ankura Consulting Group, LLC